Marc E. Albert, No. 345181
Tracey M. Ohm, No. 982727
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 728-3020
Fax (202) 572-9943
marc.albert@stinson.com
tracey.ohm@stinson.com

and

Bethany R. Benes (Va. Bar No. 85408; DC Bar No. 1686123)
*Admitted Pro Hac Vice*
BETHUNE BENES, PLLC
3975 Fair Ridge Drive
South Terrace Suite 25C
Fairfax, Virginia 22033
Tel.: (703) 260-9322
bbenes@bethunebenes.com

*Counsel for Karl Garcia*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| 819D LLC, | ) | Case No. 22-00101-ELG |
| | ) | |
| Debtor. | ) | |

**DECLARATION OF KARL GARCIA IN SUPPRORT OF
MOTION OF KARL GARCIA TO DISMISS CHAPTER 7 CASE**

Creditor Karl Garcia declares as follows in support of the Motion of Karl Garcia to Dismiss Chapter 7 Case:

1. My name is Karl Garcia. I am over the age of 18 and competent to attest to the contents of this Declaration.

2. I have reviewed the Motion of Karl Garcia to Dismiss Chapter 7 Case filed with this Court and confirm that the factual allegations contained therein are true and correct to the best of my personal knowledge, information, and belief.

3. The Exhibits attached to the Motion of Karl Garcia to Dismiss Chapter 7 Case filed with this Court are true and accurate copies to the best of my personal knowledge, information, and belief.

4. 819D LLC ("**819D**") was the developer and owner of a building known as "The Sanctuary", with an address of 819 D Street NE, Washington, DC (the "**Property**").

5. In or around April 2017, I purchased Unit 34 within the Property from 819D. As an owner of a unit within the Property, I am also a member of homeowners' association known as The Sanctuary Condominium Unit Owners Association (the "**Association**") and have certain rights with regards to the Property's Common Area Elements, as defined by the Association's governing documents.

6. While the legal title of Unit 34 transferred from 819D to me, 819D's officers Andrew Rubin ("**A. Rubin**") and Michelle Tygier ("**Ms. Tygier**") and related entity The Rubin Group, LLC ("**The Rubin Group**") were intricately involved during the purchase process between 819D and me.

7. Unbeknownst to me at the time, A. Rubin, Tygier, 819D, and The Rubin Group were aware that the Property suffered from serious defects prior to the transfer of Unit 34 to me.

8. After moving into Unit 34, I uncovered multiple defects within Unit 34 and the Property through professional inspections and analysis, including but not limited to extremely high humidity and moisture levels (80-90% moisture inside the unit); a large, gaping hole in Unit 34's HVAC closet exposing the Unit to the outside elements; missing mortar on the façade's

exterior; missing portions of the Property's brick chimney stack; a pigeon infestation in the Property's attic including evidence of feces built up over many years, causing significant health risks to the residents and guests of the Property; and a significant and reoccurring water leak in the Property's bell tower, resulting in downpours of water infiltrating Unit 34.

9. The Association and I provided notice of the defects to 819D and its principals with the expectation that the issues would be resolved. Despite these efforts, the defects remained.

10. On or about December 11, 2018, I filed a formal structural defect warranty claim relating to Unit 34 with the Department of Housing and Community Development in the District of Columbia.

11. I subsequently filed an action in the Superior Court of the District of Columbia asserting claims against 819D d/b/a The Rubin Group and other parties, including the Association and the realtor Long & Foster d/b/a Urban Pace, in an action titled *Karl Garcia v. 819D LLC*, et al., Case No. 2020 CA 002540 B (the "**Garcia Property Action**") on or about May 18, 2020. The Garcia Property Action includes claims for breach of warranty, fraud, violations of the DC Consumer Protection Act, and rescission and seeks damages totaling no less than Four -Million, Five Hundred and Seventy-Five Thousand Dollars ($4,575,000.00), plus interest, punitive damages, and attorneys' fees.

12. On October 30, 2020, I filed a complaint in the Fairfax County Circuit Court (the "**Fairfax Court**") relating to the improper conveyances made by Ms. Tygier, R. Rubin, A. Rubin, and the eleven entities they own, operate, and/or control including 819D (the "**Rubin Defendants**") to siphon away what was believed at that time to total approximately half of a

3

million dollars, initiating an action titled *Karl Garcia v. The Rubin Group, et al.*, Case No. CL-2020-17040 (the "**Improper Transfers Action**").

13. During the course of discovery, I learned of additional transfers made by the Rubin Defendants, as well as additional grantees involved in the transfers. As a result, with leave of Court, I amended my claims on February 26, 2021, November 18, 2021, and March 23, 2022. My current pleading, the Third Amended Complaint, asserts improper transfers between the Rubin Defendants and six additional Defendants totaling more than $6 million.

14. While the Improper Transfers Action proceeded in the Fairfax Court for over a year and a half, the Rubin Defendants forced an endless need for motions practice, including no less than 54 motions filed in the Court as a result of their gamesmanship. Out of the 35 motions determined by the Court, all motions were granted in my favor, including the dismissal by the Virginia Supreme Court of the Rubin Defendants' interlocutory appeal. The litigation was not limited to heavy motions practice; the litigation involved extensive discovery including subpoenas to 17 different third-parties, more than 519,000 pages of documents produced, and numerous depositions, including 819D's deposition scheduled to begin on June 20, 2022.

15. Throughout the course of the litigation in the Improper Transfers Action, the Rubin Defendants continuously violated the Rules of the Virginia Supreme Court, forcing me to file multiple motions to compel each step of the way to obtain discoverable materials for which I was entitled. For example, although a file purportedly containing books and records was eventually produced, I was never provided with a password to allow access to the Quickbooks file.

16. In addition to compelling the respective Rubin Defendants to comply with discovery, the trial court finally awarded me monetary sanctions against A. Rubin (including a

4

finding by the Court that A. Rubin has "stonewalled" discovery, and against 819D in the amount of $9,532.50.

17. On June 17, 2022, the Fairfax Court also granted in part a Motion for Sanctions against 11 of the Rubin Defendants, compelling each to provide full and complete responses to discovery responses pursuant to two prior Court Orders by Friday, June 24, 2022 or face further sanctions.

18. In response to notice of the 819D bankruptcy filing, the Fairfax County Circuit Court took the position that the Improper Transfers Action was stayed with regards to 819D only and was set to proceed against all non-debtor defendants. The Debtor then removed the entire Improper Transfers Action to the Bankruptcy Court.

I hereby declare under penalty of perjury on this 15th day of August, 2023, that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
Karl Garcia