# EXHIBIT H

```
                    UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF COLUMBIA

  In Re:                          .  Case No. 22-00101
                                  .  Chapter 7
  819D LLC,                       .
                                  .  Washington, D.C.
           Debtor.                .  May 10, 2023
  . . . . . . . . . . . . . . .   .
  KARL GARCIA,                    .  Adv. Proc. 22-10009-elg
                                  .
           Plaintiff,              .
                                  .
  -against-                       .
                                  .
  RUBIN GROUP LLC, ET AL.,        .
                                  .
           Defendants.            .
  **************************      .

     (1) MOTION FOR PARTIAL SUMMARY JUDGMENT FILED BY ANDREW RUBIN
                       AND CANAL VIEW HOLDINGS LLC
     (2)  MOTION TO STAY ADVERSARY PROCEEDING OR CONFIRM AUTOMATIC
                      STAY APPLIES FILED BY BRYAN ROSS
                  BEFORE HONORABLE ELIZABETH L. GUNN
                     UNITED STATES BANKRUPTCY JUDGE

  APPEARANCES:   (All appearing via Zoom)

  For the Plaintiff:        Stinson LLP
                            By: TRACEY MICHELLE OHM, ESQ.
                                MARC E. ALBERT, ESQ.
                            1775 Pennsylvania Avenue NW
                            Suite 800
                            Washington, District Of Columbia
                            20006

  For Bryan S. Ross,        McNamee Hosea, P.A.
  Chapter 7 Trustee:        By: JUSTIN P. FASANO, ESQ.
                            6404 Ivy Lane
                            Suite 820
                            Greenbelt, Maryland 20770

  For Andrew Rubin and      The VerStandig Law Firm, LLC
  Canal View Holdings LLC:  By: MAURICE  "MAC" VERSTANDIG , ESQ.
                            1452 W. Horizon Ridge Parkway
                            Suite 665
                            Henderson, Nevada 89012
```



|   |   |
|---|---|
| For Gregory Auger, II and Gregory Auger, III: | Odin, Feldman & Pittleman, P.C. By: ALEXANDER MCDONALD LAUGHLIN, ESQ. 1775 Wiehle Avenue Suite 400 Reston, Virginia 20190 |
| For Michelle Tygier, Robert Rubin, The Rubin Group LLC, TR Holdings LLC, 2233-40th Partners LLC, South Glebe LLC, 638 Newton Partners LLC, and K Street Holdings LLC: | Rogan Miller Zimmerman, PLLC By: CHRISTOPHER L. ROGAN, ESQ. 50 Catoctin Circle Suite 300 Leesburg, Virginia 20176 |
|  | Samek, Werther & Mills, LLC By: LAURIN H. MILLS, ESQ. 2000 Tower Oaks Boulevard Rockville, Maryland 20852 |

Proceedings recorded by electronic sound recording.
Transcript produced by transcription service.



Colloquy

1 this bankruptcy case, which is a different procedural setup
2 than a new case.
3     MR. FASANO:  So then what that essentially says is
4 that removal is a substitute for obtaining relief from the
5 stay, that removal will get any sort of creditor around having
6 to prove lack of adequate protection under 362(d)(1), or it
7 gets them around having to prove cause under -- just remove it
8 to this Court, and we'll go forward with it.  I mean, let's
9 look at the big picture here.  This is what I would call a
10 catch and kill bankruptcy.
11     THE COURT:  I'm sorry.
12     MR. FASANO:  They had a fraudulent conveyance --
13     THE COURT:  I just didn't hear what you said.  It's
14 what you call a what?
15     MR. FASANO:  A catch and kill -- catch and kill.  They
16 have a fraudulent conveyance action that was brought by a
17 creditor, right?  And they bring it into this Court by removal.
18 The trustee has no funding to pursue it, because the Debtor has
19 no assets, hasn't done business in five years, right?  So how
20 are we going to pursue -- how are we going to hire experts to
21 pursue this cause of action?  And they want us to kill it.
22 They want us to settle it on the cheap, right?
23     And I don't think it's appropriate to be part of that
24 process.  I don't think that they should get to remove it to
25 this Court, substitute in a new Plaintiff who they purposely

Colloquy

1  underfunded.  There's nothing here to give us -- that we

2  would -- if we were to pursue this cause of action, we would

3  have to hire expert witnesses to prove not only insolvency,

4  perhaps, but we would also have to prove Karl Garcia's

5  underlying claim, right?

6              We would have to prove -- because in order to prove

7  that -- this fraudulent conveyance is over five years old.

8  It's more than five years.  So me and Bryan, right, we have to

9  prove not only all the things that have to be proved for a

10  normal 548 fraudulent conveyance action, we have to prove that

11  Karl Garcia was sold a deficient condo.  Okay.  We have to

12  prove that Karl Garcia provided the appropriate notice so that

13  they were on board.  We have to prove Karl Garcia's attorney's

14  fees pre-petition, right?  This is all stuff that the trustee

15  is not in the best position to pursue.

16              THE COURT:  Well, I mean --

17              MR. FASANO:  This is something --

18              THE COURT:  -- we'll look at a sale motion when we get

19  there, Mr. Fasano.  But none of that still goes to the point as

20  to whether the automatic stay applies to an adversary

21  proceeding pending in my court.

22              MR. FASANO:  And I would assert that it does, and I

23  believe the advisory committee notes in 9027 assert that it

24  does.  I would assert that the case law in the District of

25  Columbia asserts that it does.  I mean, that's a federal



Colloquy

1     But this is the one where they're trying -- where the
2  kill portion of the catch and kill is trying to be pursued.
3  And they're saying, oh, now it's not stayed.  And it's not
4  every defendant, right?  It's just two of the defendants are
5  moving for summary judgment.  The rest of them have sort of
6  been assuming -- or at least not taking the risk that the stay
7  applies.  And Karl Garcia has been not taking the risk that the
8  stay applies, right?

9     So I think, if we're truly going to honor this rule of
10 law that trustee gets first crack, the trustee should have
11 first crack.  This case should be deemed stayed.  We should
12 have the choice to try to sell it.  And we should have the
13 choice to pursue it if we want as a separate adversary
14 proceeding.

15    Or, in the least clean option, I guess we could move
16 to intervene in this case, be subject to all the prior rulings
17 that Mr. Garcia was subject to, and that all the Defendants
18 were subject to, but that doesn't seem like the cleanest way to
19 pursue this cause of action.  The cleanest way would be --
20         THE COURT:  Well, nothing's clean about this kind of
21 action, Mr. Fasano.  That's the one thing I've figured out
22 about this case.
23         MR. FASANO:  Correct, Your Honor.  It's incredibly
24 complex.  And Mr. Garcia has all of the facts that are
25 necessary to pursue it.  He's got the funding.  They don't want

Colloquy

1   to deal with the well-funded Plaintiff; they want to deal with
2   poor Bryan and me stuck in the middle of this.  And that's, in
3   my opinion, inappropriate.
4         THE COURT:  All right.  Thank you.
5         I think Ms. Ohm's argument is -- she's filed a joinder
6   to your motion, so I'm going to have Ms. Ohm go next, if that's
7   agreeable, or whomever is arguing on behalf of Mr. Garcia.  And
8   then we'll take up the oppositions thereafter.
9         MS. OHM:  Thank you, Your Honor.  We would argue in
10  favor of a stay in this case because, as the discussions this
11  morning have shown, allowing motions for summary judgment to go
12  forward put Mr. Garcia in the position that he can't prosecute
13  the case because the trustee gets first crack at these actions
14  and hasn't abandoned them.  But if he doesn't defend against
15  the motions for summary judgment, then the estate is harmed by
16  that.
17        So the Defendants then could all pile on and file
18  motion after a motion seeking to dispose of this action.  Mr.
19  Garcia would be forced to either abandon the litigation
20  entirely, or defend against all of those actions, even though
21  he's been told he doesn't have the standing to pursue them.
22        THE COURT:  But isn't that exactly what he's trying to
23  agree to do in three weeks or so?
24        MS. OHM:  No, because at that point, the trustee will
25  have turned over its interest in favor of Mr. Garcia pursuing