VIRGINIA

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

FILED
CIVIL PROCESSING

2022 MAR 23 ⊃ 1: 30

JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

| | |
|---|---|
| **KARL GARCIA**<br>c/o Bethune Benes, PLLC<br>4290 Chain Bridge Road, Suite 302<br>Fairfax, Virginia 22030<br><br>    *Plaintiff,*<br><br>    v.<br><br>**THE RUBIN GROUP LLC**<br>c/o Laurin Mills, Esq.<br>*Counsel*<br><br>*and*<br><br>**819D LLC**<br>c/o Mark Crawford, Esq.<br>*Counsel*<br><br>*and*<br><br>**819 Capital LLC**<br>c/o Laurin Mills, Esq.<br>*Counsel*<br><br>*and*<br><br>**K STREET HOLDINGS LLC**<br>c/o Laurin Mills, Esq.<br>*Counsel*<br><br>*and*<br><br>**TR HOLDINGS LLC**<br>c/o Laurin Mills, Esq.<br>*Counsel*<br><br>*and*<br><br>**2233-40th PARTNERS LLC**<br>c/o Laurin Mills, Esq.<br>*Counsel* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br><br><br>Case No. CL-2020-17040 |

1

*and*                                            )
                                                 )
**SOUTH GLEBE LLC**                              )
c/o Laurin Mills, Esq.                           )
*Counsel*                                        )
                                                 )
*and*                                            )
                                                 )
**WOODMORE PARTNERS LLC**                        )
**a/k/a WOODMORE LLC**                           )
c/o Laurin Mills, Esq.                           )
*Counsel*                                        )
                                                 )
*and*                                            )
                                                 )
**TRG DEVELOPMENT LLC**                          )
c/o Laurin Mills, Esq.                           )
*Counsel*                                        )
                                                 )
*and*                                            )
                                                 )
**638 NEWTON PARTNERS LLC**                      )
c/o Laurin Mills, Esq.                           )
*Counsel*                                        )
                                                 )
*and*                                            )
                                                 )
**ANDREW RUBIN**                                 )
c/o Christopher Glaser, Esq.                     )
*Counsel*                                        )
                                                 )
*and*                                            )
                                                 )
**MICHELLE A. TYGIER**                           )
c/o Laurin Mills, Esq.                           )
*Counsel*                                        )
                                                 )
and                                              )
                                                 )
**ROBERT RUBIN**                                 )
c/o Laurin Mills, Esq.                           )
*Counsel*                                        )
                                                 )
*and*                                            )
                                                 )

CANAL VIEW HOLDINGS LLC )
Serve: Corporation Service Company, )
Registered Agent )
1090 Vermont Ave., NW )
Washington, DC 20005 )
)
*and* )
)
GREGORY AUGER II )
c/o Alex Laughlin, Esq. )
*Counsel* )
)
*and* )
)
GREGORY AUGER III )
c/o Alex Laughlin, Esq. )
*Counsel* )
)
*and* )
)
CHRISTOS ECONOMAKIS )
5058 Joewood Drive )
Sanibel, FL 33957 )
)
*and* )
)
LILIANA ECONOMAKIS )
5058 Joewood Drive )
Sanibel, FL 33957 )
)
*and* )
)
THOMAS D. MADISON )
c/o Douglas McKinley, Esq. )
*Counsel* )
)
*and* )
)
JEFFREY HOULE )
c/o John Keith, Esq. )
*Counsel* )
)
          *Defendants.* )

## THIRD AMENDED COMPLAINT

COMES NOW, Karl Garcia, by counsel, and hereby files this Amended Complaint against

Defendants The Rubin Group, LLC ("**The Rubin Group**"), 819D LLC ("**819D**"), 819 Capital

3

LLC ("**819 Capital**"), K Street Holdings LLC ("**K Street**"), TR Holdings LLC ("**TR Holdings**"), 2233-40th Partners LLC ("**2233**"), South Glebe LLC ("**South Glebe**"), Woodmore Partners LLC a/k/a Woodmore LLC ("**Woodmore**"), TRG Development LLC ("**TRG Development**"), 638 Newton Partners LLC ("**638 Newton**"), Canal View Holdings LLC ("**Canal View**"), Andrew Rubin ("**A. Rubin**") Michelle A. Tygier ("**Tygier**"), Robert Rubin ("**R. Rubin**"), Gregory Auger II ("**Auger II**"), Gregory Auger III ("**Auger III**"), Christos Economakis ("**Christos**"), Liliana Economakis ("**Liliana**" ), Thomas D. Madison ("**Madison**"), and Jeffrey Houle ("**Houle**") (each a "**Defendant**" and collectively, the "**Defendants**") relating to the Defendants' fraudulent scheme to convey assets to keep them out of the purvey of Mr. Garcia's right to collection in satisfy a judgment. In support thereof, Mr. Garcia states as follows:

## PARTIES

1. Karl Garcia ("**Mr. Garcia**") is a resident of the State of Florida and the purchaser of the real property located at 819 D Street, Northeast, Unit 34, Washington, DC 20002 (the "**Unit**").

2. The Rubin Group is a limited liability company registered with the Commonwealth of Virginia and is managed by. Tygier and A. Rubin. As will be further discussed below, The Rubin Group is the alter ego or business conduit of A. Rubin and Tygier and their various entities, including 819D and 819 Capital, conducting business under its name. As will be further discussed below, The Rubin Group has caused tortious injury in this Commonwealth through its participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

3. 819D is a limited liability company registered in the District of Columbia. 819D is managed by TRG Development, through its managing member The Rubin Group. 819D regularly conducts business in the Commonwealth of Virginia through its business transactions with The Rubin Group. As will be further discussed below, 819D has caused tortious injury in this Commonwealth through its participation in fraudulent and/or voluntary conveyances of assets for

4

which Mr. Garcia is entitled to as a result of his status as a creditor. As will be discussed in further detail below, 819D is the alter ego or business conduit of The Rubin Group and 819 Capital.

4. 819 Capital is a limited liability company registered in the District of Columbia and is managed by The Rubin Group. 819 Capital is the alter ego and business conduit of 819D and regularly conducts business in the Commonwealth of Virginia through its business transactions with The Rubin Group. As will be further discussed below, 819 Capital has caused tortious injury in this Commonwealth through its participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor. As will be discussed in further detail below, 819 Capital is the alter ego or business conduit of The Rubin Group and 819D.

5. K Street is a limited liability company registered in the District of Columbia and is managed by Tygier and A. Rubin. The Rubin Group owns 100% of Class B and 91% of the intra-class interests in K Street. K Street regularly conducts business in the Commonwealth of Virginia through its business transactions with The Rubin Group. As will be further discussed below, K Street has caused tortious injury in this Commonwealth through its participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

6. TR Holdings is a limited liability company registered in the District of Columbia and is managed by Tygier. TR Holdings regularly conducts business in the Commonwealth of Virginia through its business transactions with The Rubin Group. As will be further discussed below, TR Holdings has caused tortious injury in this Commonwealth through its participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor. As will be discussed in further detail below, TR Holdings is the alter ego or business conduit of Tygier and R. Rubin.

7. 2233 is a limited liability company registered in the District of Columbia and is managed by The Rubin Group. 2233 regularly conducts business in the Commonwealth of Virginia through its business transactions with The Rubin Group. As will be further discussed below, 2233 has caused tortious injury in this Commonwealth through its participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

8. South Glebe is a limited liability company registered with the Commonwealth of Virginia and is managed by The Rubin Group. South Glebe regularly conducts business in the Commonwealth of Virginia through its business transactions with The Rubin Group. As will be further discussed below, South Glebe has caused tortious injury in this Commonwealth through its participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

9. Woodmore is a limited liability company registered in the District of Columbia and is managed by The Rubin Group. Woodmore regularly conducts business in the Commonwealth of Virginia through its business transactions with The Rubin Group. As will be further discussed below, Woodmore has caused tortious injury in this Commonwealth through its participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

10. TRG Development is a limited liability company registered in the District of Columbia and is managed by The Rubin Group. TRG Development regularly conducts business in the Commonwealth of Virginia through its business transactions with The Rubin Group. As will be further discussed below, TRG Development has caused tortious injury in this Commonwealth through its participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor. As will be discussed in further detail below, TRG Development is the alter ego or business conduit of The Rubin Group.

11. 638 Newton is a limited liability company registered in the District of Columbia and is managed by Tygier and A. Rubin, with R. Rubin having certain decision-making rights. 638 Newton regularly conducts business in the Commonwealth of Virginia through its business transactions with The Rubin Group and A. Rubin. As will be further discussed below, 638 Newton has caused tortious injury in this Commonwealth through its participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

12. A. Rubin is the son of Defendants Tygier and R. Rubin and is a resident of the state of Maryland, residing at 1423 Sharps Point Road, Annapolis, Maryland 21409. A. Rubin is an officer and/or Member of each Canal View, The Rubin Group, 819D, K Street, 2230, 638 Newton, South Glebe, Woodmore, and TRG Development. A. Rubin regularly conducts business in the Commonwealth of Virginia through his business transactions with The Rubin Group. As will be further discussed below, A. Rubin has caused tortious injury in this Commonwealth through his participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

13. Tygier is the mother of Defendant A. Rubin and the wife of Defendant R. Rubin. Tygier is a resident of the District of Columbia, residing at 3704 Military Road Northwest, Washington, DC 20015. Tygier is an officer and/or Member of each The Rubin Group, 819D, K Street, TR Holdings, 2230, South Glebe, Woodmore, 638 Newton, and TRG Development. Tygier regularly conducts business in the Commonwealth of Virginia through her business transactions with The Rubin Group. As will be further discussed below, Tygier has caused tortious injury in this Commonwealth through her participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

14. R. Rubin is the father of Defendant A. Rubin and the husband of Defendant Tygier. R. Rubin is a resident of the District of Columbia, residing at 3704 Military Road Northwest,

Washington, DC 20015. R. Rubin is an officer and/or Member of Defendant TR Holdings. R. Rubin regularly conducts business in the Commonwealth of Virginia through his business transactions with The Rubin Group and TR Holdings. As will be further discussed below, R. Rubin has caused tortious injury in this Commonwealth through his participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

15. Canal View is a limited liability company registered in the District of Columbia. Canal View regularly conducts business in the Commonwealth of Virginia through its business transactions with The Rubin Group. As will be further discussed below, Canal View has caused tortious injury in this Commonwealth through its participation in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor. As will be discussed in further detail below, Canal View is the alter ego or business conduit of A. Rubin.

16. Tygier, R. Rubin, and A. Rubin own and operate Defendants The Rubin Group, 819D, 819 Capital LLC, K Street, TR Holdings, 2233, South Glebe, Woodmore, TRG Development, 638 Newton, and Canal View (collectively referred to as the "**Entity Defendants**"), maintaining complete domination and unity of ownership. While Operating Agreements were entered into for each of the Entity Defendants, the corporate formalities and requirements set forth in the Operating Agreements were disregarded. The Entity Defendants have been and continue to be operated as and advertised by each Tygier, R. Rubin, and A. Rubin as the single entity of "The Rubin Group". The operations and funds of each Entity Defendant have been co-mingled, including use of funds to pay for expenses of a separate Entity Defendant, including payroll and development costs. The Entity Defendants utilize the residential addresses of Tygier and R. Rubin or A. Rubin as the business address of each entity and all share the same equipment to conduct

8

business.  Additionally, the Entity Defendants operate using the same phone numbers, computers, email addresses, and websites as those maintained by The Rubin Group.

17. Tygier, R. Rubin, and A. Rubin, as controlling members and/or managers, have siphoned away funds of the Entity Defendants.  Tygier, A. Rubin, and R. Rubin generally treat the assets and funds of the Entity Defendants as their personal piggy banks, including regularly transferring funds from bank accounts held in the name of an Entity Defendant to personal accounts to cover overdraft of such personal account as well as pay for personal expenses not related to the Entity Defendant.  As admitted in the Complaint filed by A. Rubin on behalf of Canal View against TR Holdings and The Rubin Group in this Court as Case No. CL-19-9270, "Tygier and [R. Rubin] misappropriated funds belonging to [The Rubin Group] for their own benefit including, by way of example, to satisfy their personal car payments and repairs to their personal home."

18. Auger II is a resident of the District of Columbia, residing at 2320 Wisconsin Ave., NW, Unit 312, Washington, DC 20007.  Auger II is a member of 819D.  Auger II regularly conducts business in the Commonwealth of Virginia through his business transactions with 819D and its alter-ego The Rubin Group, including receiving improperly conveyed funds through Eagle Bank, which operates in Virginia. As will be further discussed below, Auger II has caused tortious injury in this Commonwealth through his participation as a grantee in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

19. Auger III is a resident of the District of Columbia, residing at 2320 Wisconsin Ave., NW, Unit 312, Washington, DC 20007.  Auger II is a member of 819D.  Auger III regularly conducts business in the Commonwealth of Virginia through his business transactions with 819D and its alter-ego The Rubin Group, including receiving improperly conveyed funds through Eagle Bank, which operates in Virginia.  As will be further discussed below, Auger III has caused tortious injury in this Commonwealth through his participation as a grantee in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

9

20. Christos is a resident of the State of Florida and is a member of 819D. Christos regularly conducts business in the Commonwealth of Virginia through his business transactions with 819D and its alter-ego The Rubin Group, including receiving improperly conveyed funds through Eagle Bank, which operates in Virginia. As will be further discussed below, Christos has caused tortious injury in this Commonwealth through his participation as a grantee in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

21. Liliana is a resident of the State of Florida and is a member of 819D. Liliana regularly conducts business in the Commonwealth of Virginia through her business transactions with 819D and its alter-ego The Rubin Group, including receiving improperly conveyed funds through Eagle Bank, which operates in Virginia. As will be further discussed below, Liliana has caused tortious injury in this Commonwealth through her participation as a grantee in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

22. Madison is a resident of the Commonwealth of Virginia and regularly conducts business in the Commonwealth of Virginia through his business transactions with 819D and its alter-egos The Rubin Group and 819 Capital, including receiving improperly conveyed funds through Sandy Spring Bank, which operates in Virginia. As will be further discussed below, Madison has caused tortious injury in this Commonwealth through his participation as a grantee in fraudulent and/or voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

23. Houle is a resident of the Commonwealth of Virginia and regularly conducts business in the Commonwealth of Virginia through his business transactions with 819D and its alter-egos The Rubin Group and 819 Capital, including receiving improperly conveyed funds through Sandy Spring Bank, which operates in Virginia. As will be further discussed below, Houle has caused tortious injury in this Commonwealth through his participation as a grantee in fraudulent and/or

voluntary conveyances of assets for which Mr. Garcia is entitled to as a result of his status as a creditor.

## JURISDICTION

24. This Court has jurisdiction over the claims asserted in this Complaint pursuant to Va. Code § 17.1-513.

25. This Court has personal jurisdiction over each of the Defendants pursuant to Va. Code 8.01-328.1(A), as each Defendant has transacted business in the Commonwealth and has engaged in causing a tortious injury upon Mr. Garcia through various transfers of funds from at least one Virginia entity.

26. Venue is proper in this judicial circuit pursuant to Va. Code § 8.01-261(11). With regards to Defendants The Rubin Group and TRG Development, venue is proper in this judicial circuit pursuant to Va. Code § 8.01-262(2). As to all Defendants, venue is proper in this judicial circuit pursuant to Va. Code §§ 8.01-262(3) and (4).

## FACTUAL ALLEGATIONS

27. In or around April 2017, Mr. Garcia purchased Unit 34, located within the building known as "The Sanctuary", with an address of 819 D Street NE, Washington, DC (the "**Property**") from Defendant 819D for a total purchase price of One Million Five Hundred and Twenty-Five Thousand Dollars ($1,525,000.00). As an owner of a unit within the Property, Mr. Garcia is also a member of homeowners' association known as The Sanctuary Condominium Unit Owners Association (the "**Association**") and has certain rights with regards to the Property's Common Area Elements, as defined by the Association's governing documents.

28. While the legal title of Unit 34 transferred from 819D to Mr. Garcia, A. Rubin, Tygier, and The Rubin Group were intricately involved during the purchase process between 819D and Mr. Garcia. In fact, the Property bears a plaque, believed to have been installed by A. Rubin, Tygier, and The Rubin Group, indicating that the Property was "RESTORED BY: The Rubin Group" in

11

2016. A. Rubin similarly posted a picture on his personal Instagram account showing Tygier, R. Rubin, and A. Rubin sitting in Unit 34 and advertised that the "developer" of the Property was The Rubin Group, including "#therubingroup" in his post.

29. Unbeknownst to Mr. Garcia at the time, A. Rubin, Tygier, 819D, and The Rubin Group were aware that the Property suffered from serious defects prior to the transfer of Unit 34 to Mr. Garcia.

30. On April 22, 2017, a pre-closing inspection was conducted at which a number of defects were identified within Unit 34 ("**Punch List Items**"). The Punch List Items were not limited to necessary cosmetic repairs; the Punch List Items included serious defects within the Unit categorized as "major problem(s)" by a certified inspector, including evidence of window leaks, visible decay, and numerous safety issues resulting from improperly constructed stairs. A. Rubin, Tygier, 819D, and The Rubin Group were notified of the defects listed and promised to make all necessary repairs. As a result of their promises, the purchase of the Unit proceeded to settlement on April 28, 2017.

31. On May 1, 2017, a follow-up inspection was conducted with Tygier and 819D (the "**Pre-Move-In Inspection**"). During the Pre-Move-In Inspection, Tygier and 819D represented that the Punch List items would be resolved prior to Mr. Garcia's move in. Ultimately, however, the Punch List items were not resolved.

32. Upon moving into Unit 34, Mr. Garcia began to personally notice further structural deficiencies and other flaws with Unit 34 and the Property, including substantial leaks in the Unit's windows and walls and severe humidity issues. Mr. Garcia notified Defendants The Rubin Group, 819D, and Tygier of the issues on multiple occasions beginning on May 4, 2017.

33. On June 1, 2017, Tygier participated in a meeting of the Property's Association. At the meeting, a number of residents voiced their outrage over the Property's defects and lack of repair by Tygier, A. Rubin, 819D, and The Rubin Group. Claims made by the residents at the meeting

included that Tygier, A. Rubin, 819D, and The Rubin Group were required pursuant to D.C. Code to repair and resolve the defects.

34. Mr. Garcia began further investigating the issues with the Property as a whole. On or about August 6, 2017, Mr. Garcia created a "**Common Area Punch List**," itemizing various issues with the Property's Common Areas. The Common Area Punch List included images and captions, detailing everything from a broken attic window in the Property Mr. Garcia noticed walking down the street, to eroding mortar on the façade's exterior, to missing portions of the Property's brick chimney stack. Three days later, on August 9, 2017, Mr. Garcia submitted the document to Defendant 819D, A. Rubin, and Tygier via the email address warranty@rubingroupdc.com, for which A. Rubin and Tygier both had access to, maintained, and utilized for Property issues.

35. On August 21, 2017, Mr. Garcia met with 819D and Tygier, to perform a walk-through of the Property to address the Common Area Punch List.

36. Since moving into Unit 34, Mr. Garcia has uncovered multiple defects within Unit 34 and the Property through professional inspections and analysis, including but not limited to:

    a. extremely high humidity and moisture levels;

    b. a large, gaping hole in Unit 34's HVAC closet exposing the Unit to the outside elements;

    c. missing mortar on the façade's exterior;

    d. missing portions of the Property's brick chimney stack;

    e. a pigeon infestation in the Property's attic, causing significant health risks to the residents and guests of the Property; and

    f. a significant and reoccurring water leak in the Property's bell tower, resulting in downpours of water infiltrating Unit 34.

37. On March 24, 2018, through a detailed letter addressed to 819D and A. Rubin, Mr. Garcia notified the Defendants of the existential issues with Unit 34 and the Property. Mr. Garcia included the findings of the hired professionals and their reports with his correspondence.

38. On April 17, 2018, 819D, through A. Rubin, confirmed receipt of Mr. Garcia's March 24, 2018 letter.

39. On or about July 13, 2018, after the issues within Unit 34 and the Property still remained, undersigned counsel sent official notice to Defendants The Rubin Group, 819D, A. Rubin, and Tygier that Mr. Garcia had hired legal representation relating to his claims for structural defects and health hazards affecting Unit 34 and the Property (the "**Litigation Hold Letter**"). The Litigation Hold Letter expressly cautioned against the transfer, dissipation, or otherwise disposal of any assets to avoid enforcement in Mr. Garcia's anticipated judgment.

40. The delivery of the Litigation Hold Letter, and the acceptance of the same by each The Rubin Group, 819D, A. Rubin, and Tygier, was confirmed via certified mail, return receipt requested, signature required.

41. On or about July 27, 2018, 819D through counsel, responded to and confirmed receipt of the Litigation Hold Letter. The July 27, 2018 letter conceded that 819D (and accordingly A. Rubin and Tygier) had notice of the "outstanding issues" as early as February 2018 as a result of emails between Mr. Garcia, 819D, and a contractor known as Potomac Construction Group.

42. On August 10, 2018, undersigned counsel sent official notice to Defendants Auger II, Auger III, and Christos that Mr. Garcia had hired legal representation relating to his claims for structural defects and health hazards affecting Unit 34 and the Property (the "**2nd Round Litigation Hold Letter**"). The 2nd Round Litigation Hold Letter expressly cautioned against the transfer, dissipation, or otherwise disposal of any assets to avoid enforcement in Mr. Garcia's anticipated judgment.

43. On or about December 11, 2018, Mr. Garcia filed a formal structural defect warranty claim relating to Unit 34 with the Department of Housing and Community Development in the District of Columbia.

44. On or about August 23, 2019, 819D was served with a Notice of Warranty Claim regarding Mr. Garcia's complaints. 819D, through counsel, confirmed receipt of the Notice of Warranty Claim in correspondence with the District of Columbia dated September 16, 2019.

45. On or about May 18, 2020, Mr. Garcia filed an action in the Superior Court of the District of Columbia asserting claims relating to Defendants 819D, The Rubin Group, A. Rubin, and Tygier (the "**DC Action**"). Mr. Garcia's DC Action asserts damages totaling no less than Four - Million, Five Hundred and Seventy-Five Thousand Dollars ($4,575,000.00), plus interest, punitive damages, and attorneys' fees.

46. As a result of the communications from Mr. Garcia and the interactions of Mr. Garcia and 819D, A. Rubin, and Tygier between April 2017 and May 2020, Defendants The Rubin Group, 819D, A. Rubin, Tygier, and any entity controlled by and/or in which A. Rubin and/or Tygier were agents, had adequate and actual notice of Mr. Garcia's claims. Accordingly, Mr. Garcia is, and has been a "creditor" of each under Virginia law since April 2017.

47. Notwithstanding Mr. Garcia's status as a creditor, and that litigation was anticipated, Defendants The Rubin Group, 819D, A. Rubin, and Tygier made transfers of assets from The Rubin Group and 819D after April 2017.

48. On or about April 27, 2017, Defendant 819D transferred funds in the amount of $1,200,000 to 819 Capital as a member distribution.

49. Following the receipt of the money from 819D, Defendant 819 Capital subsequently transferred the $1,200,000 on or about April 27, 2017 as follows:

    a.  Funds in the amount of $206,250 to TR Holdings as a member distribution;

    b.  Funds in the amount of $206,250 to Canal View as a member distribution;

15

c. Funds in the amount of $37,500 to Pelican Resource as a member distribution;

d. Funds in the amount of $250,000 to Madison as a member distribution;

e. Funds in the amount of $50,000 to Moore as a member distribution;

f. Funds in the amount of $50,000 to Mark and Lynette Russell as a member distribution;

g. Funds in the amount of $125,000 to Zohlman as a member distribution;

h. Funds in the amount of $50,000 to McFarland as a member distribution;

i. Funds in the amount of $50,000 to Houle as a member distribution;

j. Funds in the amount of $50,000 to Ivor and Lexy Kessler as a member distribution;

k. Funds in the amount of $50,000 to Haminger as a member distribution;

l. Funds in the amount of $25,000 to Gray as a member distribution;

m. Funds in the amount of $50,000 to Kagen-Waghelstein as a member distribution;

50. On or about May 1, 2017, Defendant 819D transferred funds in the amount of $1,400,000 to 819 Capital as a member distribution.

51. Following the receipt of the money from 819D, Defendant 819 Capital subsequently transferred the $1,400,000 on or about May 1, 2017 as follows:

a. Funds in the amount of $97,086.68 to TR Holdings as a member distribution;

b. Funds in the amount of $97,086.68 to Canal View as a member distribution;

c. Funds in the amount of $16,435.68 to Pelican Resource as a member distribution;

d. Funds in the amount of $108,168.49 to Madison as a member distribution;

e. Funds in the amount of $21,914.25 to Moore as a member distribution;

f. Funds in the amount of $21,892.33 to Mark and Lynette Russell as a member distribution;

g. Funds in the amount of $54,292.47 to Zohlman as a member distribution;

h. Funds in the amount of $21,695.07 to McFarland as a member distribution;

16

      i.  Funds in the amount of $21,432.05 to Houle as a member distribution;

      j.  Funds in the amount of $21,629.32 to Ivor and Lexy Kessler as a member distribution;

      k.  Funds in the amount of $21,388.22 to Haminger as a member distribution;

      l.  Funds in the amount of $10,540.68 to Gray as a member distribution;

      m.  Funds in the amount of $20,774.54 to Kagen-Waghelstein as a member distribution;

52. On or about May 2, 2017, Defendant A. Rubin transferred funds in the amount of $40,000 to South Glebe.

53. On or about May 4, 2017, Defendant TR Holdings transferred funds in the amount of $40,000 to South Glebe.

54. On or about June 26, 2017, Defendant A. Rubin transferred funds in the amount of $40,000 to South Glebe.

55. On or about June 27, 2017, Defendant South Glebe transferred funds in the amount of $10,000 to Canal View.

56. On or about July 13, 2017, Defendant TR Holdings transferred funds in the amount of $3,000 to 2233.

57. On or about July 18, 2017, Defendant 819 Capital transferred funds in the amount of $835,783.54 to The Rubin Group.

58. Following the receipt of the money from 819 Capital, Defendant The Rubin Group subsequently transferred the $835,783.54 on or about July 18, 2017 as follows:

      a.  Funds in the amount of $417,891.77 to Canal View for the benefit of A. Rubin;

      b.  Funds in the amount of $417,891.77 to Tygier and R. Rubin;

59. On or about July 21, 2017, Defendant 819D transferred funds in the amount of $417,892 to The Rubin Group for distribution to Tygier.

60. On or about July 21, 2017, Defendant 819D transferred funds in the amount of $417,892 to The Rubin Group for distribution to A. Rubin.

61. On or about July 21, 2017, Defendant 819D transferred funds in the amount of $365,500 to The Rubin Group.

62. On or about July 21, 2017, Defendant 819D transferred funds in the amount of $55,250 to The Rubin Group.

63. On or about July 21, 2017, Defendant 819D transferred funds in the amount of $97,300 to The Rubin Group.

64. On or about July 26, 2017, Defendant 819 Capital transferred funds in the amount of $82,750 to 819D.

65. On or about August 1, 2017, Defendant 819D transferred funds in the amount of $82,750 to 819 Capital.

66. On or about August 1, 2017, Defendant 819D made a second transfer of funds in the amount of $82,750 to 819 Capital.

67. On or about August 1, 2017, Defendant 819D made a third transfer of funds in the amount of $240,000 to 819 Capital.

68. Following the receipt of the money from 819D, Defendant 819 Capital subsequently transferred the funds on or about August 1, 2017 as follows:

     a. Funds in the amount of $2,773.63 to TR Holdings as a member distribution;

     b. Funds in the amount of $2,773.63 to Canal View as a member distribution;

     c. Funds in the amount of $504.30 to Pelican Resource as a member distribution;

     d. Funds in the amount of $3,361.98 to Madison as a member distribution;

     e. Funds in the amount of $672.40 to Moore as a member distribution;

     f. Funds in the amount of $672.40 to Mark and Lynette as a member distribution;

     g. Funds in the amount of $1,680.99 to Zohlman as a member distribution;

h.  Funds in the amount of $672.40 to McFarland as a member distribution;

i.  Funds in the amount of $672.40 to Houle as a member distribution;

j.  Funds in the amount of $672.40 to Ivor and Lexy as a member distribution;

k.  Funds in the amount of $672.40 to Haminger as a member distribution;

l.  Funds in the amount of $336.20 to Gray as a member distribution;

m.  Funds in the amount of $672.40 to Kagen-Waghelstein as a member distribution;

69. On or about August 23, 2017, Defendant A. Rubin transferred funds in the amount of $5,000.00 to South Glebe.

70. Following the receipt of the money from A. Rubin, Defendant South Glebe transferred $5,000 to Canal View on or about August 23, 2017.

71. On or about August 24, 2017, Defendant A. Rubin transferred funds in the amount of $5,000.00 to South Glebe.

72. Following the receipt of the money from A. Rubin, Defendant South Glebe transferred $5,000 to Canal View on or about August 24, 2017.

73. On or about September 14, 2017, Defendant A. Rubin transferred funds in the amount of $25,000.00 to Woodmore.

74. Following the receipt of the money from A. Rubin, Defendant Woodmore transferred $25,000 to Canal View on or about September 14, 2017.

75. On or about September 29, 2017, Defendant A. Rubin transferred funds in the amount of $18,000.00 to 638 Newton.

76. On or about October 18, 2017, Defendant 819D transferred funds in the amount of $151,197.31 to Christos and Liliana.

77. On or about October 18, 2017, Defendant 819D transferred funds in the amount of $750,156.04 to Auger II.

78. On or about October 18, 2017, Defendant 819D transferred funds in the amount of $196,667.18 to Auger III.

79. On or about November 7, 2017, Defendant Canal View transferred funds in the amount of $50,000 to A. Rubin.

80. On or about November 27, 2017, Defendant 819 Capital transferred funds in the amount of $82,750 to Canal View.

81. On or about November 27, 2017, Defendant The Rubin Group transferred funds in the amount of $50,000 to 2233.

82. On or about November 27, 2017, Defendant The Rubin Group transferred a second set of funds in the amount of $500.00 to 2233.

83. On or about November 28, 2017, Defendant The Rubin Group transferred funds in the amount of $100,000.00 to 2233.

84. On or about November 28, 2017, Defendant The Rubin Group transferred a second set of funds in the amount of $1,000.00 to 2233.

85. On or about November 30, 2017, Defendant A. Rubin transferred funds in the amount of $35,000.00 to South Glebe.

86. Following the receipt of the money from A. Rubin, Defendant South Glebe transferred $35,000 to Canal View on or about November 30, 2017.

87. On or about December 1, 2017, Defendant 819 Capital transferred funds conveyed from 819D as follows:

      a. Funds in the amount of $1,293.56 to TR Holdings as a member distribution;

      b. Funds in the amount of $1,293.56 to Canal View as a member distribution;

      c. Funds in the amount of $347.11 to Pelican Resource as a member distribution;

      d. Funds in the amount of $2,443.09 to Madison as a member distribution;

      e. Funds in the amount of $462.81 to Moore as a member distribution;

20

f. Funds in the amount of $464.82 to Mark and Lynette Russell as a member distribution;

g. Funds in the amount of $1,202.39 to Zohlman as a member distribution;

h. Funds in the amount of $482.97 to McFarland as a member distribution;

i. Funds in the amount of $489.02 to Ivor and Lexy Kessler as a member distribution;

j. Funds in the amount of $511.20 to Haminger as a member distribution;

k. Funds in the amount of $269.72 to Gray as a member distribution;

l. Funds in the amount of $567.66 to Kagen-Waghelstein as a member distribution;

88. On or about December 7, 2017, Defendant 819D transferred funds in the amount of $605,152.28 to 819 Capital.

89. On or about December 13, 2017, Defendant 819 Capital transferred funds in the amount of $859,725.67 to The Rubin Group.

90. On or about December 15, 2017, Defendant The Rubin Group transferred funds in the amount of $150,000 to South Glebe.

91. On or about December 18, 2017, Defendant TR Holdings transferred funds in the amount of $25,000 to Tygier and R. Rubin.

92. On or about December 27, 2017, Defendant TR Holdings transferred funds in the amount of $15,000 to Tygier and R. Rubin.

93. On or about December 29, 2017, Defendant The Rubin Group transferred funds in the amount of $7,200 to TRG Development.

94. On or about January 17, 2018, Defendant Canal View transferred funds in the amount of $60,000 to A. Rubin.

95. On or about January 17, 2018, Defendant 819 Capital transferred funds in the amount of $1,293.56 to The Rubin Group.

96. On or about January 26, 2018, Defendant A. Rubin transferred funds in the amount of $5,000.00 to Woodmore.

97. Following the receipt of the money from A. Rubin, Defendant Woodmore transferred $5,000 to Canal View on or about January 26, 2018.

98. On or about January 30, 2018, Defendant The Rubin Group transferred funds in the amount of $7,000 to TRG Development.

99. On or about January 30, 2018, Defendant The Rubin Group transferred a second set of funds in the amount of $1,000 to TRG Development.

100.    On or about February 7, 2018, Defendant TR Holdings transferred funds in the amount of $20,000 to Tygier and R. Rubin.

101.    On or about February 13, 2018, Defendant TR Holdings transferred funds in the amount of $25,000 to Tygier and R. Rubin.

102.    On or about February 28, 2018, Defendant The Rubin Group transferred funds in the amount of $7,000 to TRG Development.

103.    On or about February 28, 2018, Defendant The Rubin Group transferred a second set of funds in the amount of $1,000 to TRG Development.

104.    On or about March 1, 2018, Defendant The Rubin Group transferred funds in the amount of $30,000 to South Glebe.

105.    On or about March 2, 2018, Defendant A. Rubin transferred funds in the amount of $4,200.00 to Woodmore.

106.    Following the receipt of the money from A. Rubin, Defendant Woodmore transferred $4,200 to Canal View on or about March 2, 2018.

107.    On or about March 2, 2018, Defendant TR Holdings transferred funds in the amount of $25,000 to Tygier and R. Rubin.

108.     On or about March 2, 2018, Defendants Tygier and R. Rubin transferred $6,105 to Jonathan Rubin.

109.     On or about March 23, 2018, Defendant A. Rubin transferred funds in the amount of $8,000.00 to Woodmore.

110.     Following the receipt of the money from A. Rubin, Defendant Woodmore transferred $8,000 to Canal View on or about March 23, 2018.

111.     On or about March 29, 2018, Defendant The Rubin Group transferred funds in the amount of $7,000 to TRG Development.

112.     On or about March 29, 2018, Defendant TR Holdings transferred funds in the amount of $25,000 to Tygier and R. Rubin.

113.     On or about April 4, 2018, Defendant Canal View transferred funds in the amount of $40,000 to A. Rubin.

114.     On or about April 18, 2018, Defendant TR Holdings transferred funds in the amount of $20,000 to Tygier and R. Rubin.

115.     On or about April 26, 2018, Defendant The Rubin Group transferred funds in the amount of $7,000 to TRG Development.

116.     On or about May 10, 2018, Defendant Canal View transferred funds in the amount of $10,000 to A. Rubin.

117.     On or about May 16, 2018, Defendant The Rubin Group transferred funds in the amount of $9,000 to Woodmore.

118.     On or about May 18, 2018, Defendant The Rubin Group transferred funds in the amount of $30,000 to South Glebe.

119.     On or about May 23, 2018, Defendant TR Holdings transferred funds in the amount of $20,000 to Tygier and R. Rubin.

120. On or about May 30, 2018, Defendant The Rubin Group transferred funds in the amount of $7,100 to TRG Development.

121. On or about June 6, 2018, Defendant Canal View transferred funds in the amount of $4,000 to A. Rubin.

122. On or about June 15, 2018, Defendant The Rubin Group transferred funds in the amount of $55,000 to South Glebe.

123. On or about June 15, 2018, Defendant South Glebe transferred funds in the amount of $16,769.85 to Canal View.

124. On or about June 25, 2018, Defendant TR Holdings transferred funds in the amount of $10,000 to Tygier and R. Rubin.

125. On or about June 26, 2018, Defendant Canal View transferred funds in the amount of $7,000 to A. Rubin.

126. On or about June 27, 2018, Defendant The Rubin Group transferred funds in the amount of $8,000 to TRG Development.

127. On or about July 9, 2018, Defendant Canal View transferred funds in the amount of $2,500 to A. Rubin.

128. On or about July 11, 2018, Defendant TR Holdings transferred funds in the amount of $10,000 to R. Rubin and Tygier.

129. On or about July 25, 2018, Defendant The Rubin Group transferred funds in the amount of $50,000 to South Glebe.

130. On or about July 25, 2018, Defendant The Rubin Group transferred funds in the amount of $10,000 to Woodmore.

131. On or about July 26, 2018, Defendant TR Holdings transferred funds in the amount of $5,000 to Tygier and R. Rubin.

132.    On or about July 31, 2018, Defendant The Rubin Group transferred funds in the amount of $7,000 to TRG Development.

133.    On or about July 31, 2018, Defendant TR Holdings transferred funds in the amount of $10,000 to Tygier and R. Rubin.

134.    On or about August 8, 2018, Defendant Canal View transferred funds in the amount of $20,000 to A. Rubin.

135.    On or about August 16, 2018, Defendant 638 Newton transferred funds in the amount of $2,506 to Canal View.

136.    On or about August 17, 2018, Defendant TR Holdings transferred funds in the amount of $5,000 to Tygier and R. Rubin.

137.    On or about August 27, 2018, Defendant The Rubin Group transferred funds in the amount of $9,000 to TRG Development.

138.    On or about August 31, 2018, Defendant TR Holdings transferred funds in the amount of $5,000 to Tygier and R. Rubin.

139.    On or about September 13, 2018, Defendant TR Holdings transferred funds in the amount of $5,000 to Tygier and R. Rubin.

140.    On or about September 25, 2018, Defendant The Rubin Group transferred funds in the amount of $7,000 to TRG Development.

141.    On or about September 26, 2018, Defendant The Rubin Group transferred funds in the amount of $27,250 to Woodmore.

142.    On or about September 28, 2018, Defendant TR Holdings transferred funds in the amount of $5,000 to Tygier and R. Rubin.

143.    On or about October 1, 2018, Defendant The Rubin Group transferred funds in the amount of $10,000 to South Glebe.

144.     On or about October 3, 2018, Defendant TR Holdings transferred funds in the amount of $5,000 to Tygier and R. Rubin.

145.     On or about October 5, 2018, Defendant The Rubin Group transferred funds in the amount of $500 to South Glebe.

146.     On or about October 11, 2018, Defendant TR Holdings transferred funds in the amount of $7,500 to Tygier and R. Rubin.

147.     On or about October 19, 2018, Defendant The Rubin Group transferred funds in the amount of $40,000 to South Glebe.

148.     On or about October 19, 2018, Defendant The Rubin Group transferred funds in the amount of $9,000 to Woodmore.

149.     On or about October 19, 2018, Defendant The Rubin Group transferred funds in the amount of $22,000 to TRG Development.

150.     On or about November 5, 2018, Defendant TR Holdings transferred funds in the amount of $5,000 to Tygier and R. Rubin.

151.     On or about November 14, 2018, Defendant A. Rubin transferred funds in the amount of $101,000 to Canal View.

152.     On or about November 16, 2018, Defendant TR Holdings transferred funds in the amount of $7,500 to Tygier and R. Rubin.

153.     On or about December 5, 2018, Defendant TR Holdings transferred funds in the amount of $10,000 to Tygier and R. Rubin.

154.     On or about December 14, 2018, Defendant TR Holdings transferred funds in the amount of $7,500 to Tygier and R. Rubin.

155.     On or about December 21, 2018, Defendant TR Holdings transferred funds in the amount of $5,000 to Tygier and R. Rubin.

156.    On or about December 27, 2018, Defendant Canal View transferred funds in the amount of $60,000 to A. Rubin.

157.    On or about January 4, 2019, Defendant A. Rubin transferred funds in the amount of $55,000 to Canal View.

158.    On or about January 4, 2019, Defendant A. Rubin transferred a second set of funds in the amount of $120,000 to Canal View.

159.    On or about January 7, 2019, Defendant TR Holdings transferred funds in the amount of $15,000 to Tygier and R. Rubin.

160.    On or about January 14, 2019, Defendant The Rubin Group transferred funds in the amount of $7,300 to TRG Development.

161.    On or about February 6, 2019, Defendant TR Holdings transferred funds in the amount of $9,000 to Tygier and R. Rubin.

162.    On or about February 19, 2019, Defendant Canal View transferred funds in the amount of $2,500 to A. Rubin.

163.    On or about February 20, 2019, Defendant Canal View transferred funds in the amount of $1,000 to A. Rubin.

164.    On or about February 27, 2019, Defendant The Rubin Group transferred funds in the amount of $7,300 to TRG Development.

165.    On or about March 15, 2019, Defendant 638 Newton transferred funds in the amount of $3,219.46 to Tygier.

166.    On or about March 25, 2019, Defendant Tygier transferred funds in the amount of $15,000 to The Rubin Group.

167.    On or about March 25, 2019, Defendant The Rubin Group transferred funds in the amount of $15,000 to Woodmore.

168.     On or about March 26, 2019, Defendant The Rubin Group transferred funds in the amount of $7,107.15 to TRG Development.

169.     On or about March 26, 2019, Defendant The Rubin Group transferred funds in the amount of $12,652.36 to South Glebe.

170.     On or about May 1, 2019, Defendants Tygier and R. Rubin transferred funds in the amount of $3,000 to Woodmore.

171.     On or about May 14, 2019, Defendant Canal View transferred funds in the amount of $15,000 to A. Rubin.

172.     On or about May 15, 2019, Defendant 638 Newton transferred funds in the amount of $3,219.46 to R. Rubin and Tygier.

173.     On or about May 17, 2019, Defendants Tygier and R. Rubin transferred funds in the amount of $1,250 to Woodmore.

174.     On or about May 30, 2019, Defendants Tygier and R. Rubin transferred funds in the amount of $5,093.66 to Woodmore.

175.     On or about June 3, 2019, Defendants Tygier and R. Rubin transferred funds in the amount of $3,710.71 to South Glebe.

176.     On or about June 3, 2019, Defendants Tygier and R. Rubin transferred funds in the amount of $12,182.22 to South Glebe.

177.     On or about June 11, 2019, Defendant Canal View transferred funds in the amount of $15,000 to A. Rubin.

178.     On or about June 14, 2019, Defendant 819D transferred funds in the amount of $44,038.32 to The Rubin Group.

179.     As admitted in the Complaint filed by A. Rubin in the D.C. Superior Court against Tygier, on or about June 14, 2019, Defendant Tygier caused Defendant The Rubin Group to transfer assets totaling $44,038.32 to Tygier in repayment of a purported "loan" owed to Tygier

from A. Rubin. Tygier caused the transfer of the assets from The Rubin to K Street to A. Rubin to 819 Capital and then ultimately to Tygier as a result of Tygier's allegation that such funds were owed to her from Defendant 819 Capital.

180.　　As admitted in the Complaint filed by A. Rubin in the D.C. Superior Court against Tygier, on or about June 14, 2019, Defendant Tygier caused Defendant The Rubin Group to transfer funds totaling $34,734.03 to K Street. Defendant Tygier then caused a series of transactions to transfer those funds from K Street to A. Rubin and then ultimately to 2233 on behalf of A. Rubin.

181.　　As admitted in the Complaint filed by A. Rubin in the D.C. Superior Court against Tygier, Defendant Tygier caused Defendant The Rubin Group to transfer $42,548.65 to Defendant K Street. Defendant Tygier then directed a series of transactions to transfer those funds from K Street to Defendant A. Rubin, and then from Defendant A. Rubin to TRG Development.

182.　　As admitted in the Complaint filed by A. Rubin in the D.C. Superior Court against Tygier, Defendant Tygier caused Defendant 638 Newton to transfer $186,000.62 to Defendant A. Rubin. Defendant A. Rubin then consented to the transfer of $186,500.62 to his father, R. Rubin for an alleged repayment of a personal note.

183.　　As admitted in the Complaint filed by A. Rubin on behalf of Canal View against TR Holdings and The Rubin Group in this Court as Case No. CL-19-9270, on or about June 14, 2019, Tygier caused 638 Newton to retain funds in the amount of $25,748.94 owed to A. Rubin for member distributions.

184.　　On or about June 30, 2019, Defendant The Rubin Group transferred funds in the amount of $4,926.16 to Woodmore.

185.　　As admitted in the Complaint filed by A. Rubin in the D.C. Superior Court against Tygier, on or about July 1, 2019, Defendant Tygier caused Defendant The Rubin Group to initiate a series of no less than five (5) transactions that shifted funds between the various Defendants.

186.     As admitted in the Complaint filed by A. Rubin in the D.C. Superior Court against Tygier, on or about July 1, 2019, Defendant Tygier caused a series of transactions that shifted $30,681.54 from The Rubin Group to Defendant K Street, then from Defendant K Street to Defendant TRG Development, then from Defendant TRG Development to A. Rubin, and then ultimately from A. Rubin to Defendant Tygier for an alleged repayment of a partial distribution from Defendant 819 Capital.

187.     As admitted in the Complaint filed by A. Rubin in the D.C. Superior Court against Tygier, on or about July 1, 2019, Defendant Tygier caused a second series of transactions that shifted $34,734.03 from Defendant The Rubin Group to K Street, then from K Street to TRG Development, then from TRG Development to A. Rubin, and then ultimately from A. Rubin to Tygier for an alleged reimbursement of Tygier's 2/3 share of a Letter of Credit and Warranty Bond associated with Defendant 2233.

188.     As admitted in the Complaint filed by A. Rubin in the D.C. Superior Court against Tygier, on or about July 1, 2019, Defendant Tygier caused a third series of transactions that moved $28,333.33 from Defendant The Rubin Group to K Street Holdings, then from K Street Holdings to TRG Development, then from TRG Development to A. Rubin, and ultimately from A. Rubin to Tygier for an alleged reimbursement of Tygier's capital contributions on behalf of A. Rubin to Defendant TRG Development.

189.     As admitted in the Complaint filed by A. Rubin in the D.C. Superior Court against Tygier, on or about July 1, 2019, Defendant Tygier caused a fourth series of transactions that moved $7,438.93 from Defendant The Rubin Group to K Street Holdings, then from K Street Holdings to TRG Development, then from TRG Development to A. Rubin, and ultimately from A. Rubin to South Glebe.

190.     As admitted in the Complaint filed by A. Rubin in the D.C. Superior Court against Tygier, on or about July 1, 2019, Defendant Tygier caused a fifth series of transactions that moved

$1,971.50 from Defendant The Rubin Group to K Street Holdings, then from K Street Holdings to TRG Development, then from TRG Development to A. Rubin, and ultimately from A. Rubin to Woodmore.

191.    On or about July 8, 2019, Defendant K Street transferred funds in the amount of $2,058.17 to Tygier and R. Rubin.

192.    On or about July 8, 2019, Defendant The Rubin Group transferred funds in the amount of $15,000 to Tygier and R. Rubin.

193.    On or about July 9, 2019, Defendant Canal View transferred funds in the amount of $5,000 to A. Rubin.

194.    On or about July 12, 2019, Defendant Canal View transferred funds in the amount of $4,000 to A. Rubin.

195.    On or about August 6, 2019, Defendant The Rubin Group transferred funds in the amount of $15,000 to Woodmore.

196.    On or about August 6, 2019, Defendant The Rubin Group transferred funds in the amount of $45,000 to South Glebe.

197.    On or about August 7, 2019, Defendant Canal View transferred funds in the amount of $4,000 to A. Rubin.

198.    On or about August 15, 2019, Defendant A. Rubin transferred funds in the amount of $2,500 to Canal View.

199.    On or about August 21, 2019, Defendant Canal View transferred funds in the amount of $20,000 to A. Rubin.

200.    On or about August 23, 2019, Defendant K Street transferred funds in the amount of $651.48 to Tygier and R. Rubin.

201.    On or about October 18, 2019, Defendant Canal View transferred funds in the amount of $117,868 to A. Rubin.

31

202.     On or about October 28, 2019, Defendant K Street transferred funds in the amount of $7,500 to Tygier and R. Rubin.

203.     On or about November 4, 2019, Defendant The Rubin Group transferred funds in the amount of $45,000 to South Glebe.

204.     On or about November 4, 2019, Defendant The Rubin Group transferred funds in the amount of $15,000 to Woodmore.

205.     On or about November 4, 2019, Defendant The Rubin Group transferred funds in the amount of $4,651.38 to Tygier and R. Rubin.

206.     On or about December 2, 2019, Defendant The Rubin Group transferred funds in the amount of $19,049.01 to Tygier and R. Rubin.

207.     On or about December 30, 2019, Defendant TR Holdings transferred funds in the amount of $2,142.89 to R. Rubin.

208.     On or about February 6, 2020, Defendant The Rubin Group transferred funds in the amount of $1,500 to South Glebe.

209.     On or about February 13, 2020, Defendant The Rubin Group transferred funds in the amount of $39,905.76 to Woodmore.

210.     On or about February 24, 2020, Defendant The Rubin Group transferred funds in the amount of $45,000 to South Glebe.

211.     On or about March 11, 2020, Defendant Canal View transferred funds in the amount of $10,000 to A. Rubin.

212.     On or about March 16, 2020, Defendant The Rubin Group transferred funds in the amount of $10,000 to South Glebe.

213.     On or about April 13, 2020, Defendant K Street transferred funds in the amount of $900 to Tygier and R. Rubin.

214.     On or about April 16, 2020, Defendant Canal View transferred funds in the amount of $10,000 to A. Rubin.

215.     On or about May 7, 2020, Defendant TR Holdings transferred funds in the amount of $694.79 to R. Rubin.

216.     On or about May 11, 2020, Defendant K Street transferred funds in the amount of $1,250 to Tygier and R. Rubin.

217.     On or about June 9, 2020, Defendant The Rubin Group transferred funds in the amount of $15,000 to South Glebe.

218.     On or about June 15, 2020, Defendant The Rubin Group transferred funds in the amount of $700 to Tygier and R. Rubin.

219.     On or about June 22, 2020, Defendant The Rubin Group transferred funds in the amount of $15,000 to South Glebe.

220.     On or about July 1, 2020, Defendant South Glebe transferred funds in the amount of $600 to R. Rubin.

221.     On or about July 3, 2020, Defendant South Glebe transferred funds in the amount of $600 to R. Rubin and Tygier.

222.     On or about July 9, 2020, Defendant Canal View transferred funds in the amount of $14,000 to A. Rubin.

223.     On or about August 6, 2020, Defendant Canal View transferred funds in the amount of $15,000 to A. Rubin.

224.     On or about August 19, 2020, Defendant The Rubin Group transferred funds in the amount of $10,000 to South Glebe.

225.     On or about September 23, 2020, Defendant The Rubin Group transferred funds in the amount of $15,000 to Woodmore.

226. On or about September 29, 2020, Defendant The Rubin Group transferred funds in the amount of $105,000 to South Glebe.

227. On or about October 6, 2020, Defendant The Rubin Group transferred funds in the amount of $20,000 to Woodmore.

228. On or about November 13, 2020, Defendant A. Rubin transferred funds in the amount of $162,675.88 to Canal View.

229. On or about January 28, 2021, Defendant The Rubin Group transferred funds in the amount of $20,000 to Woodmore.

230. On or about February 4, 2021, Defendant A. Rubin transferred funds in the amount of $15,000 to Canal View.

231. The transactions referenced above from 819D totaled no less than $6,106,544.60 of funds improperly conveyed between the various Defendants, including no less than $3,610,652.28 directly to alter-ego 819 Capital and no less than $1,397,872.32 directly to alter-ego The Rubin Group, with no less than $3,570,417.73 eventually flowing to Tygier, R. Rubin, A. Rubin, and alter-egos TR Holdings and Canal View.

232. The transfers referenced above left Defendant 819D, and alter-egos 819 Capital and The Rubin Group, insolvent. The transactions were conducted to remove the funds from potential collection and to hinder, delay, and/or defraud the creditors of 819D, 819 Capital, The Rubin Group, A. Rubin, and/or Tygier.

233. As a result of the transactions Mr. Garcia has been damaged in the amount of Six Million, One Hundred and Six Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60).

234. Upon information and belief, the transactions set forth herein were not the only transfers made by the Defendants after April 2017. The ultimate extent of damage to Mr. Garcia is unknown at this time, as it is unknown what other transfers, in what amounts, and to whom the

transactions were made by the Defendants. Mr. Garcia reserves the right to amend his Complaint upon the discovery of new information.

## COUNT I- FRAUDULENT CONVEYANCE PURSUANT TO VA. CODE § 55.1-400
### (against all Defendants)

235.     The allegations contained in Paragraphs 1-234 above are incorporated herein by reference.

236.     As early as April 2017, Defendants had adequate and actual notice of Mr. Garcia's claims against Defendants The Rubin Group, 819D, A. Rubin, and Tygier.

237.     As a result of the Defendants' notice of Mr. Garcia's claims, Mr. Garcia was and is a creditor as early as April 2017 pursuant to Virginia law.

238.     Notwithstanding the Defendants' knowledge of Mr. Garcia's claims and status as a creditor, the Defendants engaged in a series of transactions the transferred funds totaling no less than of Six Million, One Hundred and Six Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60) from 819D to themselves, family members, and/or entities controlled by Defendants A. Rubin and/or Tygier.

239.     The Defendants' transfers were for inadequate or no consideration for the conveyance under the threat of litigation by creditor Mr. Garcia, including but not limited to distributions to members.

240.     At all relevant times, Defendants The Rubin Group, LLC, 819D LLC, 819 Capital LLC, K Street Holdings LLC, TR Holdings LLC, 2233-40th Partners LLC, South Glebe LLC, Woodmore LLC, TRG Development LLC, and 638 Newton Partners LLC were the stooges and instruments of A. Rubin and Tygier used for the purpose of fraudulently avoiding each's obligation to creditors, including Mr. Garcia.

241.     The Defendants' transfers from April 2017 to the present were meant to hinder, delay, and/or defraud Defendants' creditors, including Mr. Garcia.

35

242.     As a result of the fraudulent conveyances between Defendants after April 2017, Mr. Garcia has suffered known damages in the amount of Six Million, One Hundred and Six Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60).

WHEREFORE, Plaintiff Karl Garcia hereby demands judgment against each Defendant and in favor of Karl Garcia (i) voiding the conveyances above, (ii) ordering the conveyed funds to be returned, and (iii) entering *in personam* judgments as set forth below:

    i.    against The Rubin Group LLC in the amount of Six Million, One Hundred and Six Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

    ii.    against 819D LLC in the amount of Six Million, One Hundred and Six Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

    iii.    against 819 Capital LLC in the amount of Six Million, One Hundred and Six Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

    iv.    against K Street Holdings LLC in the amount of Two Hundred and Fifteen Thousand, One Hundred and Seventy-Six Dollars and Four Cents ($215,176.04), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

    v.    against TR Holdings LLC in the amount of Three Hundred and Seven Thousand, Four Hundred and Three Dollars and Eighty-Seven Cents ($307,403.87), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

    vi.    against 2233-40th Partners LLC in the amount of One Hundred and Eighty-Nine Thousand, Two Hundred and Thirty-Four Dollars and Three Cents ($189,234.03), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

vii.    against South Glebe LLC in the amount of Eight Hundred and Seventeen

Thousand, Nine Hundred and Eighty-Four Dollars and Twenty-Two Cents

($817,984.22), plus prejudgment interest, punitive damages, attorneys' fees, and

costs;

viii.   against Woodmore Partners LLC a/k/a Woodmore LLC in the amount of Two

Hundred and Fifty-Three Thousand, Five Hundred and Ninety-Seven Dollars and

Eight Cents ($253,597.08), plus prejudgment interest, punitive damages, attorneys'

fees, and costs;

ix.     against TRG Development LLC in the amount of One Hundred and Fifty-Four

Thousand, Five Hundred and Fifty-Five Dollars and Eighty Cents ($154,555.80),

plus prejudgment interest, punitive damages, attorneys' fees, and costs;

x.      against 638 Newton Partners LLC in the amount of Eighteen Thousand Dollars and

Zero Cents ($18,000.00), plus prejudgment interest, punitive damages, attorneys'

fees, and costs;

xi.     against Canal View Holdings LLC in the amount of Six Million, One Hundred and

Six Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents

($6,106,544.60), plus prejudgment interest, punitive damages, attorneys' fees, and

costs;

xii.    against Andrew Rubin in the amount of Six Million, One Hundred and Six

Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60),

plus prejudgment interest, punitive damages, attorneys' fees, and costs;

xiii.   against Michelle A. Tygier in the amount of Six Million, One Hundred and Six

Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60),

plus prejudgment interest, punitive damages, attorneys' fees, and costs;

xiv.   against Robert Rubin in the amount of One Million, Two Hundred and Forty-Seven Thousand, Three Hundred and Thirteen Dollars and Forty-Four Cents ($1,247,313.44), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

xv.   against Gregory Auger II in the amount of Seven Hundred and Fifty Thousand, One hundred and Fifty-Six Dollars and Zero Cents, plus prejudgment interest, punitive damages, attorneys' fees, and costs;

xvi.   against Gregory Auger III in the amount of One Hundred and Ninety-Six Thousand, Six Hundred and Sixty-Seven Dollars and Zero Cents, plus prejudgment interest, punitive damages, attorneys' fees, and costs;

xvii.   against Christos Economakis in the amount of One Hundred and Fifty-One Thousand, One Hundred and Ninety-Seven Dollars and Zero cents, plus prejudgment interest, punitive damages, attorneys' fees, and costs;

xviii.   against Liliana Economakis in the amount of One Hundred and Fifty-One Thousand, One Hundred and Ninety-Seven Dollars and Zero cents, plus prejudgment interest, punitive damages, attorneys' fees, and costs;

xix.   against Thomas D. Madison in the amount of Three Hundred and Sixty-Three Thousand, Nine Hundred and Seventy-Three Dollars and Fifty-Six Cents ($363,973.56), plus prejudgment interest, punitive damages, attorneys' fees, and costs; and

xx.   against Jeffrey Houle in the amount of Seventy-Two Thousand, One Hundred and Four Dollars and Forty-Five Cents ($72,104.45), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

Karl Garcia further requests this Court enter a lien from the date of the filing of this action against all the estate, real and personal, of each Defendant, pursuant to Va. Code § 55.1-402.

## COUNT II – VOLUNTARY CONVEYANCE PURSUANT TO VA. CODE § 55.1-401
### (In the alternative, against all Defendants)

243.     The allegations contained in Paragraphs 1-234 above are incorporated herein by reference.

244.     As early as April 2017, Defendants had adequate and actual notice of Mr. Garcia's claims against Defendants The Rubin Group, 819D, A. Rubin, and Tygier.

245.     As a result of the Defendants' notice of Mr. Garcia's claims, Mr. Garcia was, and is, a creditor as early as April 2017 pursuant to Virginia law.

246.     Notwithstanding the Defendants' knowledge of Mr. Garcia's claims and status as a creditor, the Defendants engaged in a series of transactions totaling no less than Six Million, One Hundred and Six Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60) from 819D to themselves, family members, and/or entities controlled by Defendants A. Rubin and/or Tygier.

247.     The Defendants' transfers were for inadequate or no consideration for the conveyance.

248.     The Defendants' transfers from April 2017 to the present resulted in the insolvency of each of the Defendants. More specifically, Defendants 819D, The Rubin Group, A. Rubin, Tygier, and 819 Capital are each without adequate funds and/or assets to satisfy the anticipated judgment(s) of Mr. Garcia.

249.     As a result of the conveyances between Defendants after April 2017, Mr. Garcia has been damaged through the impairment of his claim as a creditor. Mr. Garcia has suffered known damages in the amount of Six Million, One Hundred and Six Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60).

WHEREFORE, Plaintiff Karl Garcia hereby demands judgment against each Defendant and in favor of Karl Garcia (i) voiding the conveyances above, (ii) ordering the conveyed funds to be returned, and (iii) entering *in personam* judgments as set forth below:

i.    against The Rubin Group LLC in the amount of Six Million, One Hundred and Six Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

ii.    against 819D LLC in the amount of Six Million, One Hundred and Six Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

iii.    against 819 Capital LLC in the amount of Six Million, One Hundred and Six Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

iv.    against K Street Holdings LLC in the amount of Two Hundred and Fifteen Thousand, One Hundred and Seventy-Six Dollars and Four Cents ($215,176.04), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

v.    against TR Holdings LLC in the amount of Three Hundred and Seven Thousand, Four Hundred and Three Dollars and Eighty-Seven Cents ($307,403.87), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

vi.    against 2233-40th Partners LLC in the amount of One Hundred and Eighty-Nine Thousand, Two Hundred and Thirty-Four Dollars and Three Cents ($189,234.03), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

vii.    against South Glebe LLC in the amount of Eight Hundred and Seventeen Thousand, Nine Hundred and Eighty-Four Dollars and Twenty-Two Cents ($817,984.22), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

viii.     against Woodmore Partners LLC a/k/a Woodmore LLC in the amount of Two

Hundred and Fifty-Three Thousand, Five Hundred and Ninety-Seven Dollars and

Eight Cents ($253,597.08), plus prejudgment interest, punitive damages, attorneys'

fees, and costs;

ix.     against TRG Development LLC in the amount of One Hundred and Fifty-Four

Thousand, Five Hundred and Fifty-Five Dollars and Eighty Cents ($154,555.80),

plus prejudgment interest, punitive damages, attorneys' fees, and costs;

x.     against 638 Newton Partners LLC in the amount of Eighteen Thousand Dollars and

Zero Cents ($18,000.00), plus prejudgment interest, punitive damages, attorneys'

fees, and costs;

xi.     against Canal View Holdings LLC in the amount of Six Million, One Hundred and

Six Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents

($6,106,544.60), plus prejudgment interest, punitive damages, attorneys' fees, and

costs;

xii.     against Andrew Rubin in the amount of Six Million, One Hundred and Six

Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60),

plus prejudgment interest, punitive damages, attorneys' fees, and costs;

xiii.     against Michelle A. Tygier in the amount of Six Million, One Hundred and Six

Thousand, Five Hundred and Forty-Four Dollar and Sixty Cents ($6,106,544.60),

plus prejudgment interest, punitive damages, attorneys' fees, and costs;

xiv.     against Robert Rubin in the amount of One Million, Two Hundred and Forty-Seven

Thousand, Three Hundred and Thirteen Dollars and Forty-Four Cents

($1,247,313.44), plus prejudgment interest, punitive damages, attorneys' fees, and

costs;

xv.    against Gregory Auger II in the amount of Seven Hundred and Fifty Thousand, One hundred and Fifty-Six Dollars and Zero Cents, plus prejudgment interest, punitive damages, attorneys' fees, and costs;

xvi.    against Gregory Auger III in the amount of One Hundred and Ninety-Six Thousand, Six Hundred and Sixty-Seven Dollars and Zero Cents, plus prejudgment interest, punitive damages, attorneys' fees, and costs;

xvii.    against Christos Economakis in the amount of One Hundred and Fifty-One Thousand, One Hundred and Ninety-Seven Dollars and Zero cents, plus prejudgment interest, punitive damages, attorneys' fees, and costs;

xviii.    against Liliana Economakis in the amount of One Hundred and Fifty-One Thousand, One Hundred and Ninety-Seven Dollars and Zero cents, plus prejudgment interest, punitive damages, attorneys' fees, and costs;

xix.    against Thomas D. Madison in the amount of Three Hundred and Sixty-Three Thousand, Nine Hundred and Seventy-Three Dollars and Fifty-Six Cents ($363,973.56), plus prejudgment interest, punitive damages, attorneys' fees, and costs; and

xx.    against Jeffrey Houle in the amount of Seventy-Two Thousand, One Hundred and Four Dollars and Forty-Five Cents ($72,104.45), plus prejudgment interest, punitive damages, attorneys' fees, and costs;

Karl Garcia further requests this Court enter a lien from the date of the filing of this action against all the estate, real and personal, of each Defendant, pursuant to Va. Code § 55.1-402.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**A TRIAL BY JURY IS DEMANDED.**

42

RESPECTFULLY SUBMITTED,

KARL GARCIA,
By counsel

_[signature]_
Bethany R. Benes (Va. Bar No. 85408)
**Bethune Benes, PLLC**
4290 Chain Bridge Road, Suite 302
Fairfax, Virginia 22030
Tel.: (703) 260-9322
bbenes@bethunebenes.com
*Counsel for Plaintiff Karl Garcia*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent a follows on this 11th day of
___March___ 2022 to the following:

by email (by agreement of counsel):

Laurin H. Mills, Esq.
Samek Werther Mills LLC
laurin@samek-law.com
*Counsel for 11 Defendants*

Mark Crawford, Esq.
Law Offices of
Mark D. Crawford, PLLC
mcrawford@mdc-law.com
*Counsel for 819D LLC*

Douglas E. McKinley, Esq.
demckinley@verizon.net
*Counsel for Thomas Madison*

Christopher A. Glaser, Esq.
Jackson & Campbell, PC
cglaser@jackscamp.com
*Counsel for Canal View Holdings LLC
and Andrew Rubin*

John Keith, Esq.
jkeith@bklawva.com
*Counsel for Jeffrey Houle*

Alex Laughlin, Esq.
Alex.laughlin@ofplaw.com
*Counsel for Gregory Auger II and
Gregory Auger III*

by mail to the following at the last known address of each:

Christos Economakis
5058 Joewood Drive
Sanibel, FL 33957

Liliana Economakis
5058 Joewood Drive
Sanibel, FL 33957

_[signature]_
Bethany Benes

43