IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **KARL GARCIA,**<br><br>  Plaintiff,<br><br>v.<br><br>**THE RUBIN GROUP, LLC,** *et al.*<br><br>  Defendants. | Case No. 1:22-cv-00698-LMB-JFA |

### ANDREW RUBIN'S AND CANAL VIEW HOLDINGS LLC'S
### MOTION TO DISMISS

COME NOW Defendants Andrew Rubin ("**Andrew Rubin**") and Canal View Holdings LLC ("**CVH**"), by counsel, and present this Motion to Dismiss the Third Amended Complaint filed by Karl Garcia ("**Mr. Garcia**") and, for the reasons more fully set forth in the accompanying Memorandum in Support of Motion to Dismiss, respectfully request that this Court dismiss the Third Amended Complaint.

As more fully set forth in the accompanying Memorandum, the Third Amended Complaint should be dismissed as to Andrew Rubin and CVH as: (1) the Third Amended Complaint only asserts Virginia-based statutory causes of action but the wrong alleged—purported financial transfers—are not alleged to have occurred in Virginia and, as a result, the two statutes are not triggered; (2) the purported notification of any claims by Mr. Garcia is deficient as a matter of law; (3) Mr. Garcia fails to allege that 819D was insolvent on any relevant date; (4) even if Mr. Garcia has alleged a cause of action pursuant to the Virginia Voluntary Conveyance and Fraudulent Conveyance statutes, to the extent that the statutes permit a judgment against a transferee prior to a finding of any wrongdoing by the transferor, such statutes are unconstitutional; (5) Mr. Garcia lacks standing for much of his claims as same relate to common elements and limited common

1

elements of a condominium; and, (6) any claims against CVH and Andrew Rubin, as transferees of funds originating with 819D, must be limited to the amount of funds actually received, and not returned, by them.

WHEREFORE, Andrew Rubin and Canal View Holdings LLC respectfully requests this Honorable Court grant their Motion to Dismiss and to dismiss this present action as to it, together with any further relief deemed just and proper.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

_____
Christopher A. Glaser (VSB No. 43491)
2300 N Street, N.W.
Suite 300
Washington, DC 20037
Telephone: (202) 457-1600
Facsimile: (202) 457-1678
Email: cglaser@jackscamp.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of June, 2021, a true and accurate copy of the foregoing was served via the Court's CM/ECF system, to:

Laurin H. Mills, Esq.
Samek Werther Mills LLC
2000 Duke St., Suite 300
Alexandria, VA 22314
laurin@samek-law.com

Bethany Benes, Esq.
Bethune Benes, PLLC
3975 Fair Ridge Drive
South Terrace, Suite 25C
Fairfax, Virginia 22033
bbenes@bethunebenes.com

Douglas E. McKinley, Esq.
P.O. Box 7395
Alexandria VA 22307
demckinley@verizon.net

John A. C. Keith, Esq.
Blankingship & Keith, PC
4020 University Drive, Suite 300
Fairfax, VA 22030
jkeith@bklawva.com

Mark Crawford, Esq.
Law Offices of Mark D. Crawford, PLLC
1005 North Glebe Rd, Suite 210
Arlington, VA 22201
mcrawford@mdc-law.com

Douglas E. McKinley, Esq.
P.O. Box 7395
Alexandria VA 22307
demckinley@verizon.net

James P. Miller, Esq.
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Jim.Miller@ofplaw.com

Milt N. Theologou, Esq.
Silverman Theologou LLP
11200 Rockville Pike, Ste. 520
North Bethesda, MD 20852
mtheologou@silvermanlegal.com

Christopher A. Glaser

3

5282687v.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## (Alexandria Division)

| | |
|---|---|
| **KARL GARCIA,** <br><br> Plaintiff, <br><br> v. <br><br> **THE RUBIN GROUP, LLC,** *et al.* <br><br> Defendants. | Case No. 1:22-cv-00698-LMB-JFA |

**ANDREW RUBIN'S AND CANAL VIEW HOLDINGS LLC'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COME NOW Defendants Andrew Rubin ("**Andrew Rubin**") and Canal View Holdings LLC ("**CVH**"), by counsel, and present this Memorandum in Support of the Motion to Dismiss the Third Amended Complaint filed by Karl Garcia ("**Mr. Garcia**") and state as follows:

## Introduction

This case arises from the sale of a District of Columbia condominium developed by defendant 819D LLC ("**819D**") and sold to Mr. Garcia. Following the sale—and prior to notification of defects, the repairs of which would exceed the amount of any construction bond—819D distributed profits to its members. In the action before this Court, Mr. Garcia alleges two causes of action against Mr. Rubin and CVH: (1) Fraudulent Conveyance pursuant to Va. Code § 55.1-400 (Count I); and, (2) Voluntary Conveyance pursuant to Va. Code § 55.1-401, each purportedly in regard to transfers which purportedly originated from 819D following Mr. Garcia's purchase. For the reasons set forth herein, these claims cannot stand against Andrew Rubin or CVH and this action should be dismissed.

**I.      The Claims against Andrew Rubin and CVH, if any, do Not Arise out of Virginia Law and any Virginia Law-Based Claims Should be Dismissed.**

Mr. Garcia's claims arise, it at all, by virtue of the sale and purchase of a condominium in the District of Columbia, which is governed by the law of the District of Columbia.  Mr. Garcia's tort-based claims alleged in the present action—both Counts I and II—are governed by the law of the place where the tort occurred pursuant to Virginia's *lex loci delicti* choice-of-law rules.  The Third Amended Complaint fails to state a claim against Andrew Rubin or CVH in that it does not allege that any of the purportedly tortious transfers directly to, or in the line of transfers leading to, Andrew Rubin or CVH were committed in the Commonwealth of Virginia.  The torts of fraudulent transfer and voluntary transfer occurred, if at all, outside of the Commonwealth of Virginia.  Absent sufficient and proper allegations by Mr. Garcia that the two Virginia statutes are triggered, there is no basis for a suit under Virginia's fraudulent conveyance or voluntary conveyance statutes against Andrew Rubin.  The Third Amended Complaint, as to Andrew Rubin and CVH, should be dismissed.

**II.     Mr. Garcia's Purported "Notification" is Inadequate as a Matter of Law.**

Mr. Garcia has no claim against Andrew Rubin or CVH relating to any transfers from 819D, or subsequent transferees, as Mr. Garcia failed to give proper notice prior to the purported transfers from 819D.  *Luria v. Board of Directors of Westbriar Condominium Unit Owners Ass'n*., 277 Va. 359, 366, 672 S.E.2d 837, 841 (2009)(As punch list items did not provide sufficient notice to condominium developer of later-claimed structural defects, "[w]e hold that the notice required to create creditor status is actual notice of a specific potential statutory warranty claim.").

In the fraudulent transfer context, the "key consideration in establishing creditor status is whether there was actual notice of a specific potential claim."  *Luria*, 277 Va. at 366, 672 S.E.2d

2

at 840. In *Luria*, the Supreme Court held that notification of a non-structural claim is insufficient to establish creditor status for purposes of demonstrating a fraudulent transfer as the,

> documents do not establish that [transferee] had actual notice of a specific potential statutory warranty claim because the problems noted were not characterized as structural defects 'which reduced the stability or safety of the structure below accepted standards or restricted the normal intended use of all or part of the structure.'

*Luria*, 277 Va. at 367, 672 S.E.2d at 841, citing Va. Code § 55–79.79.[1]

The purported notifications prior to the alleged transfers from 819D are not structural in nature and fail to provide notice as they "did not notify [defendant] of any defect that reduced 'stability' or 'safety' of the [condominium]." *Luria*, 277 Va. at 367, 672 S.E.2d at 841.

Mr. Garcia was not a creditor at the time of any purported transfer from 819D to Andrew Rubin or CVH. It is insufficient to contend, as Mr. Garcia does, that notification to 819D of minor punch list items somehow acts to prevent any future transfers by 819D. Undersigned counsel has located no case law which would elevate punch list items to such heights and subject future transfers to being unwound. The Supreme Court of Virginia has held that actual notice of claims beyond punch list items is required to accomplish the goals asserted by Mr. Garcia.

As Mr. Garcia failed to provide notice of his claims prior to any purported transfer, the Third Amended Complaint should be dismissed as against Andrew Rubin and CVH.

---

[1] Importantly, Va. Code § 55-79.79, now codified as Va. Code § 55.1-1955, is substantially similar to the District of Columbia warranty bond statute, D.C. Code § 42-1903.16, regarding structural defects. *See*, D.C. Code § 42-1903.16 ("the term "structural defect" means a defect in a component that constitutes any unit or portion of the common elements that reduces the stability or safety of the structure below standards commonly accepted in the real estate market, or restricts the normally intended use of all or part of the structure and which requires repair, renovation, restoration, or replacement."); *and see*, Va. Code § 55.1-1955 ("For the purposes of this subsection, structural defects shall be those defects in components constituting any unit or common element that reduce the stability or safety of the structure below accepted standards or restrict the normal intended use of all or part of the structure and that require repair, renovation, restoration, or replacement.").

**III.     Mr. Garcia Fails to Allege that 819D LLC was Insolvent on any Relevant Date.**

Mr. Garcia alleges insolvency of 819D LLC—the only entity against which Mr. Garcia has an underlying claim arising from the purported condominium defects—and others in only two paragraphs.  In Paragraph 232 of the Third Amended Complaint, Mr. Garcia alleges,

> 232. The transfers referenced above left Defendant 819D, and alter-egos 819 Capital and The Rubin Group, insolvent. The transactions were conducted to remove the funds from potential collection and to hinder, delay, and/or defraud the creditors of 819D, 819 Capital, The Rubin Group, A. Rubin, and/or Tygier.

In Paragraph 249 of the Third Amended Complaint, Mr. Garcia alleges,

> 248. The Defendants' transfers from April 2017 to the present resulted in the insolvency of each of the Defendants. More specifically, Defendants 819D, The Rubin Group, A. Rubin, Tygier, and 819 Capital are each without adequate funds and/or assets to satisfy the anticipated judgment(s) of Mr. Garcia.

Contrary to Mr. Garcia's allegations, the relevant test for insolvency is not whether the entities presently have funds to satisfy an anticipated judgement but, instead, Mr. Garcia is required to allege, and then establish, that the amount of the entities' liabilities on the date of the purported transfers exceeded the amount of its assets on the same date.  *Hudson v. Hudson*, 249 Va. 335, 341, 455 S.E.2d 14, 17 (1995).  Mr. Garcia alleges the incorrect standard and fails to allege that any entity which transferred funds to Andrew Rubin or CVH, was insolvent on any relevant date.  Mr. Garcia's claim of a violation of Va. Code § 55.1-401 alleging insolvency should be dismissed.

**IV.     In the Event that Mr. Garcia has Alleged a Claim Against Andrew Rubin or CVH Pursuant to the Virginia Voluntary Conveyance and Fraudulent Conveyance Statutes, Which He Has Not, Such Statutes are Unconstitutional.**

In the event that Mr. Garcia has alleged a claim against Andrew Rubin or CVH which is permitted to proceed notwithstanding that no underlying judgment has been obtained which could give rise to Mr. Garcia's present claims, Andrew Rubin and CVH are being deprived of their due process rights under the Fifth and Fourteenth Amendments to the United States

4

Constitution and Article I, Section 11 the Constitution of Virginia. *Grupo Mexicano de Desarrolla S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 330 (1999)("The requirement that the creditor obtain a prior judgment is a fundamental protection in debtor-creditor law….")

> A rule of procedure which allowed any prowling creditor, before his claim was definitely established by judgment, and without reference to the character of his demand, to file a bill to discover assets, or to impeach transfers, or interfere with the business affairs of the alleged debtor, would manifestly be susceptible of the grossest abuse. A more powerful weapon of oppression could not be placed at the disposal of unscrupulous litigants.

*Id.*

The Claims against Andrew Rubin and CVH should be dismissed.

### V.     Mr. Garcia Lacks Standing for Much of his Alleged Claims.

Mr. Garcia lacks standing to pursue much of his alleged claims as same relate to common elements and/or limited common elements of the condominium. In both the District of Columbia and the Commonwealth of Virginia, only condominium associations have standing to assert claims relating to the common elements or the limited common elements of a condominium. Va. Code § 55.1-1915; D.C. Code § 42-1902.09; "[S]tanding to institute claims or actions concerning common elements, including limited common elements, is restricted to condominium unit owners' associations." *Kuznicki v. Mason*, 273 Va. 166, 176, 639 S.E.2d 308, 312–13 (2007) (individual unit owner lacks standing to assert claim regarding limited common element); *Malone v. Saxony Co-op. Apartments, Inc.*, 763 A.2d 725, 726 n.1 (D.C. 2000) (Unit owner's "claim is for injuries sustained to the cooperative, and such a claim can only be brought in the form of an indirect derivative suit on behalf on the cooperative.")

Mr. Garcia has no standing to assert claims relating to either common elements or limited common elements of the condominium. Any purported notification of claims made by Mr. Garcia must be considered only to the extent that same relates to claims which may be asserted

5

by Garcia. Each claim by Mr. Garcia relating to common elements and/or limited common elements of the condominium should be dismissed.

**VI.     The Claims against CVH and Andrew Rubin, if any, Must be Limited to the Funds Actually Received.**

Mr. Garcia demands an *in personam* judgment against Andrew Rubin and CVH in the amount of $6,106,544.60 but fails to allege this amount was ever transferred to either entity or that his underlying claim rises to this amount. In the event that this Court permits an *in personam* judgment to be taken against Andrew Rubin or CVH as the transferee of funds originating from 819D LLC, pursuant to Va. Code § 55.1-400 and § 55.1-401 such judgment merely "unwinds the transfer of the cash in the grantee's pockets; it does not impose liability upon the grantee by virtue of his participation in the transaction." *Grayson v. Westwood Buildings L.P.*, 300 Va. 25, 859 S.E.2d 651, 666 (2021). No judgment, designed to unwind a transaction, can be issued in excess of the amounts actually transferred in such transaction. Mr. Garcia's claims in excess of the amounts actually received by Andrew Rubin should be dismissed.

WHEREFORE, Andrew Rubin and Canal View Holdings LLC respectfully requests this Honorable Court grant their Motion to Dismiss and to dismiss this present action as to it, together with any further relief deemed just and proper.

    Respectfully submitted,

    JACKSON & CAMPBELL, P.C.

    _____
    Christopher A. Glaser (VSB No. 43491)
    2300 N Street, N.W.
    Suite 300
    Washington, DC 20037
    Telephone: (202) 457-1600
    Facsimile: (202) 457-1678
    Email: cglaser@jackscamp.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 29th day of June, 2021, a true and accurate copy of the foregoing was served via the Court's CM/ECF system, to:

Laurin H. Mills, Esq.
Samek Werther Mills LLC
2000 Duke St., Suite 300
Alexandria, VA 22314
laurin@samek-law.com

Bethany Benes, Esq.
Bethune Benes, PLLC
3975 Fair Ridge Drive
South Terrace, Suite 25C
Fairfax, Virginia 22033
bbenes@bethunebenes.com

Douglas E. McKinley, Esq.
P.O. Box 7395
Alexandria VA 22307
demckinley@verizon.net

John A. C. Keith, Esq.
Blankingship & Keith, PC
4020 University Drive, Suite 300
Fairfax, VA 22030
jkeith@bklawva.com

Mark Crawford, Esq.
Law Offices of Mark D. Crawford, PLLC
1005 North Glebe Rd, Suite 210
Arlington, VA 22201
mcrawford@mdc-law.com

Douglas E. McKinley, Esq.
P.O. Box 7395
Alexandria VA 22307
demckinley@verizon.net

James P. Miller, Esq.
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
Jim.Miller@ofplaw.com

Milt N. Theologou, Esq.
Silverman Theologou LLP
11200 Rockville Pike, Ste. 520
North Bethesda, MD 20852
mtheologou@silvermanlegal.com

                                                Christopher A. Glaser

5281682v.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## (Alexandria Division)

| | |
|---|---|
| KARL GARCIA, <br><br> Plaintiff, <br><br> v. <br><br> THE RUBIN GROUP, LLC, *et al.* <br><br> Defendants. | Case No. 1:22-cv-00698-LMB-JFA |

## ORDER GRANTING DEFENDANTS ANDREW RUBIN AND CANAL VIEW HOLDINIGS LLC'S MOTION TO DISMISS

The Court, having considered the Motion to Dismiss filed by Defendants, Andrew Rubin and Canal View Holdings LLC any opposition thereto, and the entire record herein, is of the opinion that said motion is well taken and should be and is GRANTED.

The Third Amended Complaint filed by Plaintiff Karl Garcia is hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

SO ORDERED this _____ day of _____, 2022.

_____
UNITED STATES DISTRICT JUDGE

5282798v.1