UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **819D LLC** ) | Case No. 22-101 - ELG |
| ) | (Chapter 7) |
| **Debtor** ) | |
| _____) | |
| ) | |
| **Andrew Rubin and Canal View** ) | |
| **Holdings LLC** ) | |
| ) | |
| **Plaintiffs** ) | |
| v. ) | Adv. Proc. No. 23-10009-ELG |
| ) | |
| **Bryan Ross, Trustee** ) | |
| ) | |
| **Defendant.** ) | |

## MOTION TO INTERVENE

**COME NOW** Michelle Tygier ("Ms. Tygier"), Robert Rubin ("Mr. R. Rubin"), The Rubin Group, LLC ("TRG"), and TR Holdings, LLC ("TRH") (collectively, the "Movants"), by and through counsel, and, pursuant to Federal Rule of Bankruptcy Procedure 7024, files this Motion to Intervene in the above-captioned Adversary Proceeding, and states as follows:

1. This Adversary Proceeding was commenced by the filing of a Complaint for Declaratory Relief, on March 3, 2023, by Andrew Rubin ("Mr. A. Rubin") and Canal View Holdings, LLC ("Canal View"), against Bryan Ross, in his capacity as chapter 7 trustee of the 819D LLC ("819D" or "Debtor") bankruptcy estate.

_____

Christopher L. Rogan, Esquire (#431849)
ROGANMILLERZIMMERMAN, PLLC
50 Catoctin Circle, NE, Suite 300
Leesburg, Virginia  20176
(703) 777-8850/Telephone
(703) 777-8854/Facsimile
crogan@RMZLawFirm.com
*Counsel to Movants*

1

2. By his Adversary Proceeding, Mr. A. Rubin seeks a declaratory judgment by this Court with respect to purported fraudulent conveyance claims that have been alleged against him and others, including Movants.

3. Prior to the Debtor commencing this bankruptcy proceeding, the alleged fraudulent conveyance claims had been asserted in litigation in the Fairfax County, Virginia Circuit Court (the "Fraudulent Conveyance Litigation"), by Karl Garcia ("Mr. Garcia"), who had purchased a residential condominium unit in the District of Columbia from the Debtor.

4. Ms. Tygier was a principal of the Debtor and a named defendant in the Fraudulent Conveyance Litigation.

5. Mr. R. Rubin is Ms. Tygier's husband and a named defendant in the Fraudulent Conveyance Litigation.

6. TRG and TRH are limited liability companies affiliated with Ms. Tygier and/or Mr. R. Rubin, and are also named defendants in the Fraudulent Conveyance Litigation.

7. The Fraudulent Conveyance Litigation has been removed to and is pending in this Court.

8. As defendants in the Fraudulent Conveyance Litigation and target of the fraudulent conveyance claims of Mr. Garcia (which claims now belong to the Debtor's estate), the Movants hold interests in the transaction that is the subject of this pending Adversary Proceeding. Moreover, the Movants are so situated that disposing of this Adversary Proceeding may (will) as a practical matter impair or impede their ability to protect their interests. As such, intervention of right is appropriate under Rule 7024(a).

9. Alternatively, even if the Court does not find that the Movants have a right to intervene, permissive intervention, pursuant to Rule 7024(b), is appropriate. The Movants have claims and/or defenses that share with the main action a common question of law or fact; specifically, whether the alleged fraudulent conveyance(s) occurred, the amount(s) of such conveyances and whether defenses, counter-claims and/or rights of setoff exist.

10. By this Motion to Intervene, the Movants respectfully requests entry of the attached proposed order, granting the Motion and allowing the Movants to intervene as a party to this Adversary Proceeding.

WHEREFORE, based upon the foregoing, Michelle Tygier, Robert Rubin, The Rubin Group, LLC, and TR Holdings, LLC respectfully request entry of the attached Proposed Order granting the Moton to Intervene and such other and further relief as is appropriate.

Dated:  March  30, 2023                           Respectfully submitted,

                                                  RoganMillerZimmernan, PLLC

                                                  Counsel to Movants


      /s/ Christopher L. Rogan
Christopher L. Rogan, Esquire (#431849)
ROGANMILLERZIMMERMAN, PLLC
50 Catoctin Circle, NE, Suite 333
Leesburg, Virginia  20176
(703) 777-8850/Telephone
(703) 777-8854/Facsimile
crogan@RMZLawFirm.com
*Counsel to Movants*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 30th day of March 2023, a true and accurate copy of the foregoing MOTION was served upon the following via first class mail and ECF:

| | |
|---|---|
| Maurice B. VerStandig, Esq. | Justin Fasano, Esq. |
| 1452 W. Horizon Ridge Pkwy, 665 | 6411 Ivy Lane, Suite 200 |
| Henderson, Nevada 89012 | Greenbelt, MD 20770 |
| Counsel to Plaintiff | Counsel to Defendant |

   /s/ Christopher L. Rogan
Christopher L. Rogan, Esq.

4

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **819D LLC** | ) | Case No. 22-101 - ELG |
| | ) | (Chapter 7) |
| **Debtor** | ) | |
| _____ | ) | |
| | ) | |
| **Andrew Rubin and Canal View** | ) | |
| **Holdings LLC** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| v. | ) | Adv. Proc. No. 23-10009-ELG |
| | ) | |
| **Bryan Ross, Trustee** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER GRANTING MOTION TO INTERVENE

**Upon Consideration** of the Motion to Intervene, filed by Michelle Tygier, Robert Rubin, The Rubin Group, LLC, and TR Holdings, LLC (collectively, the "Movants"), and it appearing from the Motion to Intervene that Movants should be permitted to

1

2

intervene in this Adversary Proceeding, pursuant to Federal Rule of Bankruptcy Procedure 7024, it is by this Court

ORDERED that the Motion to Intervene is GRANTED; and it is further

ORDERED that Michelle Tygier, Robert Rubin, The Rubin Group, LLC, and TR Holdings, LLC, shall be and hereby are permitted to intervene as parties in and to the above captioned Adversary Proceeding; and it is further

ORDERED that Movants shall have twenty-one (21) days to file responsive pleadings to the Complaint.

END OF ORDER


Requested by:

_____/s/ Christopher L. Rogan_____
Christopher L. Rogan, Esquire (#431849)
ROGANMILLERZIMMERMAN, PLLC
50 Catoctin Circle, NE, Suite 333
Leesburg, Virginia  20176
(703) 777-8850/Telephone
(703) 777-8854/Facsimile
crogan@RMZLawFirm.com
*Counsel to Movants*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **819D LLC** | ) | Case No. 22-101 - ELG |
|  | ) | (Chapter 7) |
| **Debtor** | ) |  |
| _____ | ) |  |
|  | ) |  |
| **Andrew Rubin and Canal View** | ) |  |
| **Holdings LLC** | ) |  |
|  | ) |  |
| **Plaintiffs** | ) |  |
| v. | ) | Adv. Proc. No. 23-10009-ELG |
|  | ) |  |
| **Bryan Ross, Trustee** | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |

## THIRD-PARTY COMPLAINT

**COME NOW** Third-Party Plaintiffs Michelle Tygier, Robert Rubin, The Rubin Group LLC, and TR Holdings LLC, by and through counsel, and file this Third-Party Complaint against Defendant Bryan Ross, Trustee, and join the Complaint for Declaratory Relief filed by Plaintiffs Andrew Rubin and Canal View Holdings, LLC in the above-captioned Adversary Proceeding, and state as follows:

Introduction

1. This Adversary Proceeding was commenced by the filing of a Complaint for Declaratory Relief, on March 3, 2023, by Plaintiff Andrew Rubin ("A. Rubin") and

_____

Christopher L. Rogan, Esquire (#431849)
ROGANMILLERZIMMERMAN, PLLC
50 Catoctin Circle, NE, Suite 300
Leesburg, Virginia  20176
(703) 777-8850/Telephone
(703) 777-8854/Facsimile
crogan@RMZLawFirm.com
*Counsel to Third-Party Plaintiffs Tygier, R. Rubin,*
*The Rubin Group LLC and TR Holdings LLC*

1

Canal View Holdings, LLC ("Canal View")(collectively, the "Rubin Parties"), against Bryan Ross (the "Trustee" or "Ross"), in his capacity as chapter 7 trustee.

2. Prior to the Debtor commencing this bankruptcy proceeding, Karl Garcia ("Garcia") filed a fraudulent conveyance action in the Fairfax County, Virginia Circuit Court against 819D LLC, the Debtor herein, the Rubin Parties and various other parties, including Michelle Tygier ("Tygier"), Robert Rubin ("R. Rubin"), The Rubin Group LLC ("TRG"), and TR Holdings LLC ("TRH") (collectively, the "Tygier Parties"), (the "Fraudulent Conveyance Litigation").

3. The Fraudulent Conveyance Litigation was removed to this Court and is currently pending as Adversary Proceeding No. 22-10009.

4. This Adversary Proceeding was commenced by the Rubin Parties seeking a declaratory judgment with respect to the purported fraudulent conveyance claims that have been alleged against them and others.

5. The Tygier Parties filed a Motion to Intervene, pursuant to Federal Rule of Bankruptcy Procedure 7024, as their interests are aligned with those of the Rubin Parties in the Fraudulent Conveyance Litigation and this Adversary Proceeding and the issues and claims asserted by and against the Rubin Parties are identical to those asserted by and against the Tygier Parties.

6. The Tygier Parties' Motion to Intervene was granted by this Court's Order entered on April 25, 2023 [A.P. Doc. No. 10].

Parties

7. The Debtor is a District of Columbia limited liability company, which developed and sold residential condominium units in a project located at 819 D Street, NE, Washington, D.C. 20002 (the "Project")

2

8. Garcia was a purchaser of one of the condominium units in the Project (Unit #34) and was the plaintiff in the Fraudulent Conveyance Litigation, prior to its removal.  Garcia also commenced litigation in the D.C. Superior Court (which has also been removed to this Court), related to the purchase of the condominium unit and alleged construction defects and warranty claims.

9. Tygier is an individual resident of Washington, D.C., a principal of the Debtor and a named defendant in the Fraudulent Conveyance Litigation.

10. R. Rubin is an individual resident of Washington, D.C., Tygier's husband and a named defendant in the Fraudulent Conveyance Litigation.

11. TRH, a Washington, D.C. limited liability company, and TRG, a Virginia limited liability company, are both are affiliated with Tygier and R. Rubin and named defendants in the Fraudulent Conveyance Litigation.

12. Ross was appointed and is serving as the chapter 7 Trustee of the Debtor's case, and is Defendant in this Adversary Proceeding.

<u>Joinder of Plaintiffs' Complaint</u>

13. As and for their Third-Party Complaint, the Tygier Parties join Plaintiffs' Complaint and hereby incorporate the factual allegations contained therein as if fully restated.

14. The Fraudulent Conveyance Litigation alleges that the Debtor made various fraudulent conveyances to the Tygier Parties and other related entities between 2017 and 2019.

15. The Tygier Parties deny that any of the distributions or other payments made to them by 819D LLC constituted fraudulent conveyances, for the reasons articulated in the Complaint, including the fact that the Debtor was solvent at the time of

3

the payments and there was no intent to hinder, delay or defraud Garcia or any other creditor.

16. The Tygier Parties are entitled to a declaratory judgment finding that the transfers made to the Tygier Parties do not constitute fraudulent conveyances and are not avoidable under bankruptcy or other applicable state law.

17. The Tygier Parties hereby join the Rubin Parties' Complaint, the allegations asserted therein and the requests for relief, including, specifically, a declaration that the Tygier Parties did not engage in nor receive any fraudulent or otherwise avoidable transfers from or related to 819D LLC.

18. The Tygier Parties join Plaintiffs' request for a declaratory judgment concerning the alleged fraudulent conveyances by the Debtor to the Tygier Parties.

WHEREFORE, Third-Party Plaintiffs Michelle Tygier, Robert Rubin, The Rubin Group LLC, and TR Holdings LLC respectfully request entry of judgment in favor of the Tygier Parties on the Complaint and this Third-Party Complaint and entry of an order declaring that the transfers asserted in the Fraudulent Conveyance Litigation, including, without limitation, any payments made to the Tygier Parties or any of their related entities, did not constitute fraudulent or otherwise avoidable transfers, and for such other and further relief as is just and appropriate.

4

| | |
|---|---|
| Dated: May 16, 2023 | Respectfully submitted, |
| | RoganMillerZimmerman, PLLC |
| | and |
| | Samek Werther Mills LLC |
| | Co-Counsel to Third-Pary Plaintiffs. Michelle A. Tygier, Robert Rubin, The Rubin Group LLC, and TR Holdings LLC |

/s/ Christopher L. Rogan
Christopher L. Rogan, Esquire (#431849)
ROGANMILLERZIMMERMAN, PLLC
50 Catoctin Circle, NE, Suite 333
Leesburg, Virginia  20176
(703) 777-8850/Telephone
(703) 777-8854/Facsimile
crogan@RMZLawFirm.com
*Co-Counsel to Third-Party Plaintiffs Michelle A. Tygier, et al.*

and

/s/  Laurin H. Mills
Laurin H. Mills, Esq.
Samek Werther Mills LLC
2000 Duke Street
Suite 300
Alexandria, Virginia 22314
(703) 547-4693/Telephone
laurin@samek-law.com
*Co-Counsel to Third-Party Plaintiffs Michelle A. Tygier, et al.*

CERTIFICATE OF SERVICE

I hereby certify that, on this 16th day of May, a true and accurate copy of the foregoing Third-Party Complaint was served upon the following via email and ECF:

| | |
|---|---|
| Maurice B. VerStandig, Esq. | Justin Fasano, Esq. |
| Stephen E. Leach, Esq. | Kristen E. Burgers, Esq. |

  /s/ Christopher L. Rogan
Christopher L. Rogan, Esq.

5