## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLUMBIA

In re:                              )          Case No. 22-101-ELG
                                    )
819D LLC                            )          (Chapter 7)
                                    )
      Debtor.               )
                                    )

## NOTICE OF HEARING AND OPPORTUNITY TO OBJECT TO
## MOTION TO APPROVE COMPROMISE

    **PLEASE TAKE NOTICE** that Bryan S. Ross, Trustee ("Trustee") for debtor 819D, LLC ("Debtor"), has filed a *Motion to Approve Compromise* ("Motion"), as set forth below.

    **PLEASE TAKE NOTICE** that if you intend to object to the Motion, you must, by **June 28, 2023,**, file and serve a written objection to the Motion. The objection must be filed with the Clerk of the Bankruptcy Clerk, U.S. Courthouse, 3rd and Constitution Ave., NW, Washington, DC, 20001, and service (by delivery or mailing of copy) upon the undersigned. The objection must contain a complete specification of the factual and legal grounds upon which it is based. You may append legal memorandums, affidavits and documents in support of your objection. **IF YOU FAIL TO FILE A TIMELY OBJECTION, THE MOTION MAY BE APPROVED BY THE BANKRUPTCY COURT WITHOUT A HEARING.** Further, the Court may grant the relief requested without a hearing, if the objection filed states inadequate grounds for denial. Any questions may be directed to the undersigned.

    Please take notice that a hearing will be held on **July 5, 2023 at 10:00 a.m.** on the Motion via Zoom. Parties in interest with questions may contact the undersigned or the courtroom deputy at aimee_mathewes@dcb.uscourts.gov at for Zoom login instructions.

## MOTION TO APPROVE COMPROMISE

    Comes now Bryan Ross (the "Trustee"), in his capacity as trustee of the Chapter 7

banmkruptcy estate of 819D LLC ("819D" or the "Debtor"), pursuant to Federal Rule of

_____
Justin P. Fasano, Esq.
Bar No. MD21201
McNamee Hosea, P.A.
6404 Ivy Lane, Ste 820
Greenbelt, MD 22070
Phone: (301) 441-2420
Facsimile: (301) 982-9450
jfasano@mhlawyers.com
*Counsel for Bryan Ross*

Bankruptcy procedure 9019, and moves to approve the settlement agreement (the "Agreement") attached hereto as Exhibit A, and states as follows:

## I. Introduction

Following extensive negotiations with the various defendants in the case of *Garcia v. 819 Capital, et al.*, Case No. 22-10009-ELG (the "Adversary Case"), the Trustee has reached a near-global settlement. The Agreement will make $150,000 available for creditors.

The details of the Agreement are discussed in more detail below, and are set forth fully in the Agreement. The Trustee believes this is as good an outcome as can be achieved, in the face of extremely contentious and expensive litigation. And the Trustee has elected to enter into this Agreement (subject to court approval) only after working extensively, with his counsel, to assess the Adversary Case, to hear the positions of all the parties to the Adversary Case, to review numerous documents, and to assess various legal issues.

## II. Agreement Terms

The full Agreement is attached as Exhibit A and all parties in interest are advised to review the document itself. By way of brief summary, however, the Agreement provides as follows:

1.    All of the defendants to the Adversary Case will jointly pay $150,000.00.

2.    The $150,000.00 will be divided into two portions: $75,000.00 that will be provided to the Debtor's estate, and another $75,000.00 that will be held to supplement payment of any successful warranty claims against the Debtor.  In the event there are no such claims, that money will be provided to the estate.

3.    All of the defendants to the Adversary Case, except for Christos Economakis and Liliana Economakis, who do not assert claims, will waive any claims against the Debtor's estate.

4.    All of the defendants to the Adversary Case will receive global releases and waivers, including releases of any fraudulent conveyance claims.

5.    The adversary proceeding, seeking a declaratory judgment, previously brought against the Trustee, will be dismissed with prejudice.

### III.    Standard

The Federal Rules of Bankruptcy Procedure specifically provide for the approval of compromises and settlements upon a motion and hearing:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

The United States District Court for the District of Columbia has previously set forth the criteria by which a motion under Federal Rule of Bankruptcy Procedure 9019 is to be evaluated:

> …a bankruptcy judge "need not hold a mini-trial or write an extensive opinion every time he approves or disapproves a settlement."  While neither the Bankruptcy Code nor Bankruptcy Rule 9019 offers guidance as to the criteria a bankruptcy court applies in evaluating a proposed settlement, the parties generally agree that, following the principles of *TMT Trailer Ferry*, the bankruptcy court should consider: (1) probability of success in the litigation; (2) difficulties, if any, with collection; (3) the complexity of the litigation, including the expense, inconvenience and delay attendant to the litigation; and (4) the interest of creditors.

*Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521, 554 (D. D.C. 2008), *aff'd sub nom. Greater Se. Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1 (D.C. Cir. 2009) (quoting *In re Fishell*, 47 F.3d 1168 (6th Cir.1995); *citing Southern Med. Arts Companies, Inc.*, 343 B.R. 250, 256 (10th Cir. BAP 2006); *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007); *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968)).

### IV.    Argument: The Agreement Should be Approved

The Agreement is a reasonable exercise of the Trustee's business judgment, and provides for a resolution of the Adversary Case above the lowest range of an outcome that could be reasonably anticipated. The Agreement will also bring money into the estate, spare the estate from expensive litigation, and bring the Adversary Case near to a close. The Agreement should be approved.

In considering probability of success in litigation, the Trustee believes he might succeed if the Adversary Case were to proceed, but is also worried about certain potential obstacles. Some of the defendants have raised issues concerning the application of Virginia law to this case, and it appears the sale of a Washington, DC condominium – from a Washington, DC company, to a Florida resident – may not be the sort of transaction likely to be considered under Virginia law. The defendants have also argued the Debtor was effectively solvent at all times, between cash, a bond, and insurance. And it is very possible that any recovery on a warranty claim would be for less than the monies available under that insurance policy, coupled with the bond and cash on hand. So while the Trustee does not know for sure that he could not succeed on the claims, he does believe that it is more likely than not that the estate would lose on a fraudulent conveyance claim against the defendants.

Difficulties with collection are mostly uncertain. It appears various defendants have assets that could be seized in connection with collection proceedings, but the Trustee has not seriously evaluated any collection issues. This factor was not a significant part of the Trustee's consideration in reaching the Agreement.

The complexity of the litigation, on the other hand, was a significant factor in reaching a settlement. This is a case that has been pending for years. The case has only been growing more and more complicated in this court.  This is a case that would have required assessment of the

Debtor's solvency (likely requiring an expert witness), the tracing of money (also potentially requiring an expert witness), and examination of warranty claims (no doubt requiring at least one expert witness). An enormous amount of time and money would have gone into prosecuting this case, and the Trustee would have needed to succeed at every turn of the case.

Finally, a settlement is in the best interests of creditors as a whole because it brings money into the estate, lessens the size of the claims register, reserves money for warranty claims, and allows the litigation to end.

**Conclusion**

WHEREFORE, the Trustee asks the Agreement be approved and for such other and further relief as may be just and proper.

Dated: May 31, 2023                Respectfully submitted,

                        /s/ Justin P. Fasano
                        Janet M. Nesse, Esq.
                        Justin P. Fasano, Esq.
                        6411 Ivy Lane, Suite 200
                        Greenbelt, Maryland 20770
                        (301) 441-2420: Telephone
                        (301) 982-9450: Facsimile
                        jnesse@mhlawyers.com
                        jfasano@mhlawyers.com
                        *Attorneys for the Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2023, a true and correct copy of the foregoing was served by CM/ECF upon all parties receiving notice thereby, and by first class mail, postage prepaid, to the attached list of creditors.

                        /s/ Justin P. Fasano
                        Justin P. Fasano

<u>**SETTLEMENT AGREEMENT**</u>

THIS SETTLEMENT AGREEMENT (the "Agreement") is made as of the date upon which it is approved by the United States Bankruptcy Court for the District of Columbia (the "Effective Date"), by and between Bryan Ross in his capacity as the trustee of the bankruptcy estate of 819D LLC (the "Trustee," with the underlying estate being referred to herein as the "Estate" and the debtor in bankruptcy being referred to herein as "819D" or the "Debtor"), The Rubin Group LLC ("Rubin Group"), 819 Capital LLC ("819 Capital"), K Street Holdings LLC ("K Street"), TR Holdings LLC ("TR Holdings"), 2233-40th Partners LLC ("2233"), South Glebe LLC ("South Glebe"), Woodmore Partners LLC ("Woodmore"), TRG Development LLC ("TRG"), 638 Newton Partners LLC ("638 Newton"), Andrew Rubin ("A. Rubin"), Michelle A. Tygier ("Ms. Tygier"), Robert Rubin ("R. Rubin"), Canal View Holdings LLC ("Canal View"), Gregory Auger, II ("Auger II"), Gregory Auger, III ("Auger III"), Thomas D. Madison ("Mr. Madison") and Jeffrey Houle ("Mr. Houle") (Rubin Group, 819 Capital, K Street, TR Holdings, 2233, South Glebe, Woodmore, TRG, 638 Newton, A. Rubin, Ms. Tygier, R. Rubin, Canal View, Auger II, Auger III, Mr. Madison and Mr. Houle being collectively known as the "Settling Defendants," and each sometimes referred toas a "Settling Defendant") (the Trustee and the Settling Defendants being collectively referred toas the "Parties" and each sometimes known as a "Party").

WHEREAS, on June 19, 2022, 819D filed a petition for relief, pursuant to Section 301 of Title 11 of the United States Code, and thereby commenced case number 22-101-ELG in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Proceeding," with the court being referred to as the "Bankruptcy Court") as a debtor-in-possession under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, on July 29, 2022, the matter of *Garcia v. Rubin Group LLC, et al.*, originally filed as case number CL-2020-17040 in the Circuit Court for Fairfax County, Virginia and thereafter removed to the United States District Court for the Eastern District of Virginia, before being transferred to the United States District Court for the District of Columbia, was referred to the Bankruptcy Court, thereby initiating adversary proceeding case number 22-10010-ELG (the "Adversary Proceeding"); and

WHEREAS, on October 12, 2022, the Bankruptcy Court entered an order converting the Bankruptcy Proceeding to a case under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on October 12, 2022, the Trustee was appointed to serve as the interim Chapter 7 Trustee of the Debtor's Estate, with such appointment thereafter being made permanent by operation of law; and

WHEREAS, the Adversary Proceeding alleges, *inter alia*, that the Settling Defendants orchestrated, facilitated, engaged in, benefited from, and/or were otherwise parties to one or more avoidable conveyances of money, in connection with the operation of the Debtor's business and the flow of monies to the equity interests and derivative equity interests thereof; and

WHEREAS, the Trustee, upon appointment, assumed the rights and powers of creditors of the Debtor insofar as such rights and powers relate to the pursuit of civil actions for the avoidance of conveyances of money; and

WHEREAS, on March 3, 2023, A. Rubin and Canal View filed an adversary proceeding, against the Trustee, seeking declaratory relief concerning the existence, *vel non*, of any fraudulent conveyances of the Debtor benefiting A. Rubin and/or Canal View, and thereby commenced adversary proceeding number 23-10009-ELG in the Bankruptcy Court (the "DJ Adversary

Proceeding"), in which proceeding Ms. Tygier, R. Rubin, TR Holdings and Rubin Group intervened as third-party plaintiffs; and

WHEREAS, there exists a desire between and amongst the Parties to amicably resolve all claims, causes, and actions – alleged or which could have been alleged in the Adversary Proceeding, the DJ Adversary Proceeding, and otherwise – that now exist, whether known or unknown, between each and any of the Settling Defendants on the one hand and each and any of the Trustee, the Debtor, and the Estate on the other hand;

IT IS NOW, THEREFORE, agreed by and between the Parties, and for their respective heirs, personal representatives, agents, officers, directors, members, equity holders, successors, abandonees, and assigns, in consideration of the mutual covenants, promises, and agreements contained herein, the sufficiency and receipt of which is acknowledged by all Parties hereto, that:

1. **Payment to Estate**. The Settling Creditors shall cause to be paid to the Estate, in the care of the Trustee, the sum of Seventy Five Thousand Dollars and No Cents ($75,000.00) (the "Estate Settlement Sum"), in the lawful currency of the United States, within five (5) days of the Effective Date. The Settling Creditors may apportion or prorate payment of the Estate Settlement Sum, between and amongst themselves, as they see fit, without disclosure of such apportionment or proration.

2. **Payment to Trust**. The Settling Creditors shall cause to be paid, to the IOLTA account of the Trustee's counsel of record in the Bankruptcy Proceeding, the sum of Seventy Five Thousand Dollars and No Cents ($75,000.00) (the "Trust Settlement Sum"), in the lawful currency of the United States, within five (5) days of the Effective Date. The Settling Creditors may apportion or prorate the Trust Settlement Sum, between and amongst themselves, as they see fit, without disclosure of such apportionment or proration.

3.     **Trust Settlement Sum**. The Trust Settlement Sum shall be held by counsel of record for the Trustee, in the IOLTA account of said counsel, and made available for payment to Karl Garcia ("Mr. Garcia") and/or Sanctuary Condominium Unit Owners Association (the "HOA") should either or both of Mr. Garcia and the HOA succeed in obtaining a final, non-appealable judgment against the Debtor that may be satisfied by a warranty bond held by the Debtor (a "Qualifying Judgment"), with the Trust Settlement Sum acting as a supplement to said warranty bond.

a.     **Nature of Trust Settlement Sum**. Except as expressly provided for herein, the Trust Settlement Sum shall not become an asset of the Debtor's estate, shall not accrue to the benefit of the Trustee, and shall not be available for distribution by the Bankruptcy Court or the Trustee.

b.     **Release of Trust Settlement Sum**. Should Mr. Garcia and/or the HOA succeed in obtaining a Qualifying Judgment, then such Qualifying Judgment shall (i) first, be paid by any insurer obligated to make such payment; (ii) second, be paid through said warranty bond; (iii) third, be paid with any monies of the Debtor or the Estate available for said payment; and (iv) fourth, be paid from the Trust Settlement Sum. Neither Mr. Garcia nor the HOA shall receive more than one half of the Trust Settlement Sum until the earlier of (a) such time as the claims of Mr. Garcia and the HOA, against the Debtor, for breach of any warranty supported by a bond held by the Debtor, are subject to the entry of a final, non-appealable order; or (b) December 31, 2025. The requirement of entry of a final, non-appealable order by a court of competent jurisdiction shall not be deemed a waiver of the Debtor's right to have any and all claims of Mr. Garcia and/or the HOA arbitrated but, rather, is a mere acknowledgement of the allowances of Section 9 of Title 9 of the United States Code. If Mr. Garcia and the HOA shall both obtain a Qualifying Judgment against

the Debtor, the Trust Settlement Sum shall be distributed between and amongst Mr. Garcia and the HOA in equal parts, without proration, provided such distribution not result in Mr. Garcia or the HOA receiving a sum greater than their respective Qualifying Judgment.

c. **Escheatment of Trust Settlement Sum**. Should part or all of the Trust Settlement Sum remain undistributed upon the occurrence of the earlier of (a) such time as the claims of Mr. Garcia and the HOA, against the Debtor, for breach of any warranty supported by a bond held by the Debtor, are subject to the entry of a final, non-appealable order, of a court of competent jurisdiction; or (b) December 31, 2025, then the remaining portion (or, if applicable, the whole) of the Trust Settlement Sum shall escheat to the Debtor's estate. Should the Debtor's estate be closed prior to such time, the remaining portion (or, if applicable, the whole) of the Trust Settlement Sum shall escheat to the Debtor. Should the Debtor's estate be closed prior to such time, and the Debtor formally dissolved prior to such time, the remaining portion (or, if applicable, the whole) of the Trust Settlement Sum shall escheat to the equity holders of the Debtor, as such existed at the time of formal dissolution.

4. **Manner of Payment**. The Settling Defendants shall make the payment called for in Section 1 hereof either by (i) check, drawn from the trust account(s) of any lawyer(s) who represents one or more of the Settling Defendants; or (ii) wire transfer, from the trust account(s) of any lawyer(s) who represents one or more of the Settling Defendants.

5. **Release of Settling Defendants and Related Parties.** The Trustee and the Estate, on behalf of the Debtor, their respective selves, directors, shareholders, members, officers, attorneys, agents, successors, abandonees, subsidiaries, parents, affiliates, creditors, heirs and assigns, do hereby settle, release, waive, remise and discharge each and every of the Settling Defendants (collectively with Christos Economakis and Liliana Economakis, the "Released

Parties"), from all causes of action, claims, rights, or demands, whatsoever, whether sounding in law or equity, whether known or unknown, whether direct or derivative, which any of the Debtor, Estate and/or Trustee have or ever had against any or all of the Released Parties, since the beginning of time through the Effective Date. For the avoidance of doubt, this release shall be construed in the broadest terms permitted by controlling law, and shall be inclusive of all claims, causes, and actions brought in the Adversary Proceeding and the Bankruptcy Proceeding, as well as any claims, causes and actions – known or unknown – that could be brought by the Trustee against any one or more of the Released Parties. This release includes all claims, causes and actions that could be brought derivatively through any third party, whether natural or legal, under any law, doctrine, ordinance, or other theory. This release shall equally apply to any claims, causes or actions acquired by the Trustee – or any agent of the Trustee – from any third party, whether acquired before or after the Effective Date, and any such acquisition shall have the legal effect of extinguishing such claim(s), cause(s), and/or action(s). Notwithstanding the foregoing, nothing herein shall waive or release rights and obligations of the Settling Defendants under this Agreement.

6. **Right to Interplead**. Counsel of record for the Trustee may interplead the Trust Settlement Sum, in whole or part, into the United States Bankruptcy Court for the District of Columbia, at any time, for any reason or no reason at all. Upon interpleading such monies, counsel for the Trustee shall be obligated only to ensure that notice of said interpleader action is properly given to all cognizable parties in interest, and counsel for the Trustee shall thereafter be relieved of any obligations under Section 3 of this Agreement.

7. **Release of Trustee and Estate.** The Settling Defendants, on behalf of their respective selves, directors, shareholders, members, officers, attorneys, agents, successors,

subsidiaries, parents, affiliates, heirs and assigns, do hereby settle, release, waive, remise and discharge the Trustee and the Estate from all causes of action, claims, rights, or demands, whatsoever, whether sounding in law or equity, whether known or unknown, whether direct or derivative, which any the Settling Defendants have or ever had against the Trustee or the Estate, since the beginning of time through the Effective Date. For the avoidance of doubt, this release shall be construed in the broadest terms permitted by controlling law, and shall be inclusive of all claims, causes, and actions brought in the Adversary Proceeding, the DJ Adversary Proceeding, and the Bankruptcy Proceeding, as well as any claims, causes and actions – known or unknown – that could be brought by the Settling Defendants against the Trustee and/or Estate. This release shall include a release of any proofs of claim filed by the Settling Defendants in the Bankruptcy Proceeding. Notwithstanding the foregoing, nothing herein shall waive or release rights and obligations of the Trustee and Estate under this Agreement and shall not constitute a waiver or release of the Settling Defendants' or any of their respective direct or indirect equity interests in the Debtor.

8.    **Dismissal of DJ Adversary Proceeding**. Within three (3) business days of the order approving this Agreement becoming final and non-appealable, A. Rubin, Canal View, Ms. Tygier, TR Holdings, Rubin Group, and R. Rubin shall cause a joint stipulation of dismissal, in the form attached hereto as Exhibit A, to be filed in the DJ Adversary Proceeding.

9.    **Dismissal of Adversary Proceeding**. Within three (3) business days of the later of the order approving this Agreement becoming final and non-appealable and the Trust Settlement Sum and the Estate Settlement Sum being paid, the Settling Defendants and the Trustee shall undertake best efforts to file, in the Adversary Proceeding, a motion to have said proceeding dismissed, with prejudice, against the Released Parties. Nothing herein shall be construed to

prohibit the Trustee from continuing to prosecute the Adversary Proceeding against any persons who are not Released Parties.

10. **Retention of Jurisdiction.** The Parties agree, except as otherwise set forth above, that the Bankruptcy Court shall retain jurisdiction to adjudicate any disputes concerning this Agreement or concerning any subject matter arising from or otherwise related to this Agreement. Said jurisdiction shall be retained even after closure of the Bankruptcy Proceeding, and without regard to the ultimate disposition of the Bankruptcy Proceeding. If any dispute arising under, related to, or impacting the subject matter of this Agreement is brought or continued in any other tribunal, the Parties agree the same shall be properly removed to the Bankruptcy Court, pursuant to the allowances of Section 1452 of Title 28 of the United States Code. If any dispute arising under, related to, or impacting the subject matter of this Agreement is brought or continued in any tribunal outside the District of Columbia, the Parties agree such dispute shall be removed to the United States District Court for the judicial district where such civil action is pending and the Parties shall thereafter stipulate to the transfer of said dispute to the United States Bankruptcy Court for the District of Columbia. To the greatest extent permitted by controlling law, the Parties agree to not contest such removal. The Parties do each irrevocably consent to the personal jurisdiction of the Bankruptcy Court.

11. **Further Assurances.** The Parties shall execute such further and additional documents as may be necessary to effectuate the terms of this Agreement.

12. **No Admission of Liability.** Neither the Settling Defendants nor the Trustee enter into this Agreement for purposes of admitting any liability and, to the contrary, this Agreement is entered into solely out of a desire to resolve the Adversary Proceeding, the DJ Adversary

Proceeding, and related matters without incurring further efforts and expenses associated with said litigation.

13. **Terminology.** When the masculine gender is used herein, it shall also mean the feminine gender, where appropriate, and the plural shall mean the singular, and vice-versa, where appropriate. The words "and" and "or" shall be construed as meaning "and/or" except where contextually inappropriate.

14. **Entire Understanding.** This Agreement contains the entire understanding between the Parties. No modification or waiver of any of the terms of this Agreement shall be valid unless made in writing and signed by the Parties in a manner no less formal than that with which this Agreement is executed.

15. **Savings Clause.** If any provision of this Agreement is held to be invalid or unenforceable, all other provisions shall nevertheless continue in full force and effect.

16. **No Waiver**. Any waiver or breach or default of this Agreement shall not be deemed a waiver of any subsequent breach or default. If any Party fails in due performance of any of his or her obligations hereunder, the aggrieved Party shall have the right to sue for damages for the breach thereof, or to seek other legal remedies as may be available to him or her, and the defaulting Party shall pay the reasonable legal fees and expenses incurred by the aggrieved Party as a result of the breach.

17. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed to be an original instrument but all of which together shall constitute one agreement. Signature pages transmitted via facsimile or by email in Portable Document Format (PDF) shall be deemed original signatures for all purposes. This Agreement may be executed in duplicate and the duplicate shall have the same force and effect as if it were the original copy. This

Agreement may be executed by electronic means if done through a reputable third party purveyor of electronic signatures, with DocuSign and Adobe expressly being such reputable third party purveyors.

18.     **Governing Law.** This Agreement shall be governed by and interpreted in accordance with the laws of the District of Columbia, except as otherwise set forth above.

19.     **Headings.** The headings used in this Agreement are for ease of reference only and shall not be deemed a substantive portion of this Agreement.

20.     **Construction.** This Agreement shall be construed without regard to any presumption or other rule of law requiring construction against the party who caused it to be drafted.

21.     **Judicial Approval.** This Agreement shall not become effective unless and until approved by the Bankruptcy Court; should such approval be denied with prejudice, this Agreement shall be regarded as void ab initio.

22.     **Recitals.** The above recitals form an integral and substantive part of this Agreement and are incorporated herein by reference.


**[CONTINUED ON FOLLOWING PAGE]**

IN WITNESS WHEREOF, and being fully advised by their attorneys in the premises, the Parties hereto have hereunder subscribed their names and seals to this Agreement.

THE RUBIN GROUP LLC

_____

_____
Date

By:
Its: Authorized Agent

819 CAPITAL LLC

_____

_____
Date

By:
Its: Authorized Agent

K STREET HOLDINGS LLC

_____

_____
Date

By:
Its: Authorized Agent

TR HOLDINGS LLC

_____

_____
Date

By:
Its: Authorized Agent

2233-40TH PARTNERS LLC

_____

_____
Date

By:
Its: Authorized Agent

SOUTH GLEBE LLC

_____      _____
Date                         By:
                             Its: Authorized Agent


WOODMORE PARTNERS LLC

_____      _____
Date                         By:
                             Its: Authorized Agent


TRG DEVELOPMENT LLC

_____      _____
Date                         By:
                             Its: Authorized Agent


638 NEWTON PARTNERS LLC

_____      _____
Date                         By:
                             Its: Authorized Agent


CANAL VIEW HOLDINGS LLC

_____      _____
Date                         By:
                             Its: Authorized Agent


_____      _____
Date                         Andrew Rubin


_____      _____
Date                         Michelle A. Tygier

_____          _____
Date                             Robert Rubin


_____          _____
Date                             Gregory Auger, II


_____          _____
Date                             Gregory Auger, III


_____          _____
Date                             Thomas D. Madison


_____          _____
Date                             Jeffrey Houle


_____          _____
Date                             Bryan Ross
                                 *In His Capacity as Trustee of the Chapter*
                                 *7 Estate of 819D LLC*

Exhibit A
(Joint Stipulation of Dismissal with Prejudice in DJ Adversary)

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the Plaintiffs*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 22-101-ELG |
| | ) | |
| 819D LLC | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| | ) | |
| Andrew Rubin, et a. | ) | |
| | ) | Adversary Case No. 23-10009-ELG |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Bryan Ross, in his official capacity | ) | |
| as chapter 7 trustee of the chapter 7 | ) | |
| estate of 819D LLC | ) | |
| | ) | |
| Defendant, | ) | |

### <u>JOINT STIPULATION OF DISMISSAL WITH PREJUDICE</u>

Come now Bryan Ross, in his Official Capacity as Trustee of the Estate of 819D LLC (the

"Trustee"), Canal View Holdings LLC ("Canal View"), Andrew Rubin ("A. Rubin"), Michelle

Tygier ("Ms. Tygier"), TR Holdings LLC ("TR Holdings"), The Rubin Group LLC ("Rubin

Group"), and Robert Rubin ("R. Rubin"), by and through respective undersigned counsel, pursuant

to Federal Rule of Bankruptcy Procedure 7041 and Federal Rule of Civil Procedure

41(a)(1)(A)(ii), and hereby stipulate to dismissal of the above-captioned proceeding, *with*

*prejudice*.

Respectfully submitted,

Dated:

By: _____
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the Plaintiffs*

By: _____
Justin P. Fasano, Esq.
Bar No. MD21201
McNamee Hosea, P.A.
6404 Ivy Lane, Ste 820
Greenbelt, MD 22070
Phone: (301) 441-2420
Facsimile: (301) 982-9450
jfasano@mhlawyers.com
*Counsel for the Defendant*

By: _____
Christopher Rogan, Esq.
Bar No. 431849
Rogan Miller Zimmerman, PLLC
50 Catoctin Circle, NE
Suite 300
Leesburg, VA 20176
Telephone: (703) 777-8850
crogan@rmzlawfirm.com
*Counsel for the Intervenors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of _____, 2023, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein.

_____
Maurice B. VerStandig