Office of United States Trustee
Sara Kathryn Mayson
Trial Attorney, NC Bar # 55280
1725 Duke Street, Suite 650
Alexandria, VA 22314
(703) 557-0423
sara.kathryn.mayson@usdoj.gov

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** <br><br> **819D LLC,** <br><br> **Debtor.** | Case No. 22-00101 - ELG <br><br> Chapter 7 |

## LIMITED OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO HIRSCHLER FLEISCHER'S FEE APPLICATION

Gerard R. Vetter, the Acting United States Trustee for Region 4 (the "U.S. Trustee"), by and through his undersigned counsel, hereby files this limited objection to the First and Final Application of Hirschler Fleischer (the "Firm") as Bankruptcy Counsel to the Former Chapter 11 Debtor in Possession, For Final Allowance and Authorization of Compensation and Reimbursement of Expenses ("Fee Application") (Doc. No. 166). In support of his objection, the U.S. Trustee represents and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(1). Venue is proper in this district under 28 U.S.C. § 1408.

2. Pursuant to 11 U.S.C. § 307, the U.S. Trustee for Region 4, which includes the District of Columbia, under 28 U.S.C. § 581(a)(7), has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

3. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, he is charged with a number of supervisory responsibilities in reorganization bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring applications filed under section 327 of title 11. 28 U.S.C. § 586(a)(3)(I).

**FACTUAL BACKGROUND**

4. The Debtor previously owned certain real property located at 819 D Street, NE, Washington, DC 20002 (the "Property"). The Property consists of an old church and two row houses, with 30 residential units.

5. The Debtor began selling the residential units in late 2016 and sold the last unit in late 2017.

6. The Debtor has been engaged in several lawsuits, both in the District of Columbia and in Virginia.

7. On October 30, 2020, the purchaser of one of the Debtor's residential units filed a complaint against the Debtor and 19 other defendants in the Circuit Court of Fairfax County, Virginia, captioned *Garcia v. The Rubin Group LLC et al.* (Case No. CL-2020-17040). Included in the listed defendants in the Fairfax County suit are Canal View Holdings LLC ("CVH") and Andrew Rubin, among others.

8. On June 19, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

9. On October 12, 2022, the case was converted to chapter 7.

10. On July 5, 2023, the Firm filed their Final Application for Compensation seeking $156,429.50 in fees and $1,501.58 in expenses.

## ARGUMENT

11. The award of professional fees in a bankruptcy proceeding is governed by section 330 of the Bankruptcy Code, which provides that a Court may award "reasonable compensation for actual, necessary services" rendered by an attorney and by any professional or paraprofessional employed by such attorney. § 330(a)(1)(A).

12. In determining reasonableness, the court may consider (i) the time spent, (ii) the rates charged, (iii) whether the services performed were necessary or beneficial to the completion of the case, (iv) whether the time spent on the services were "commensurate with the complexity, importance, and nature of the problem, issue, or task addressed," (v) the skill of the person seeking compensation, and (vi) whether the compensation sought is reasonable "based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." 11 U.S.C. § 330(a)(3).

13. Moreover, under § 330(a)(4), the court may disallow compensation for either unnecessary or duplicative services or services that were not reasonably likely to benefit the estate or necessary to the administration of the estate.

14. "The party requesting the fees has the 'burden of proof as to entitled to and reasonableness of' those fees." *In re Village Apothecary, Inc.*, 45 F.4th 940, 946 (6th Cir. 2022) (quoting *In re McLean Wine Co.*, 463 B.R. 838, 846 (Bankr. E.D. Mich. 2011)). "This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available or distribution to the creditors or for use by the debtor." *In re Ellipso, Inc.*, 462 B.R. 241, 252 (Bankr. D.D.C. 2011) (quoting *In re Williams*, 378 B.R. 811, 822 (Bankr. E.D. Mich. 2007)).

15. "In this Circuit, to determine the reasonableness of fees, applications for compensation are analyzed under a three-part process that determines a lodestar'—consisting of (1) the reasonable hourly rate for each person for whom compensation is requested, and (2) the number of hours reasonably expended by each such person—and then determines (3) any adjustments warranted to the lodestar." *In re Taiwo*, No. 20-00157, 2021 WL 850533, at *4 (Bankr. D.D.C. Mar. 5, 2021) (citations omitted).

16. "If the hours and rates are reasonable, then the fees are compensable under § 330(a)(4), but the bankruptcy court may still (in its discretion) reduce those fees under § 330(a)(3)." *In re Village Apothecary, Inc.*, 45 F.4th at 952.

17. "In determining whether to grant an application for compensation for attorneys' fees, 'courts objectively consider whether the services rendered were reasonably likely to benefit the estate from the perspective of the time when such services were rendered." *In re Ellipso, Inc.*, 462 B.R. at 252 (quoting *In re Value City Holdings, Inc.*, 436 B.R. 300, 305 (Bankr. S.D.N.Y. 2010)).

18. "To be sure, when determining the amount of reasonable compensation to be awarded under Section 330, a bankruptcy court may 'not determine 'reasonableness' through hindsight' because a 'decision reasonable at first may turn out wrong in the end.' Instead, '[t]he test is an objective one, and considers "what services a reasonable lawyer or legal firm would have performed in the same circumstances."'" *In re Tribeca Mkt., LLC*, 516 B.R. 254, 276 (S.D.N.Y. 2014) (internal citations omitted).

19. "[B]ankruptcy courts have wide discretion in awarding compensation to attorneys, trustees, and professionals so long as it is reasonable." *In re Mkt. Ctr. E. Retail Prop., Inc.*, 730 F.3d 1239, 1246 (10th Cir. 2013) (quotation and citations omitted).

20. Section 330 provides the court with authority to "award compensation that is less than the amount of compensation that is requested." § 330(a)(2).

21. In this case, the Firm impermissibly double billed numerous entries. The U.S. Trustee has identified at least 25 instances of unnecessary double billing. This double billing was both billing the same activity under different categories by the same attorney or having the two attorneys bill for the same activity (internal office meetings, attending court hearings, etc). These double billing instances should be disallowed as improper and unnecessary.

22. It does not appear that billing records were reviewed prior to submission, indicating a lack of careful consideration of the estate's assets and appropriate request for compensation. For example, one attorney billed one hour of time for "Attended bankruptcy practice group meeting" on July 19, 2022. This is not something that should have ever been billed to this client.

23. The fees requested are also unreasonable. Many administrative tasks, such as filing documents, researching forms, or preparing exhibits, for example, were billed at an attorney rate. One attorney charged her full hourly rate for travel to the Bankruptcy Court. This, at the very least, should have been billed at half rate. There are also concerns about the amount of time spent on certain tasks. While it is difficult to judge exactly the appropriate amount of time, the reasonableness of experienced attorneys spending 3.9 hours on their application to employ (prior to any objections being filed), 6 hours on a notice of removal, 18.7 hours on a motion and memorandum to transfer venue, 25.1 hours on opposition to a motion to dismiss, 27 hours on a motion to lift the automatic stay, and 9.8 hours on preparing a response/opposition to a motion for remand seems excessive. It is also unclear if these actions were for the benefit of the

estate or for the benefit of an insider. Again, it is on the burden of the applicant to prove that the amount of time spent on these was necessary and reasonable.

24. Several entries are also vague, such as conferences just about general case, the filing of emails, and issues with the employment application.

25. The U.S. Trustee also has concerns around the fees requested and partner-heavy staffing and improper delegation of work among attorneys. Much of the work performed by partners was below their paygrade and should have been performed by junior level attorneys with lower billing rates. There appears to be little effort by the Firm to staff the case efficiently or ensure that work was delegated appropriately. This is especially where there were only partners for the entirety of the case performing all of the work.

WHEREFORE, the U.S. Trustee respectfully requests that this Court to deny, in full or in part, approval of the Fee Application and for such other and further relief as may be equitable and just.

July 24, 2023

           GERARD R. VETTER, III
           ACTING U.S. TRUSTEE, REGION 4

           By: */s/ Sara Kathryn Mayson*
           Sara Kathryn Mayson
           Trial Attorney, NC Bar # 55280
           1725 Duke Street, Suite 650
           Alexandria, VA 22314
           (703) 557-0423 (Direct Dial)
           (202) 841-8501 (Office Cell)
           sara.kathryn.mayson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, I caused a true copy of this objection was served to be served via the Court's CM/ECF system upon all counsel who have entered an appearance in this case.

I hereby further certify that the following persons by first class U.S. mail, or by notice of electronic filing:

By first-class mail:

**819D, LLC**
1423 Sharps Point Road
Annapolis, MD 21409

*Debtor*

*/s/ Sara Kathryn Mayson*
Sara Kathryn Mayson
Trial Attorney
