# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| 819D, LLC, | ) | 22-00101-ELG |
| | ) | CHAPTER 7 |
| DEBTOR. | ) | |
| | ) | |

## MOTION TO APPROVE SETTLEMENT AND SELL RELATED CAUSE OF ACTIONS

Bryan S. Ross, Trustee ("Trustee") for debtor 819D, LLC ("Debtor"), hereby files this Motion ("Motion") to approve the sale of certain claims to Karl Garcia ("Mr. Garcia") pursuant to a certain Settlement Agreement ("Settlement") between Mr. Garcia and the Trustee under 11 U.S.C. § 363(b), and to approve certain compromises with Mr. Garcia pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019, and states to the Court as follows:

## RELIEF REQUESTED

1. The Trustee requests that the Court approve the sale of the Litigation Claims (as defined in the Settlement) consistent with the terms of the Settlement, and approve the compromises contained therein.

## APPLICABLE AUTHORITY

2. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The proposed transaction represents the exercise of

_____
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

reasonable business judgment by the Trustee. *See In re Meredith*, 2005 WL 3763840 (Bankr.E.D. Va. 2005); *In re Delaware & Hudson Rwy. Co.*, 124 B.R. 169 (D. Del. 1991); *In re Titusville County Club*, 128 B.R. 396 (Bankr. W.D. Pa. 1991).

3. In determining whether a sale satisfies this business judgment standard, courts require a showing that (i) there is a sound business reason for the sale; (ii) accurate and reasonable notice of the sale has been given; (iii) the sale will yield an adequate price (*i.e.*, one that is fair and reasonable), and (iv) the parties to the sale have acted in good faith. *See, e.g., In re Tempo Tech. Corp.*, 202 B.R. 363, 365 (D. Del. 1996); *Titusville Country Club*, 128 B.R. at 399. The proposed sale of the Claims pursuant to the Settlement satisfies this standard.

4. In this case, the Trustee has determined that it is not in the best interest of the estate to pursue the Claims using limited estate funds available. The Trustee does not believe that counsel would likely pursue the Claims on a pure contingency fee arrangement or that any other person or entity seeks to purchase the Claims. Settlement discussions with Defendants have not resulted in significant settlement offers. To the extent that the Claims require the proof of the Debtor's insolvency at the time of each transfer, they will require proof of Mr. Garcia's underlying claims based on the sale of a defective condominium unit. This will require both the significant participation of Mr. Garcia as well as the payment of experts. The Trustee has no funds to pay experts. Finally, certain of the Claims may overlap with claims to be asserted independently by Mr. Garcia. Consolidating all claims with Mr. Garcia will facilitate settlement. Accordingly, a sound business reason exists for the sale.

5. The Claims are based on transfers made by the Debtor more than five years before the bankruptcy petition. The claims were timely commenced by Mr. Garcia but became property of the estate upon the filing of the bankruptcy. Because Mr. Garcia timely

commenced the Claims, the Trustee has standing to pursue them. *See In re Kaufman & Roberts, Inc.*, 188 B.R. 309 (1995); *In re Andersen*, 166 B.R. 516 (Bankr. D. Conn. 1994).

6. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." In turn, Rule 9019(a) provides that: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements are "'a normal part of the process of reorganization.'" *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (*quoting Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).

7. The decision whether to approve a compromise under Rule 9019 is committed to the discretion of the Court, which must determine if the compromise or settlement is fair and equitable. *See In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243 (D. Del. 1998). The Court is not required to conduct a "mini-trial" of the underlying case, but instead must only decide whether the settlement proposed falls "below the lowest point in the range of reasonableness." *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (citations omitted); *see also In re Jasmine, Ltd.*, 258 B.R. 119, 123 (D.N.J. 2000).

8. Factors the Court should consider when evaluating a settlement under Bankruptcy Rule 9019 include: (i) the probability of success in the litigation; (ii) the complexity, expense and likely duration of the litigation; (iii) all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise, including potential difficulties in collection, if any; and (iv) whether the proposed compromise is fair and equitable to the debtor, its creditors, and other parties in interest. *See Protective Comm. for Indep. Stockholders*, 390

U.S. at 424; *In re Frye*, 216 B.R. at 174; *In re Austin*, 186 B.R. at 400; *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (stating that "[t]o minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy" and citing criteria set forth above in determination of reasonableness of particular settlements) (internal quotation marks and citation omitted); *Official Committee of Unsecured Creditors v. White Plains Joint Venture*, 1994 U.S. App. LEXIS 1282, at *10 (4th Cir. Jan. 26, 1994) (compromises are favored in bankruptcy).

9. Mr. Garcia has hired counsel and will pay the costs associated with pursuing the Claims. The division of any net proceeds is appropriate in light of the risk Mr. Garcia will undertake in pursuing the Claims. The agreement will limit Chapter 7 administrative claims. In short, the estate will bear no risk and will only share in any upside. The sale price and settlement is therefore fair and reasonable.

10. Mr. Garcia and the Trustee have acted in good faith in proposing this sale and settlement.

11. For all of the foregoing reasons, the proposed sale is in the best interest of the estate and should be approved.

## **REQUEST FOR WAIVER OF STAY**

12. The Trustee requests that the Court, pursuant to Federal Rule of Bankruptcy Procedure 6004(h), waive any stay of the effectiveness of any order granting this Motion, so that the Trustee can realize the proceeds of the proposed sale and compromise as expeditiously as possible.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) granting the Motion; (ii) authorizing the sale of the Litigation Claims pursuant to the terms and conditions of the Settlement; (iii) waiving any stay applicable under Federal Rule of Bankruptcy Procedure 6004(h); and (iv) granting such other and further relief as the Court may deem just and proper.

**[signatures on next page]**

Dated: _____, 2023                    Respectfully submitted,

/s/ Justin P. Fasano
Janet M. Nesse, Esq.
Justin P. Fasano, Esq.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420: Telephone
(301) 982-9450: Facsimile
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Attorneys for the Trsustee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on _____, 2023, a true and correct copy of the foregoing was served by CM/ECF upon all parties receiving notice thereby, and by first class mail, postage prepaid, to:

/s/ Justin P. Fasano
Justin P. Fasano

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of April ___, 2023, by and between Bryan S. Ross, Chapter 7 Trustee of the estate of 819D, LLC (the "Trustee") and Karl Garcia ("Mr. Garcia" and collectively with the Trustee, the "Parties") with reference to the following facts and recitals:

WHEREAS, on June 19, 2022 (the "Petition Date"), 819D, LLC ("819D" or the "Debtor") filed a bankruptcy petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of the District of Columbia (the "Bankruptcy Court"), initiating Case No. 22-00101 (the "Bankruptcy Case"); and

WHEREAS, on August 1, 2022, Mr. Garcia filed a motion to dismiss the Bankruptcy Case (the "Motion to Dismiss"); and

WHEREAS, on October 12, 2022, the Debtor voluntarily converted the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code; and

WHEREAS, the Trustee is the duly appointed trustee of the Debtor's Chapter 7 estate in the Bankruptcy Case; and

WHEREAS, prior to the Petition Date, Mr. Garcia filed a complaint against the Debtor and others initiating the action entitled *Karl Garcia v. 819D LLC, et al.* (Superior Court for the District of Columbia, Case No. 2020 CA 002540 B), which is currently pending as Adversary Proceeding No. 22-10010-ELG, Bankr. D.D.C. (the "D.C. Case"); and

WHEREAS, Mr. Garcia is the appellant and the Debtor is one of the appellees of the appeal related to the D.C. Case, which is pending as Case No. 21-cv-0104 in the District of Columbia Court of Appeals and titled *Karl Garcia v. 819D LLC, et al.* (the "Appeal"); and

WHEREAS, prior to the Petition Date, Mr. Garcia filed a complaint against the Debtor and others initiating the action titled *Karl Garcia v. The Rubin Group LLC, et al.* (Circuit Court of Fairfax County, Case No. CL-2020-17040), which is currently pending as Adversary Proceeding No. 22-10009-ELG, Bankr. D.D.C. (the "Fairfax Action"); and

WHEREAS, to avoid the uncertainty and cost of protracted litigation the Parties desire to settle fully and finally all differences, disputes, and claims related to the Debtor and Mr. Garcia to the extent necessary to effectuate this agreement, and to reduce such settlement to writing; and

NOW, THEREFORE, the Parties agree as follows:

1. **Joint Litigation** – The Trustee and Mr. Garcia agree to proceed with joint prosecution of the Fairfax Action and the D.C. Case as set forth below.

   a. Special Litigation Counsel. Mr. Garcia's current litigation counsel, Bethune Benes, PLLC, shall continue as special litigation counsel for Mr. Garcia ("Special Litigation Counsel") with the Trustee on behalf of the bankruptcy

estate proceeding as a nominal plaintiff in the Fairfax Action and the D.C. Case.

    b. <u>Funding</u>. Mr. Garcia agrees to advance the funds to pay (on a monthly basis) Special Litigation Counsel's monthly invoices (collectively, the "Litigation Funding").

    c. <u>Purchase of the Litigation Claims.</u> Mr. Garcia will purchase any and all claims held by the Debtor or the Trustee on behalf of the bankruptcy estate to avoid and recover fraudulent or improper voluntary transfers, including, but not limited to, the claims currently pending in the Fairfax Action (the "Fraudulent Transfer Claims"). In addition, Mr. Garcia will purchase any claims the Debtor or the Trustee on behalf of the bankruptcy estate may pursue in the D.C. Case (the "819D D.C. Case Claims" and collectively with the Fraudulent Transfer Claims, the "Litigation Claims"). In exchange for the Litigation Claims Mr. Garcia will provide the Trustee an initial payment of $50,000.00, plus twenty percent (20%) of any "Net Recovery" in the Fairfax Action or from the 819D D.C. Case Claims. Net Recovery is defined as the remainder of monies received from litigation or settlement after the deduction of Litigation Funding. For the avoidance of doubt, the 819D D.C. Case Claims exclude Mr. Garcia's claims against the Sanctuary Condominium Unit Owners Association (the "Association"), Potomac Construction, Regua, Urban Pace, and/or any other claims not property of the bankruptcy estate at the time of the bankruptcy filing. As a result of Mr. Garcia's purchase of the Litigation Claims, Mr. Garcia shall have control over all decisions in the Fairfax Action and the D.C. Case, including the Appeal.

    d. <u>Trustee Cooperation.</u> The Trustee agrees to waive 819D's attorney-client privilege in the Fairfax Action and the D.C. Case and to join as a nominal co-plaintiff should litigation be necessary. The Trustee will also pursue turnover of attorney-client documents from counsel for 819D.

2. **The Fairfax Action** – Mr. Garcia's claims against the Debtor in the Fairfax Action are resolved as part of this settlement. 819D will be dismissed as a defendant in the Fairfax Action following Bankruptcy Court approval of this Agreement. The Trustee will support remand of the Fairfax Action back to the Fairfax County Circuit Court and join Mr. Garcia as a co-plaintiff in the Fairfax Action.

3. **The D.C. Case** – At a time of his choosing, Mr. Garcia agrees to withdraw the motion to remand the D.C. Case to allow the case to proceed against the other defendants in the Bankruptcy Court. The Trustee agrees to support any efforts by Mr. Garcia to defer a ruling on the motion to remand the D.C. Case until that time, as well as to support litigation of the D.C. Case in the Bankruptcy Court.

    a. <u>Arbitration Waiver</u>. The Trustee agrees to waive 819D's right to arbitration, thus mooting the Appeal and order directing the parties to mediation. That waiver will be documented in a stipulation of dismissal of 819D from the D.C.

2
CORE/3525930.0002/181694691.1

Case, following Garcia's withdrawal of the motion to remand.

4. **Mr. Garcia's Claims** - As part of the settlement, Mr. Garcia's claims designated as Claim Nos. 7 and 8 in the Debtor's claims register will be allowed in the total amount of $2.85M (the "Garcia Claims").

   a. Subordination. Mr. Garcia agrees to subordinate the Garcia Claims to all other allowed timely unsecured claims in the Bankruptcy Case, so that Mr. Garcia will not receive any payment on the Garcia Claims from the bankruptcy estate until all other allowed timely unsecured claims are paid in full.

5. **Warranty Bond** - The Trustee will use best efforts to permit only those warranty bond claimants with a warranty bond claim perfected at the time of the Debtor's bankruptcy filing to recover the District of Columbia Department of Housing and Community Development statutory warranty bond secured by the Debtor's letter of credit with EagleBank of approximately $365,000 (the "Warranty Bond") and will pose no objection to such recovery. If necessary to facilitate this, the Trustee will abandon the estate's interest in the Warranty Bond, withdraw 819D's prior opposition to Mr. Garcia's warranty bond claim, and, if needed, enter into an agreement to be forwarded to the District of Columbia that the bond be released.

   a. Partial Satisfaction. Any amounts recovered by a warranty bond claimant on the Warranty Bond will be considered partial satisfaction of that claimant's respective claim against the 819D bankruptcy estate.

6. **Insurance** –The Trustee further agrees that Mr. Garcia and the Association are the only claimants with an interest in any insurance held by or on behalf of 819D (the "Insurance"). If necessary to facilitate this, the Trustee will stipulate to relief from the automatic stay relief to the extent of any insurance proceeds, and will concede amounts are owing in excess of proceeds for insurance.

   a. Partial Satisfaction. Any amounts recovered from Insurance will be considered partial satisfaction of that claimant's respective claim against the 819D bankruptcy estate.

7. In conjunction with the execution of this Agreement, counsel for the Trustee shall execute and file a motion in the Bankruptcy Case pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Motion") seeking an order approving this Agreement. This Agreement is contingent upon Bankruptcy Court Approval.

8. The Trustee and Mr. Garcia agree that time is of the essence in each Party's performance of all obligations under this Agreement.

9. The Parties agree that the Bankruptcy Court shall retain jurisdiction for the purpose of enforcing the terms of this Agreement. The Parties agree that the promises and undertakings set forth herein shall be specifically enforceable. The Parties further agree that before filing any motion with the Bankruptcy Court to enforce this Agreement, they shall meet and attempt in good

3

faith to resolve any dispute arising under this Agreement. The Parties acknowledge that this Agreement shall have no precedential value.

10. Each of the Parties represents and warrants that in entering into this Agreement, it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party is relying on any representation or statement made by any of the other Parties or any person representing such other Party.

11. Each of the Parties agrees to provide such cooperation (at its own cost and expense) as may be reasonably necessary to implement this Agreement.

12. No aspect of this Agreement shall be construed as an admission of liability, fault, or wrongdoing of any kind whatsoever. The Parties enter into this Agreement to avoid the time, expense, and risk of protracted litigation.

13. The Trustee represents that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person, corporation or other entity, the Litigation Claims. Neither this Agreement nor any right or interest hereunder may be assigned in whole or in part by any of the Parties without the prior consent of the other Parties.

14. The provisions of this Agreement shall be binding on the Parties and their successors and assigns and shall inure to the benefit of the Parties and their successors and assigns.

15. The Parties acknowledge that no promise, inducement, or agreement not stated herein has been made to them in connection with this Agreement, and that this Agreement constitutes the entire agreement between them. The Parties understand and agree that this Agreement may not be altered, amended, modified, or otherwise changed in any respect whatsoever, except by a writing duly executed by all Parties. The Parties further agree and acknowledge that they will make no claim at any time or place that this Agreement has been orally altered or modified or otherwise changed by oral communication of any kind or character.

16. This Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which when taken together shall constitute one and the same agreement. Any of the Parties may execute this Agreement by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

17. This Agreement has been drafted through a cooperative effort of each of the Parties, and no Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated at arms-length, and this Agreement was prepared and executed without fraud, duress, undue influence or coercion of any kind exerted by any of the Parties upon the others. The execution and delivery of this Agreement is a free and voluntary act of the Parties.

Each of the undersigned represents that he or she is authorized to execute this Agreement on behalf of the respective Party and to bind that Party to all representations and terms set forth herein.

IN WITNESS WHEREOF, the Parties have each approved and executed this Agreement.

KARL GARCIA

By: _____  Date: _____

Print Name: _____

Title: _____


BRYAN S. ROSS, CHAPTER 7 TRUSTEE OF
THE ESTATE OF 819D, LLC,

By: _____  Date: _____

Print Name: _____

Title: _____

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| 819D, LLC, | ) | 22-00101-ELG |
| | ) | CHAPTER 7 |
| DEBTOR. | ) | |
| | ) | |

NOTICE OF HEARING AND OPPORTUNITY
TO OBJECT TO MOTION TO APPROVE SETTLEMENT AND SELL
RELATED CAUSE OF ACTIONS

**PLEASE TAKE NOTICE** that McNamee Hosea, P.A. ("McNamee Hosea"), has filed a *Motion to Approve Settlement and Sell Related Causes of Action* ("Motion") seeking an order approving a settlement with Karl Garcia, and selling him litigation claims for $50,000 plus 20% of net proceeds of the claims.

**PLEASE TAKE NOTICE** that if you intend to object to the Motion, you must, by **May 31, 2023**, file and serve a written objection to the Motion. The objection must be filed with the Clerk of the Bankruptcy Clerk, U.S. Courthouse, 3rd and Constitution Ave., NW, Washington, DC, 20001, and service (by delivery or mailing of copy) upon the undersigned. The objection must contain a complete specification of the factual and legal grounds upon which it is based. You may append legal memorandums, affidavits and documents in support of your objection. **IF YOU FAIL TO FILE A TIMELY OBJECTION, THE APPLICATION MAY BE APPROVED BY THE BANKRUPTCY COURT WITHOUT A HEARING.** Further, the Court may grant the relief requested without a hearing, if the objection filed states inadequate grounds for denial. Any questions may be directed to the undersigned.

Please take notice that a hearing will be held on **June 7, 2023 at 10:00 a.m.** on the Motion via Zoom. Parties in interest with questions may contact the undersigned or the courtroom deputy at aimee_mathewes@dcb.uscourts.gov at for Zoom login instructions.

Date: April 27, 2023

Respectfully submitted,

/s/ *Justin P. Fasano*
Janet M. Nesse (DC Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
(301) 441-2420

jnesse@mhlawyers.com/
jfasano@mhlawyers.com
*Counsel to the Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2023, a copy of the foregoing via CM/ECF, upon all parties receiving notice thereby, and by first class mail, postage prepaid to the attached matrix.

/s/ <i>Justin P. Fasano</i><br>Justin P. Fasano

```
Label Matrix for local noticing        Andrew Rubin                           Sanctuary Condominium Unit Owners Associatio
0090-1                                 1423 Sharps Point Road                 c/o Chadwick, Washington, et al.
Case 22-00101-ELG                      Annapolis, MD 21409-6139               3201 Jermantown Rd.
United States Bankruptcy Court for the Distri                                 Suite 600
Washington, D.C.                                                              Fairfax, VA 22030-2879
Thu Apr 27 14:43:42 EDT 2023

U. S. Trustee for Region Four          Washington, D.C.                       2233-40th Partners LLC
U. S. Trustee's Office                 E. Barrett Prettyman U. S. Courthouse  3704 Military Road, NW
1725 Duke Street                       333 Constitution Ave, NW #1225         Washington, DC 20015-1740
Suite 650                              Washington, DC 20001-2802
Alexandria, VA 22314-3489

638 Newton Partners LLC                819 Capital LLC                        Alexander M. Laughlin, Esq.
3704 Military Road, NW                 3704 Military Road, NW                 Odin Feldman Pittleman, PC
Washington, DC 20015-1740              Washington, DC 20015-1740              1775 Wiehle Avenue
                                                                              Suite 400
                                                                              Reston, VA 20190-5159

Andrew Rubin                           Andrew Rubin                           Bethany Benes, Esq.
1423 Sharps Point Road                 Andrew Rubin c/o Maurice Verstandig    Bethune Benes, PLLC
Annapolis, MD 21409-6139               9812 Falls Road, #114-160              3975 Fair Ridge Drive
                                       Potomac MD 20854-3976                  South Terrace, Suite 25C
                                                                              Fairfax, VA 22033-2911

Bradley M. Barna, Esq.                 Business Filings Incorporated of DE    Canal View Holdings LLC
Chadwick Washington Moriarty           1015 15th Street NW                    1423 Sharps Point Road
3201 Jermantown Road                   Suite 1000                             Annapolis, MD 21409-6139
Suite 600                              Washington, DC 20005-2621
Fairfax, VA 22030-2879

CanalView Holdings LLC                 Charles Peoples                        Christopher A. Glaser, Esq.
c/o Maurice Verstandig                 Thomas, Thomas & Hafer LLP             Jackson & Campbell
9812 Falls Road, #114-160              1025 Connecticut Ave., NW              2300 N Street NW
Potomac MD 20854-3976                  Suite 608                              Suite 300
                                       Washington, DC 20036-5411              Washington, DC 20037-1194

Christos Ekonomakis                    DC GOV'T OFFICE OF TAX AND REVENUE     DC Gov't Office of Tax and Revenue
5058 Joewood Drive                     PO BOX 37559                           PO Box 75520
Sanibel, FL 33957-7500                 WASHINGTON DC 20013-7559               Washington DC 20013-0520

Department of Treasury                 District of Columbia Treasurer         Douglas E. McKinley, Esq.
Internal Revenue Service               Office of Tax and Revenue              P.O. Box 7395
PO Box 7346                            P.O. Box 37559                         Alexandria, VA 22307-0395
Philadelphia, PA 19101-7346            Washington, DC 20013-7559

Gregory Auger II                       Gregory Auger III                      Harford Mutual Insurance Group
2320 Wisconsin Avenue NW               2320 Wisconsin Avenue NW               200 North Main Street
Unit 312                               Unit 312                               Bel Air, MD 21014-3544
Washington, DC 20007-1858              Washington, DC 20007-1858

Ian J. McElhaney, Esq.                 (p)INTERNAL REVENUE SERVICE            Jeffrey Houle
Blankingship & Keith                   CENTRALIZED INSOLVENCY OPERATIONS      1221 Merchant Lane
4020 University Drive                  PO BOX 7346                            Mc Lean, VA 22101-2412
Suite 300                              PHILADELPHIA PA 19101-7346
Fairfax, VA 22030-6802
```

| | | |
|---|---|---|
| John A.C. Keith, Esq.<br>Blankingship & Keith<br>4020 University Drive<br>Suite 300<br>Fairfax, VA 22030-6802 | K Street Holdings LLC<br>3704 Military Road, NW<br>Washington, DC 20015-1740 | Karl Garcia<br>275 Giralda Avenue<br>Unit 5C<br>Miami, FL 33134-5080 |
| Lauren H. Mills, Esq.<br>Samek Werther Mills, LLC<br>2000 Duke Street<br>Suite 300<br>Alexandria, VA 22314-6101 | Law Offices of Mark D. Crawford PLLC<br>1005 North Glebe Road<br>Suite 210<br>Arlington, VA 22201-5792 | Liliana Ekonomakis<br>5058 Joewood Drive<br>Sanibel, FL 33957-7500 |
| Long & Foster Real Estate, Inc. d/b/a Urban<br>c/o Timothy G. Casey, Esquire<br>451 Hungerford Drive, Suite 505<br>Rockville, Maryland 20850-4174 | Marc E. Albert, Stinson LLP<br>1775 Pennsylvania Ave. NW, Suite 800<br>Washington DC 20006-4760 | Michelle A. Tygier<br>c/o Christopher L. Rogan, Esq.<br>50 Catoctin Cir., NE, Suite 300<br>Leesburg, VA 20176-3101 |
| Michelle Tygier<br>3704 Military Road, NW<br>Washington, DC 20015-1740 | Milt N. Theologou<br>Silverman Theologou<br>11200 Rockville Pike<br>Suite 520<br>Rockville, MD 20852-7105 | Potomac Construction Group<br>7960 Old Georgetown Road<br>Suite 1-C<br>Bethesda, MD 20814-2445 |
| Regua LLC<br>2320 Wisconsin Ave. NW<br>Unit 312<br>Washington, DC 20007-1858 | Robert Rubin<br>3704 Military Road, NW<br>Washington, DC 20015-1740 | Sanctuary Condominium Unit Owners Assoc.<br>c/o Chadwick, Washington, et al.<br>3201 Jermantown Rd., Suite 600<br>Fairfax, VA 22030-2879 |
| South Glebe LLC<br>3704 Military Road, NW<br>Washington, DC 20015-1740 | TR Holdings LLC<br>3704 Military Road, NW<br>Washington, DC 20015-1740 | The Rubin Group, LLC<br>3704 Military Road, NW<br>Washington, DC 20015-1740 |
| Thomas D. Madison<br>8719 Mount Vernon Highway<br>Alexandria, VA 22309-2217 | Timothy G. Casey<br>Timothy Guy Casey Law Offices<br>451 Hungerford Drive<br>Suite 505<br>Rockville, MD 20850-4174 | U.S. Trustee<br>1725 Duke Street<br>Suite 650<br>Alexandria, VA 22314-3489 |
| Urban Pace<br>1428 U Street<br>Suite 300<br>Washington, DC 20009-8010 | Woodmore Partners LLC<br>3704 Military Road, NW<br>Washington, DC 20015-1740 | Bryan S. Ross<br>Bryan Ross, Trustee<br>1776 K Street N.W.<br>Suite 200<br>Washington, DC 20006-2304 |
| Karl Garcia<br>275 Giralda Ave.<br>Unit 5C<br>Coral Gables, FL 33134-5080 | Kristen E Burgers<br>Hirschler Fleischer<br>1676 International Drive<br>Suite 1350<br>Tysons, VA 22102-4940 | Mark David Law Offices of Mark D Crawford PL<br>1005 N. Glebe Rd. Suite 210<br>Arlington, VA 22201-5792 |
| Stephen E. Leach<br>Hirschler Fleischer<br>1676 International Drive<br>Suite 1350<br>Tysons, VA 22102-4940 | THOMAS D. MADISON<br>8719 MT Vernon HWY<br>Alexandria, VA 22309-2217 | Tracey Michelle Ohm<br>Stinson LLP<br>1775 Pennsylvania Ave. NW<br>Suite 800<br>Washington, DC 20006-4760 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
31 Hopkins Plaza. Rm. 1150
Baltimore, MD 21201

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)2233-40th Partners LLC            (u)638 Newton Partners LLC            (u)819 Capital LLC

(u)Canal View Holdings LLC           (u)K Street Holdings LLC              (u)Regua, LLC

(u)South Glebe LLC                   (u)TR Holdings LLC                    (u)TRG Development LLC

(u)The Rubin Group LLC               (u)Woodmore Partners, LLC             (d)Internal Revenue Service
                                                                           Centralized Insolvency Operations
                                                                           Post Office Box 7346
                                                                           Philadelphia, PA 19101-7346

(u)Andrew Rubin                      (u)Gregory Auger II                   (u)Gregory Auger III

(u)Jeffrey Houle                     (u)Michelle A. Tygier                 (u)Robert Rubin

End of Label Matrix
Mailable recipients     59
Bypassed recipients     18
Total                   77