DocuSign Envelope ID: 6783C0FF-2D8B-463A-9C71-253E5BB6C692

Case 22-00101-ELG    Doc 182-1    Filed 08/31/23    Entered 08/31/23 21:36:27    Desc A. Rubin Equity 1. - Settlement Agreement (DE #142-1)    Page 1 of 19

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is made as of the date upon which it is approved by the United States Bankruptcy Court for the District of Columbia (the "Effective Date"), by and between Bryan Ross in his capacity as the trustee of the bankruptcy estate of 819D LLC (the "Trustee," with the underlying estate being referred to herein as the "Estate" and the debtor in bankruptcy being referred to herein as "819D" or the "Debtor"), The Rubin Group LLC ("Rubin Group"), 819 Capital LLC ("819 Capital"), K Street Holdings LLC ("K Street"), TR Holdings LLC ("TR Holdings"), 2233-40th Partners LLC ("2233"), South Glebe LLC ("South Glebe"), Woodmore Partners LLC ("Woodmore"), TRG Development LLC ("TRG"), 638 Newton Partners LLC ("638 Newton"), Andrew Rubin ("A. Rubin"), Michelle A. Tygier ("Ms. Tygier"), Robert Rubin ("R. Rubin"), Canal View Holdings LLC ("Canal View"), Gregory Auger, II ("Auger II"), Gregory Auger, III ("Auger III"), Thomas D. Madison ("Mr. Madison") and Jeffrey Houle ("Mr. Houle") (Rubin Group, 819 Capital, K Street, TR Holdings, 2233, South Glebe, Woodmore, TRG, 638 Newton, A. Rubin, Ms. Tygier, R. Rubin, Canal View, Auger II, Auger III, Mr. Madison and Mr. Houle being collectively known as the "Settling Defendants," and each sometimes referred toas a "Settling Defendant") (the Trustee and the Settling Defendants being collectively referred toas the "Parties" and each sometimes known as a "Party").

WHEREAS, on June 19, 2022, 819D filed a petition for relief, pursuant to Section 301 of Title 11 of the United States Code, and thereby commenced case number 22-101-ELG in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Proceeding," with the court being referred to as the "Bankruptcy Court") as a debtor-in-possession under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, on July 29, 2022, the matter of *Garcia v. Rubin Group LLC, et al.*, originally filed as case number CL-2020-17040 in the Circuit Court for Fairfax County, Virginia and thereafter removed to the United States District Court for the Eastern District of Virginia, before being transferred to the United States District Court for the District of Columbia, was referred to the Bankruptcy Court, thereby initiating adversary proceeding case number 22-10010-ELG (the "Adversary Proceeding"); and

WHEREAS, on October 12, 2022, the Bankruptcy Court entered an order converting the Bankruptcy Proceeding to a case under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on October 12, 2022, the Trustee was appointed to serve as the interim Chapter 7 Trustee of the Debtor's Estate, with such appointment thereafter being made permanent by operation of law; and

WHEREAS, the Adversary Proceeding alleges, *inter alia*, that the Settling Defendants orchestrated, facilitated, engaged in, benefited from, and/or were otherwise parties to one or more avoidable conveyances of money, in connection with the operation of the Debtor's business and the flow of monies to the equity interests and derivative equity interests thereof; and

WHEREAS, the Trustee, upon appointment, assumed the rights and powers of creditors of the Debtor insofar as such rights and powers relate to the pursuit of civil actions for the avoidance of conveyances of money; and

WHEREAS, on March 3, 2023, A. Rubin and Canal View filed an adversary proceeding, against the Trustee, seeking declaratory relief concerning the existence, *vel non*, of any fraudulent conveyances of the Debtor benefiting A. Rubin and/or Canal View, and thereby commenced adversary proceeding number 23-10009-ELG in the Bankruptcy Court (the "DJ Adversary

Proceeding"), in which proceeding Ms. Tygier, R. Rubin, TR Holdings and Rubin Group intervened as third-party plaintiffs; and

WHEREAS, there exists a desire between and amongst the Parties to amicably resolve all claims, causes, and actions – alleged or which could have been alleged in the Adversary Proceeding, the DJ Adversary Proceeding, and otherwise – that now exist, whether known or unknown, between each and any of the Settling Defendants on the one hand and each and any of the Trustee, the Debtor, and the Estate on the other hand;

IT IS NOW, THEREFORE, agreed by and between the Parties, and for their respective heirs, personal representatives, agents, officers, directors, members, equity holders, successors, abandonees, and assigns, in consideration of the mutual covenants, promises, and agreements contained herein, the sufficiency and receipt of which is acknowledged by all Parties hereto, that:

1. **Payment to Estate**. The Settling Creditors shall cause to be paid to the Estate, in the care of the Trustee, the sum of Seventy Five Thousand Dollars and No Cents ($75,000.00) (the "Estate Settlement Sum"), in the lawful currency of the United States, within five (5) days of the Effective Date. The Settling Creditors may apportion or prorate payment of the Estate Settlement Sum, between and amongst themselves, as they see fit, without disclosure of such apportionment or proration.

2. **Payment to Trust**. The Settling Creditors shall cause to be paid, to the IOLTA account of the Trustee's counsel of record in the Bankruptcy Proceeding, the sum of Seventy Five Thousand Dollars and No Cents ($75,000.00) (the "Trust Settlement Sum"), in the lawful currency of the United States, within five (5) days of the Effective Date. The Settling Creditors may apportion or prorate the Trust Settlement Sum, between and amongst themselves, as they see fit, without disclosure of such apportionment or proration.

3. **Trust Settlement Sum**. The Trust Settlement Sum shall be held by counsel of record for the Trustee, in the IOLTA account of said counsel, and made available for payment to Karl Garcia ("Mr. Garcia") and/or Sanctuary Condominium Unit Owners Association (the "HOA") should either or both of Mr. Garcia and the HOA succeed in obtaining a final, non-appealable judgment against the Debtor that may be satisfied by a warranty bond held by the Debtor (a "Qualifying Judgment"), with the Trust Settlement Sum acting as a supplement to said warranty bond.

    a. **Nature of Trust Settlement Sum**. Except as expressly provided for herein, the Trust Settlement Sum shall not become an asset of the Debtor's estate, shall not accrue to the benefit of the Trustee, and shall not be available for distribution by the Bankruptcy Court or the Trustee.

    b. **Release of Trust Settlement Sum**. Should Mr. Garcia and/or the HOA succeed in obtaining a Qualifying Judgment, then such Qualifying Judgment shall (i) first, be paid by any insurer obligated to make such payment; (ii) second, be paid through said warranty bond; (iii) third, be paid with any monies of the Debtor or the Estate available for said payment; and (iv) fourth, be paid from the Trust Settlement Sum. Neither Mr. Garcia nor the HOA shall receive more than one half of the Trust Settlement Sum until the earlier of (a) such time as the claims of Mr. Garcia and the HOA, against the Debtor, for breach of any warranty supported by a bond held by the Debtor, are subject to the entry of a final, non-appealable order; or (b) December 31, 2025. The requirement of entry of a final, non-appealable order by a court of competent jurisdiction shall not be deemed a waiver of the Debtor's right to have any and all claims of Mr. Garcia and/or the HOA arbitrated but, rather, is a mere acknowledgement of the allowances of Section 9 of Title 9 of the United States Code. If Mr. Garcia and the HOA shall both obtain a Qualifying Judgment against

the Debtor, the Trust Settlement Sum shall be distributed between and amongst Mr. Garcia and the HOA in equal parts, without proration, provided such distribution not result in Mr. Garcia or the HOA receiving a sum greater than their respective Qualifying Judgment.

      c.    **Escheatment of Trust Settlement Sum**. Should part or all of the Trust Settlement Sum remain undistributed upon the occurrence of the earlier of (a) such time as the claims of Mr. Garcia and the HOA, against the Debtor, for breach of any warranty supported by a bond held by the Debtor, are subject to the entry of a final, non-appealable order, of a court of competent jurisdiction; or (b) December 31, 2025, then the remaining portion (or, if applicable, the whole) of the Trust Settlement Sum shall escheat to the Debtor's estate. Should the Debtor's estate be closed prior to such time, the remaining portion (or, if applicable, the whole) of the Trust Settlement Sum shall escheat to the Debtor. Should the Debtor's estate be closed prior to such time, and the Debtor formally dissolved prior to such time, the remaining portion (or, if applicable, the whole) of the Trust Settlement Sum shall escheat to the equity holders of the Debtor, as such existed at the time of formal dissolution.

4.    **Manner of Payment**. The Settling Defendants shall make the payment called for in Section 1 hereof either by (i) check, drawn from the trust account(s) of any lawyer(s) who represents one or more of the Settling Defendants; or (ii) wire transfer, from the trust account(s) of any lawyer(s) who represents one or more of the Settling Defendants.

5.    **Release of Settling Defendants and Related Parties.** The Trustee and the Estate, on behalf of the Debtor, their respective selves, directors, shareholders, members, officers, attorneys, agents, successors, abandonees, subsidiaries, parents, affiliates, creditors, heirs and assigns, do hereby settle, release, waive, remise and discharge each and every of the Settling Defendants (collectively with Christos Economakis and Liliana Economakis, the "Released

DocuSign Envelope ID: 6783C0F5-2D8B-463A-9C71-253F5BB6C692

Case 22-00101-ELG    Doc 182-1    Filed 08/31/23    Entered 08/31/23 21:36:27    Desc A. Rubin Equity 1. - Settlement Agreement (DE #142-1)    Page 6 of 19

Parties"), from all causes of action, claims, rights, or demands, whatsoever, whether sounding in law or equity, whether known or unknown, whether direct or derivative, which any of the Debtor, Estate and/or Trustee have or ever had against any or all of the Released Parties, since the beginning of time through the Effective Date. For the avoidance of doubt, this release shall be construed in the broadest terms permitted by controlling law, and shall be inclusive of all claims, causes, and actions brought in the Adversary Proceeding and the Bankruptcy Proceeding, as well as any claims, causes and actions – known or unknown – that could be brought by the Trustee against any one or more of the Released Parties. This release includes all claims, causes and actions that could be brought derivatively through any third party, whether natural or legal, under any law, doctrine, ordinance, or other theory. This release shall equally apply to any claims, causes or actions acquired by the Trustee – or any agent of the Trustee – from any third party, whether acquired before or after the Effective Date, and any such acquisition shall have the legal effect of extinguishing such claim(s), cause(s), and/or action(s).  Notwithstanding the foregoing, nothing herein shall waive or release rights and obligations of the Settling Defendants under this Agreement.

6. **<u>Right to Interplead</u>**. Counsel of record for the Trustee may interplead the Trust Settlement Sum, in whole or part, into the United States Bankruptcy Court for the District of Columbia, at any time, for any reason or no reason at all. Upon interpleading such monies, counsel for the Trustee shall be obligated only to ensure that notice of said interpleader action is properly given to all cognizable parties in interest, and counsel for the Trustee shall thereafter be relieved of any obligations under Section 3 of this Agreement.

7. **<u>Release of Trustee and Estate.</u>** The Settling Defendants, on behalf of their respective selves, directors, shareholders, members, officers, attorneys, agents, successors,

subsidiaries, parents, affiliates, heirs and assigns, do hereby settle, release, waive, remise and discharge the Trustee and the Estate from all causes of action, claims, rights, or demands, whatsoever, whether sounding in law or equity, whether known or unknown, whether direct or derivative, which any the Settling Defendants have or ever had against the Trustee or the Estate, since the beginning of time through the Effective Date. For the avoidance of doubt, this release shall be construed in the broadest terms permitted by controlling law, and shall be inclusive of all claims, causes, and actions brought in the Adversary Proceeding, the DJ Adversary Proceeding, and the Bankruptcy Proceeding, as well as any claims, causes and actions – known or unknown – that could be brought by the Settling Defendants against the Trustee and/or Estate. This release shall include a release of any proofs of claim filed by the Settling Defendants in the Bankruptcy Proceeding. Notwithstanding the foregoing, nothing herein shall waive or release rights and obligations of the Trustee and Estate under this Agreement and shall not constitute a waiver or release of the Settling Defendants' or any of their respective direct or indirect equity interests in the Debtor.

8.  **Dismissal of DJ Adversary Proceeding**. Within three (3) business days of the order approving this Agreement becoming final and non-appealable, A. Rubin, Canal View, Ms. Tygier, TR Holdings, Rubin Group, and R. Rubin shall cause a joint stipulation of dismissal, in the form attached hereto as Exhibit A, to be filed in the DJ Adversary Proceeding.

9.  **Dismissal of Adversary Proceeding**. Within three (3) business days of the later of the order approving this Agreement becoming final and non-appealable and the Trust Settlement Sum and the Estate Settlement Sum being paid, the Settling Defendants and the Trustee shall undertake best efforts to file, in the Adversary Proceeding, a motion to have said proceeding dismissed, with prejudice, against the Released Parties. Nothing herein shall be construed to

prohibit the Trustee from continuing to prosecute the Adversary Proceeding against any persons who are not Released Parties.

10. **Retention of Jurisdiction.** The Parties agree, except as otherwise set forth above, that the Bankruptcy Court shall retain jurisdiction to adjudicate any disputes concerning this Agreement or concerning any subject matter arising from or otherwise related to this Agreement. Said jurisdiction shall be retained even after closure of the Bankruptcy Proceeding, and without regard to the ultimate disposition of the Bankruptcy Proceeding. If any dispute arising under, related to, or impacting the subject matter of this Agreement is brought or continued in any other tribunal, the Parties agree the same shall be properly removed to the Bankruptcy Court, pursuant to the allowances of Section 1452 of Title 28 of the United States Code. If any dispute arising under, related to, or impacting the subject matter of this Agreement is brought or continued in any tribunal outside the District of Columbia, the Parties agree such dispute shall be removed to the United States District Court for the judicial district where such civil action is pending and the Parties shall thereafter stipulate to the transfer of said dispute to the United States Bankruptcy Court for the District of Columbia. To the greatest extent permitted by controlling law, the Parties agree to not contest such removal. The Parties do each irrevocably consent to the personal jurisdiction of the Bankruptcy Court.

11. **Further Assurances.** The Parties shall execute such further and additional documents as may be necessary to effectuate the terms of this Agreement.

12. **No Admission of Liability.** Neither the Settling Defendants nor the Trustee enter into this Agreement for purposes of admitting any liability and, to the contrary, this Agreement is entered into solely out of a desire to resolve the Adversary Proceeding, the DJ Adversary

Proceeding, and related matters without incurring further efforts and expenses associated with said litigation.

13. **Terminology.** When the masculine gender is used herein, it shall also mean the feminine gender, where appropriate, and the plural shall mean the singular, and vice-versa, where appropriate. The words "and" and "or" shall be construed as meaning "and/or" except where contextually inappropriate.

14. **Entire Understanding.** This Agreement contains the entire understanding between the Parties. No modification or waiver of any of the terms of this Agreement shall be valid unless made in writing and signed by the Parties in a manner no less formal than that with which this Agreement is executed.

15. **Savings Clause.** If any provision of this Agreement is held to be invalid or unenforceable, all other provisions shall nevertheless continue in full force and effect.

16. **No Waiver**. Any waiver or breach or default of this Agreement shall not be deemed a waiver of any subsequent breach or default. If any Party fails in due performance of any of his or her obligations hereunder, the aggrieved Party shall have the right to sue for damages for the breach thereof, or to seek other legal remedies as may be available to him or her, and the defaulting Party shall pay the reasonable legal fees and expenses incurred by the aggrieved Party as a result of the breach.

17. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed to be an original instrument but all of which together shall constitute one agreement. Signature pages transmitted via facsimile or by email in Portable Document Format (PDF) shall be deemed original signatures for all purposes. This Agreement may be executed in duplicate and the duplicate shall have the same force and effect as if it were the original copy. This

Agreement may be executed by electronic means if done through a reputable third party purveyor of electronic signatures, with DocuSign and Adobe expressly being such reputable third party purveyors.

18. **Governing Law.** This Agreement shall be governed by and interpreted in accordance with the laws of the District of Columbia, except as otherwise set forth above.

19. **Headings.** The headings used in this Agreement are for ease of reference only and shall not be deemed a substantive portion of this Agreement.

20. **Construction.** This Agreement shall be construed without regard to any presumption or other rule of law requiring construction against the party who caused it to be drafted.

21. **Judicial Approval.** This Agreement shall not become effective unless and until approved by the Bankruptcy Court; should such approval be denied with prejudice, this Agreement shall be regarded as void ab initio.

22. **Recitals.** The above recitals form an integral and substantive part of this Agreement and are incorporated herein by reference.

[CONTINUED ON FOLLOWING PAGE]

IN WITNESS WHEREOF, and being fully advised by their attorneys in the premises, the Parties hereto have hereunder subscribed their names and seals to this Agreement.

THE RUBIN GROUP LLC

5/31/2023
Date

By: *Michelle A. Tygier* (DocuSigned)
Michelle A. Tygier
Its: Authorized Agent

819 CAPITAL LLC

_____
Date

By: _____
Its: Authorized Agent

K STREET HOLDINGS LLC

5/31/2023
Date

By: *Michelle A. Tygier* (DocuSigned)
Michelle A. Tygier
Its: Authorized Agent

TR HOLDINGS LLC

5/31/2023
Date

By: *Michelle A. Tygier* (DocuSigned)
Michelle A. Tygier
Its: Authorized Agent

2233-40TH PARTNERS LLC

5/31/2023
Date

By: *Michelle A. Tygier* (DocuSigned)
Michelle A. Tygier
Its: Authorized Agent

IN WITNESS WHEREOF, and being fully advised by their attorneys in the premises, the Parties hereto have hereunder subscribed their names and seals to this Agreement.

THE RUBIN GROUP LLC

_____    _____
Date                           By:
                               Its: Authorized Agent


819 CAPITAL LLC

5/31/2023                      *Andrew Rubin* (DocuSigned by: Andrew Rubin, 2C18CDC0BA7E420...)
_____    _____
Date                           By: Andrew Rubin
                               Its: Authorized Agent


K STREET HOLDINGS LLC

_____    _____
Date                           By:
                               Its: Authorized Agent


TR HOLDINGS LLC

_____    _____
Date                           By:
                               Its: Authorized Agent


2233-40TH PARTNERS LLC

_____    _____
Date                           By:
                               Its: Authorized Agent

                                  SOUTH GLEBE LLC

_____    _____
Date                                                  By:
                                    Its: Authorized Agent


                                  WOODMORE PARTNERS LLC

5/31/2023                                       *[signature: Andrew Rubin]*
_____    _____
Date                                                  By: Andrew Rubin
                                    Its: Authorized Agent


                                  TRG DEVELOPMENT LLC

5/31/2023                                       *[signature: Andrew Rubin]*
_____    _____
Date                                                  By: Andrew Rubin
                                  Its: Authorized Agent


                                  638 NEWTON PARTNERS LLC

_____    _____
Date                                                  By:
                                  Its: Authorized Agent


                                  CANAL VIEW HOLDINGS LLC

5/31/2023                                       *[signature: Andrew Rubin]*
_____    _____
Date                                                  By: Andrew Rubin
                                  Its: Authorized Agent

5/31/2023                                       *[signature: Andrew Rubin]*
_____    _____
Date                                                  Andrew Rubin


_____    _____
Date                                                  Michelle A. Tygier

12 of 13

DocuSign Envelope ID: 9CDBAEE0-F876-4154-B88C-C128010527D6

| Date | Robert Rubin |
|---|---|
| 6/2/2023 <br> Date | *Gregory Auger II* (DocuSigned) <br> Gregory Auger, II |
| 6/2/2023 <br> Date | *signature* (DocuSigned) <br> Gregory Auger, III |
| Date | Thomas D. Madison |
| Date | Jeffrey Houle |
| Date | Bryan Ross <br> *In His Capacity as Trustee of the Chapter 7 Estate of 819D LLC* |

| | |
|---|---|
| _____ | _____ |
| Date | Robert Rubin |
| | |
| _____ | _____ |
| Date | Gregory Auger, II |
| | |
| _____ | _____ |
| Date | Gregory Auger, III |
| 6/21/2023 | *Thomas D. Madison* (DocuSigned) |
| Date | Thomas D. Madison |
| 6/21/2023 | JEFFREY HOULE (DocuSigned) |
| Date | Jeffrey Houle |
| | |
| _____ | _____ |
| Date | Bryan Ross |
| | *In His Capacity as Trustee of the Chapter 7 Estate of 819D LLC* |

# Exhibit A
# (Joint Stipulation of Dismissal with Prejudice in DJ Adversary)

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the Plaintiffs*

IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 22-101-ELG |
| | ) | |
| 819D LLC | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| | ) | |
| Andrew Rubin, et a. | ) | |
| | ) | Adversary Case No. 23-10009-ELG |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Bryan Ross, in his official capacity | ) | |
| as chapter 7 trustee of the chapter 7 | ) | |
| estate of 819D LLC | ) | |
| | ) | |
| Defendant, | ) | |

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

Come now Bryan Ross, in his Official Capacity as Trustee of the Estate of 819D LLC (the "Trustee"), Canal View Holdings LLC ("Canal View"), Andrew Rubin ("A. Rubin"), Michelle Tygier ("Ms. Tygier"), TR Holdings LLC ("TR Holdings"), The Rubin Group LLC ("Rubin Group"), and Robert Rubin ("R. Rubin"), by and through respective undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7041 and Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and hereby stipulate to dismissal of the above-captioned proceeding, *with*

DocuSign Envelope ID: 6783C0FF-2D8B-463A-9C71-253E5BB6C692

Case 22-00101-ELG    Doc 182-1    Filed 08/31/23    Entered 08/31/23 21:36:27    Desc A.
Rubin Equity 1. - Settlement Agreement (DE #142-1)    Page 18 of 19

*prejudice*.

                                                                                             Respectfully submitted,

Dated:                                                                     By: _____
                                                                                  Maurice B. VerStandig, Esq.
                                                                                  Bar No. MD18071
                                                                                  The VerStandig Law Firm, LLC
     1452 W. Horizon Ridge Pkwy, #665
     Henderson, Nevada 89012
     Phone: (301) 444-4600
     Facsimile: (301) 444-4600
     mac@mbvesq.com
     *Counsel for the Plaintiffs*

     By: _____
     Justin P. Fasano, Esq.
     Bar No. MD21201
     McNamee Hosea, P.A.
     6404 Ivy Lane, Ste 820
     Greenbelt, MD 22070
     Phone: (301) 441-2420
     Facsimile: (301) 982-9450
     jfasano@mhlawyers.com
     *Counsel for the Defendant*

     By: _____
     Christopher Rogan, Esq.
     Bar No. 431849
     Rogan Miller Zimmerman, PLLC
     50 Catoctin Circle, NE
     Suite 300
     Leesburg, VA 20176
     Telephone: (703) 777-8850
     crogan@rmzlawfirm.com
     *Counsel for the Intervenors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of _____, 2023, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein.

                                                                   _____
                                                                    Maurice B. VerStandig