Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
mac@mbvesq.com
*Counsel for Andrew Rubin,*
*Canal View Holdings LLC,*
*819 Capital LLC, Woodmore*
*Partners LLC and TRG*
*Development LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 22-101-ELG |
| | ) | |
| 819D LLC | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPPOSITION TO MOTION OF KARL GARCIA TO DISMISS CHAPTER 7 CASE**

Come now Andrew Rubin ("Mr. Rubin"), Canal View Holdings LLC ("Canal View"), 819 Capital LLC ("819 Capital"), Woodmore Partners LLC ("Woodmore"), and TRG Development LLC ("TRG") (collectively, the "Rubin Parties"), by and through undersigned counsel, in opposition to the Motion of Karl Garcia to Dismiss Chapter 7 Case (the "Motion," as found at DE #179, with the proponent thereof being known as "Mr. Garcia") and state as follows:

**I.    Introduction**

Slightly over one year after this case was filed, Mr. Garcia seeks dismissal on the basis that this Honorable Court is not an appropriate forum to adjudicate allegations a debtor and its principals engaged in fraudulent conveyances. Mr. Garcia surmises that an entity accused of dealing dishonestly in the past is, *ipso facto*, a bad faith debtor, no matter that the accusations remain mere allegations not yet tested in a merits trial. And, as a necessary extrapolation of such,

Mr. Garcia appears to posit that once a company is sued for engaging in fraudulent conveyances – no matter how suspect or seemingly-infirm the foundation of that lawsuit – the company is, consequentially, barred from seeking relief under Title 11 of the United States Code (the "Bankruptcy Code").

These propositions, if accepted, would no doubt ease palpably the docket of this Honorable Court. This is a textbook corporate bankruptcy case: 819D LLC ("819D" or the "Debtor") has hundreds of thousands of dollars in assets and a multitude of creditors; this Honorable Court is not only a proper forum to adjudicate the various debtor/creditor relationships and liquidate the Debtor's assets in accord with a statutory priority scheme but, too, such is very much the expertise of this Honorable Court.

Macroscopically, bankruptcy courts have been recently asked to address the affairs of (i) a company charged with peddling opioids to a vulnerable public, *see In re Purdue Pharma L.P.*, Case No. 19-23649 (Bankr. S.D.N.Y. 2019); (ii) a charitable entity alleged to be liable for the abuse of minors, *see In re Boy Scouts of America*, Case No. 20-10343 (Bankr. D. Del. 2020); (iii) a man found repeatedly liable for harm inflicted upon the surviving family members of school shooting victims, *see In re Jones*, Case No. 22-33553 (Bankr. S.D. Tex. 2022); (iv) an entity committed to receivership as a consequence of using multiple alter ego entities (including one with an identical name) to shield assets from a state court creditor, *see In re National Small Business Alliance, Inc.*, Case No. 21-31 (Bankr. D.D.C. 2021); and (v) an apartment operator alleged to be a slumlord and held in contempt of a state court for failing to honor certain obligations, *see In re MP PPH LLC*, Case No. 23-246 (Bankr. D.D.C. 2023).

In this case, 819D is not a bad actor – it is an entity that experienced tornadic whiplash in state court and sought the relief expressly envisioned in the Constitution and more specifically

prescribed by Congress. But even if, *arguendo*, all of the ills alleged by Mr. Garcias were true (and, to be sure, they are not), such would not be cause to dismiss this case. To the contrary, such would merely be cause to commit 819D to a trustee and permit a learned, neutral third party actor to take helm of the Debtor's winddown – which, not coincidentally, is the precise process afoot instantly.

## II.     Standard

As noted in the Motion, the Bankruptcy Code does permit a Chapter 7 case to be dismissed "only for cause." 11 U.S.C. § 707(a). The statutory provision goes on to specifically delineate (admittedly, non-exhaustively) three such grounds: (i) unreasonable delay; (ii) non-payment of fees; and (iii) failure to furnish required information within a specific time period. *Id.*

The Motion appears to not be pegged to any of the foregoing specifically-enumerated instances of "cause" but, rather, a generalized argument that bad faith conduct may, in certain circumstances, also amount to "cause." *See, e.g.*, *In re Semco Mfg. Co., Inc.*, 649 B.R. 155, 163 (Bankr. S.D. Tex. 2023) ("'Cause' is a broad concept, designed to 'afford flexibility to the bankruptcy courts.'") (quoting *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986)).

## III.    Argument: This is a Textbook Utilization of the Bankruptcy Process

No one disputes that 819D has multiple creditors. No one disputes that at least one of those creditors is asserting a claim for a fraudulent conveyance. And, hopefully, no one disputes that this Honorable Court – like all bankruptcy courts – has extensive expertise in the field of fraudulent conveyances and the remedies and liabilities flowing therefrom. Yet Mr. Garcia suggests the Debtor ought not have its liabilities liquidated, and its affairs wound up, in this Honorable Court but, rather, should see its case dismissed so that administrative creditors, pre-petition creditors,

equity holders, and others may argue over such matters in what would presumably by a syndicate of state court proceedings, arbitrations, UCC filings, and enforcement proceedings.

As this Honorable Court noted in the *Campbell* case relied upon by Mr. Garcia in his Motion:

> A decision to dismiss for cause is discretionary and guided by equitable principles. In other words:
>
>> Dismissal based on lack of good faith must be undertaken on an ad hoc basis. It should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence.

*In re Campbell*, 634 B.R. 647, 654 (Bankr. D.D.C. 2021) (citing *Smith v. Geltzer*, 507 F.3d 64, 73 (2d Cir. 2007) (citing *In re Hull*, 339 B.R. 304, 308 (Bankr. E.D.N.Y. 2006); quoting *In re Zick*, 931 F.2d 1124, 1129 (6th Cir. 1991)). The same holding goes on to note that examination of the following factors is also appropriate:

> …the debtor's use of bankruptcy relief would be unfair to creditors and inconsistent with the fundamental purpose of bankruptcy to afford a fresh start to an honest but unfortunate debtor, including, but not limited to whether:
>
> (a) the debtor's petition is part of a pattern to evade a single creditor;
>
> (b) the debtor paid all but one creditor prior to filing the petition; and
>
> (c) the debtor paid insider creditors prior to filing the petition.

*In re Campbell*, 634 B.R. at 654–55.

Here, there is no allegation of assets being concealed. Nor is there any allegation of income being concealed. Nor are there allegations of excessive expenditures. Nor are there allegations of continued expenditures. Nor are there allegations of a lavish lifestyle. There are only allegations that (i) the Debtor *might* be indebted to Mr. Garcia on a warranty claim; (ii) if Mr. Garcia obtains

4

an enormously outsized judgment in connection with that warranty claim, the Debtor's policies of insurance, municipally-required bond, and cash on hand *might* not be sufficient to satisfy such an astronomical judgment; and (iii) the Debtor's distributions to equity (while keeping those policies of insurance, that bond, and that significant cash, all on hand) accordingly *might* form the foundation of a fraudulent conveyance claim.

Even then, it can hardly be said this case was filed "to avoid a large single debt" based on the foregoing parade of horribles. To the contrary, if there is a fraudulent conveyance, this Honorable Court would actually be an ideal forum to unwind the wrongful transfers, collect monies from beneficiaries, and ensure an efficient distributions of the avoided monies. Indeed, bankruptcy is not a process that advances an intent to avoid liability for fraudulent conveyances; bankruptcy is a process custom-tailored to facilitate the recovery of fraudulent conveyances.

Of similar import, this is not a case where the "fundamental purpose" of a "fresh start" is implicated, inasmuch as (i) a Chapter 7 corporate debtor does not receive a discharge; and (ii) this is a liquidation proceeding. For want of ambiguity, though, if there are concerns that 819D will set off into the District of Columbia and use its corporate form to sell non-eponymous condominium units, once this case is concluded, such concerns are assuredly misplaced. Or, stated otherwise, we "come to bury [819D], not to praise [it]." William Shakespeare, Julius Caesar, Act III, scene ii.

Many debtors find their way into this Honorable Court when confronted with the ire of a state court. And while *Purdue* and *Jones* may be particularly hyperbolic exemplars, those are nonetheless cases where the bankruptcy process was allowed to take over for complex, advanced state court proceedings that saw debtors in particularly horrid lights (and rightfully so). Equally, and more locally, *National Small Business Alliance* and *MP PPH* both found their way into this Honorable Court in circumstances far more dire than those encountered by 819D on the other side

5

of the Potomac (where, at risk of being a broken record, a Washington, DC company in the business selling Washington, DC real estate, never ought to have been in the first place).

This Honorable Court is not merely an appropriate forum for a complex case weighed down by allegations of fraudulent conveyances; this Honorable Court is the ideal forum for such a case. And there is thusly an absence of "cause" sufficient to merit dismissal of this case.

### IV.     Conclusion

WHEREFORE, the Rubin Parties respectfully pray the Motion be denied, and for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 5, 2023

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone/Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for Andrew Rubin,
Canal View Holdings LLC,
819 Capital LLC, Woodmore
Partners LLC and TRG
Development LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of September, 2023, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig