**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

| | |
|---|---|
| GARCIA, KARL,<br><br>                      Plaintiffs,<br><br>v.<br><br>819D, LLC et al,<br><br>                      Defendant. | Civil Action No. 2020 CA 002540 B<br><br>Civil II - Calendar 11<br><br>Judge Hiram E. Puig-Lugo |

**ORDER**

This matter is before the Court on (1) Long & Foster/Urban Pace's Motion for Judgment on the Pleadings as to Liability, (2) 819D LLC's Motion to Dismiss [Long & Foster's] Crossclaim or, Alternatively, to Stay Crossclaim and Compel Arbitration, (3) 819D, LLC Motion to Dismiss Amended Complaint or, In the Alternative, Stay Case and Compel Arbitration, (4) Plaintiff's Renewed Motion for Default, (5) Long & Foster/Urban Pace's Motion to Strike Plaintiff's Amended Complaint or, In Lieu Thereof, to Have the Court Consider the Motion for Judgment on the Pleadings as to Liability Under Rule 12(c) in Light of the Amended Complaint, and (6) Defendant Regua LLC's Motion to Compel Arbitration.

**Background**

On May 18, 2020, Plaintiff filed his Complaint against 819D, LLC, Andrew Rubin, Michelle Tygier, Regua, Urban Pace, Potomac Construction Group, and the Sanctuary Condominium Unit Owners Association. Plaintiff's Complaint asserts that Andrew Rubin was a board member of the homeowner's association governing the Property at issue and also the President of 819D, LLC. Plaintiff's Complaint asserts that Michelle Tygier was also a board member of the homeowner's association governing the Property at issue and an officer or

director of 819D, LLC.  Defendant 819D, LLC is a residential developer and the seller of the underlying Property.  Defendant Regua was the developer of the Property at issue.  Defendant Long & Foster is a real estate company which marketed the Property at issue. Defendant Potomac Construction Group, LLC was the alleged general contractor hired to assist in the redevelopment of the Property at issue. Defendant Sanctuary Condominium Unit Owners Association is the homeowner's association that governs the Property at issue.

Plaintiff alleges that based on the "Project Defendants'" representations as to the condition and restoration of the Property, not known by Plaintiff at the time to be false, as well as the services and representations made by the Association, Plaintiff entered into a Purchase Agreement with 819D, LLC for the purchase of the underlying property on or about April 18, 2017.  Plaintiff asserts that the Purchase Agreement included 819D, LLC's warranty against structural defects, as well as defects in workmanship and materials.  Plaintiff asserts that he completed a punch list of defects he discovered on the Property prior to closing and/or settlement and the defects were not repaired prior to move-in.  After move-in, Plaintiff alleges he discovered more defects. Plaintiff further alleges he created a "Common Area Punch List" containing various issues with the building's Common Areas.  Plaintiff alleges that the findings of professionals he hired contradict the representations made by the "Project Defendants" during the marketing and sale of his unit and that the Project Defendants knew or should have known that the conditions they represented were in fact false.  Plaintiff asserts that the construction of the Unit deviates from the plans approved by the District of Columbia, resulting in Plaintiff purchasing a unit different and smaller from that to which he agreed to purchase.

Plaintiff's Complaint contains the following claims: (1) Breach of Warranty against 819D and Regua, (2) Breach of Contract against 819D, LLC, (3) Violation of Unfair or Deceptive

Trade Practices pursuant to D.C. Code § 28-3904 against 819D, Regua, Urban Pace, and Potomac Construction, (4) Fraud against 819D, Regua, Urban Pace, and Potomac, (5) Breach of Fiduciary Duty against the Association, and (6) Rescission of the Purchase Agreement in the alternative against 819D.

On July 29, 2020, the Court dismissed Plaintiff's claims against individual Defendants Michelle Tygier and Andrew Rubin in their individual capacity. On September 4, 2020, Defendant Long & Foster Real Estate, Inc. filed its Answer and a Cross-Claim against 819D, LLC.

On November 30, 2020, Plaintiff filed an Amended Complaint which added a Negligence count against 819D and Regua which will be discussed below.

## DISCUSSION

**I. Long & Foster's Motion to Strike Plaintiff's Amended Complaint or, In Lieu Thereof, to Have the Court Consider the Motion for Judgment on the Pleadings as to Liability Under Rule 12(c) in Light of the Amended Complaint**

On October 27, 2020, Plaintiff filed a "Motion for Leave to Amend Complaint." In Plaintiff's Motion, Plaintiff represented to the Court that he wished to amend his Complaint "to address the issues raised by the Association in its Motion to Dismiss." Plaintiff also represented that the Association and Defendant Long & Foster Real Estate consented to the relief "requested in [the] Motion." The Court relied on Plaintiff's representations and granted the request to Amend Plaintiff's Complaint specifically to address the issues raised by the Association in its motion to dismiss. The issues raised by the Association in its motion to dismiss dealt only with the Breach of Fiduciary claim against it. However, Plaintiff nonetheless went beyond the scope

of the Court's Order and amended its Complaint to add new factual allegations against all parties and included an entirely new claim of Negligence against 819D and Regua who were not involved in any issues that the Association raised in its motion to dismiss the breach of fiduciary duty claim.  The Court finds that Plaintiff's actions are not in compliance with the limitations in this Court's order granting Plaintiff leave to amend and highly prejudicial to the parties in this case who have already prepared responsive pleadings to the claims originally brought against them. Therefore, the negligence claim in Plaintiff's Amended Complaint shall be stricken, as Plaintiff did not seek leave to add a new claim against parties entirely unrelated to Defendant Association's Motion to Dismiss.  Given Plaintiff's assertion that its Amended Complaint does not cure any defects alleged by Long & Foster in its Motion for Judgment on the Pleadings, the Court will consider the motion in light of the above findings and in light of the Amended Complaint.  Indeed, it would be a waste of the parties' resources and the court's resources to force Defendant Long & Foster to re-file an entirely new motion for judgment on the pleadings when it will be virtually identical to the one which has already been filed.   Therefore, Plaintiff shall file a response to Defendant Long & Foster's Motion for Judgment on the Pleadings in light of its Amended Complaint no later than February 17, 2021, with any reply thereto due no later than February 24, 2021.   Accordingly, the motion is granted in part.

    **II.**    **819D, LLC Motion to Dismiss Amended Complaint or, In the Alternative, Stay Case and Compel Arbitration, Defendant Regua LLC's Motion to Compel Arbitration, and 819D LLC's Motion to Dismiss [Long & Foster's] Crossclaim or, Alternatively, to Stay Crossclaim and Compel Arbitration**

When deciding whether to order arbitration, a court must first determine "whether the parties agreed to arbitrate the disputes arising under the plaintiff's complaint." *Poire v. Kaplan,*

491 A.2d 529, 532 (D.C. 1985).  A party cannot be required to arbitrate a dispute that he or she has not agreed to arbitrate.  *See e.g. United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582-83 (1960).  Whether the parties have agreed to arbitrate a particular dispute is a question for judicial resolution "on the basis of the contracts between the parties."  *Ballard & Assocs. Inc. v. Mangrum,* 368 A.2d 548, 551 (D.C. 1977).

"Under District of Columbia law, a signature on a contract indicates "mutuality of assent" and a party is bound by the contract unless he or she can show special circumstances relieving him or her of such an obligation."  *Booker v. Robert Half Int'l, Inc.*, 315 F.Supp. 2d 94 (D.D.C. 2004).  In examining whether a contract is unconscionable, the court must determine whether one party lacked a meaningful choice and the contract terms were unreasonably favorable to the other party.  *Id*.  D.C. Code § 14-4421(a) states, "[a]n arbitrator may award punitive damages or other exemplary relief if such an award is authorized by law in a civil action involving the same claim and the evidence produced at the hearing justifies the award under the legal standards otherwise applicable to the claim."

As codified in the District of Columbia Revised Uniform Arbitration Act (RUAA), D.C. Code §§ 16-4401 to 16-4432 (2012), and the Federal Arbitration Act, 9 U.S.C.S. §§ 1-16 (1996), District of Columbia and federal law broadly protect the right of a party to contract for the use of arbitration as an alternative dispute-resolution mechanism. *See TRG Customer Sols., Inc. v. Smith*, 226 A.3d 751, 755 (D.C. 2020).  "District of Columbia case law has expressed a strong preference favoring arbitration when a contract contains an arbitration clause. Thus, a motion to compel arbitration invokes the well-established preference for arbitration when the parties have expressed a willingness to arbitrate. "  *Id*. (internal quotations and citations omitted).   "Like any contract right, the right to arbitrate may be waived — either expressly or by implication. In

evaluating whether such a waiver has occurred, the essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right. A party to a lawsuit can effect such a waiver by actively participating in the litigation or by taking other actions inconsistent with the right to arbitrate. In accordance with arbitration's favored status, courts must be cautious in concluding that a party to an arbitration agreement has abandoned the right to enforce it, and must resolve any ambiguity regarding the scope of a waiver in favor of arbitration." *Id*. at 755-56 (internal quotations and citations omitted). "In determining whether a party has waived its right to arbitration by actively participating in a lawsuit or taking other action inconsistent with that right, District of Columbia cases frequently return to the same themes. First, a party's unexplained delay in invoking a contractual right to arbitrate evinces an intent not to exercise that right. Once a lawsuit has been filed, a party's dilatoriness or delay, or extended silence and much delayed demand for arbitration, cut strongly in favor of a finding of waiver. In addition, a party's attempt to use a judicial forum to obtain a favorable ruling before demanding arbitration often represents the type of active participation in litigation that waives that right. Thus, a party cannot make a conscious decision to exploit the benefits of pretrial discovery and motion practice with relation to the arbitrable claims, that were fully available to it only in the judicial forum, using arbitration as a strategy to manipulate the legal process to get a second bite at a favorable outcome. This aspect of the case law reflects a concern with gamesmanship, seeking to prevent a litigant from first resorting to judicial remedies while holding an arbitration clause in its back pocket in case its opening gambits fall short." *Id*. at 757 (internal quotations and citations omitted). While prejudice to the party opposing the arbitration demand may be a relevant factor, prejudice need not be demonstrated in order to establish a waiver of the right to arbitration. *Id*.

Further, "in the arbitration context, equitable estoppel allows a nonsignatory to a written agreement containing an arbitration clause to compel arbitration where a signatory to the written agreement must rely on the terms of that agreement in asserting its claims against the nonsignatory." *GE Energy Power Conversion Fr. SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1644 (2020).

Defendant 819D, LLC asserts that the purchase agreement between itself and Plaintiff contains the following arbitration clause:

> ARBITRATION: Any controversy or claim, arising out of or relating in any way to this agreement, the Council of Unit Owners, or the Condominium, including the Condominium Unit and all Common Element, or any breach of any of the foregoing, shall be settled by arbitration in accordance with the prevailing rules of arbitration used within the District of Columbia.

Defendant 819D asserts that Plaintiff's Amended Complaint alleges breach of warranty, breach of contract, alleged unfair trade practices regarding representations made about the Property and the Unit, alleged fraud regarding representations made about the Property and the Unit, alleged breach of fiduciary duty by the unit owner's association, a claim for rescission of the Purchase Agreement.  Defendant asserts that all of Plaintiff's claims clearly arise out of or relate to the Purchase Agreement, Property, the Unit, the Association, or alleged breaches regarding those matters and thus, this Court must dismiss the case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or stay the case until arbitration has been completed.

Defendant Regua moves to compel arbitration because Plaintiff's claims against Regua are intertwined with the Purchase Agreement containing the arbitration clause and because Plaintiff alleges many of the same operative facts against a broad group of so-called "Project Defendants" that include both a signatory (819D) and a non-signatory.  Defendant Regua asserts that the recent U.S. Supreme Court of the United States decision supports its assertion that

"equitable estoppel allows a nonsignatory to a written agreement containing an arbitration clause to compel arbitration where a signatory to the written agreement must rely on the terms of that agreement in asserting its claims against the nonsignatory."

In opposition, Plaintiff asserts that Defendant waived any right to arbitration. Plaintiff bases this assertion on the fact that Defendant filed a motion to dismiss amended complaint or, in the alternative, to stay case and compel arbitration. Plaintiff asserts that the request for relief repeats its primary desire to have this Court decide the case and only seeks in the alternative to compel arbitration. Plaintiff asserts that Defendant has issued discovery to Plaintiff. Plaintiff asserts that not all of his claims arise out of the purchase agreement. Namely, Plaintiff asserts that his tort claims do not depend on the same operative facts as the claim for breach of contract. Plaintiff asserts that the other co-defendants are not bound by the arbitration provision and even assuming they were, most of them have waived any right to arbitration.

Here, the Court finds that compelling arbitration is appropriate here. First, the Court does not find that 819D waived its right to arbitrate. Indeed, in its first responsive pleading filed, it asserted its right to arbitrate. Even further, Plaintiff filed an amended complaint as recently as November 30, 2020, *after* any response from 819D was due under this Court's Order. Thus, Plaintiff's assertions that 819D waived its right to arbitration by *waiting* to file the motion to compel arbitration is without merit. Further, discovery was initially stayed as to 819D and all discovery was subsequently stayed. Plaintiff cannot assert that Defendants waived their right to arbitrate just by virtue of Plaintiff propounding discovery requests and/or taking depositions of parties prior to any scheduling order issuing in the case. This case is procedurally still in the beginning stages of litigation despite Plaintiff's heavy motions practice since the start of this litigation. The Court finds that the broad arbitration clause contained in the agreement applies to

all of Plaintiff's claims. Therefore, the Court finds that the parties agreed to arbitrate the disputes arising under the plaintiff's amended complaint.

Further, the Court finds that Defendant Regua properly evoked the doctrine of equitable estoppel in this context because Regua is a nonsignatory to the Purchase Agreement, which contains an arbitration clause, and Plaintiff is a signatory to the agreement. The arbitration clause encompasses all of Plaintiff's claims against Regua and Plaintiff is equitably estopped from avoiding a resolution by arbitration where the operative factual allegations against Regua are intertwined with the Purchase Agreement and raised collectively as to signatories and non-signatories alike.

Moreover, given that Long & Foster's crossclaim against 819D, LLC is entirely derivative of and has arisen solely because of Plaintiff's Complaint, and given that Long & Foster has not filed any opposition to Defendant 819D's Motion to Dismiss Crossclaim or to Compel Arbitration, the Court finds that arbitration on Long & Foster's crossclaim is appropriate and that Long & Foster has conceded to arbitrate its crossclaim against 819D, LLC. *See* D.C. Super. Ct. Civ. R. 12-I(e)("[w]ithin 14 days after service of the motion or at such other time as the court may direct, an opposing party must file and serve a statement of opposing points and authorities in opposition to the motion. If a statement of opposing points and authorities is not filed within the prescribed time, the court may treat the motion as conceded.)

Therefore, 819D, LLC Motion to Dismiss Amended Complaint or, In the Alternative, Stay Case and Compel Arbitration is granted, Defendant Regua LLC's Motion to Compel Arbitration is granted, and 819D LLC's Motion to Dismiss [Long & Foster's] Crossclaim or, Alternatively, to Stay Crossclaim and Compel Arbitration is granted.

### III. Plaintiff's Renewed Motion for Default

Under Rule 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk or the court must enter the party's default. The Court ordered Defendant Potomac Construction Group, LLC to file a response to Plaintiff's Complaint no later than November 6, 2020. Plaintiff asserts that Defendant has failed to respond *to the Complaint*. However, on November 30, 2020, Plaintiff filed an Amended Complaint with substantive changes to the factual allegations contained therein. Therefore, the Court *sua sponte* extends the deadline for Defendant Potomac Construction Group, LLC to file a response to Plaintiff's Amended Complaint. The Court finds that this is especially appropriate given the above rulings that will change the posture of this case. Therefore, Plaintiff's renewed motion for default is denied without prejudice.

## CONCLUSION

Based on the pleadings, the relevant law, and the entire record herein, it is this 3rd day of February 2021, hereby:

**ORDERED** that Long & Foster's Motion to Strike Plaintiff's Amended Complaint or, In Lieu Thereof, to Have the Court Consider the Motion for Judgment on the Pleadings as to Liability Under Rule 12(c) in Light of the Amended Complaint is **GRANTED IN PART**; it is further

**ORDERED** that 819D LLC's Motion to Dismiss [Long & Foster's] Crossclaim or, Alternatively, to Stay Crossclaim and Compel Arbitration is **GRANTED**; it is further

**ORDERED** that 819D, LLC Motion to Dismiss Amended Complaint or, In the Alternative, Stay Case and Compel Arbitration is **GRANTED**; it is further

**ORDERED** that Defendant Regua LLC's Motion to Compel Arbitration is **GRANTED**; it is further

**ORDERED** that Plaintiff's Renewed Motion for Default is **DENIED WITHOUT PREJUDICE**; it is further

**ORDERED** that Plaintiff's Count V – Negligence is hereby **STRICKEN** from Plaintiff's Amended Complaint; it is further

**ORDERED** that Plaintiff shall file a response to Defendant Long & Foster's Motion for Judgment on the Pleadings in light of his Amended Complaint no later than February 17, 2021, with any reply thereto due no later than February 24, 2021; it is further

**ORDERED** that Plaintiff's claims against Defendants 819D, LLC and Regua LLC are **STAYED** pending the completion of arbitration; it is further

**ORDERED** that Defendant Long & Foster's crossclaim against 819D, LLC is **STAYED** pending the completion of arbitration; it is further

**ORDERED** that Defendant Potomac Construction Group, LLC to file a response to Plaintiff's Amended Complaint no later than March 3, 2021.

**IT IS SO ORDERED**.

Judge Hiram Puig-Lugo
*Signed in Chambers*

Copies via CaseFileXpress to all counsel of record.

**Copies via US Mail to**:
Potomac Construction Group, LLC
7960 Old Georgetown Road, Suite 1-C
Bethesda, MD 20814