# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **MICHELLE TYGIER,** *et. al.* | : | **Case No. 2021 CA 001962 R(RP)** |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | **Judge Heidi M. Pasichow** |
| **KARL GARCIA** | : | |
| *Defendants*. | : | |

### ORDER (1) GRANTING PLAINTIFFS' MOTION REQUESTING CANCELLATION OF *LIS PENDENS*, (2) HOLDING IN ABEYANCE DEFENDANT'S MOTION TO DISMISS, (3) HOLDING IN ABEYANCE PLAINTIFFS' MOTION FOR RULE 11 SANCTIONS, AND (4) DENYING DEFENDANT'S MOTION TO EXTEND TIME TO FILE OPPOSITION

This matter is before the Court based upon (1) Plaintiff's Motion to Cancel *Lis Pendens* Notice filed June 21, 2021; (2) Defendants Motion to Dismiss filed on September 21, 2021; (3) Plaintiff's Motion for Rule 11 Sanctions filed September 22, 2021; and (4) Defendant's Motion for Extension of Time to File an Opposition filed on September 24, 2021. Both parties are represented by Counsel.

### I. Procedural Background

In April 2017, Defendant Garcia executed a condominium purchase agreement with 819D LLC. Defendant alleged breaches in the condominium purchase agreement and filed suit in the D.C. Superior Court against 819D LLC and Tygier, who Garcia alleged was an officer/director of 819D LLC and a board member of the Condominium's Homeowner's Association. 2020 CA 002540 B. Judge Puig-Lugo determined that the corporate veil could not be pierced, and accordingly Defendant's claims against Plaintiff Tygier were dismissed. July 29, 2020 Order at 5. Judge Puig-Lugo referred the Defendant's remaining claims against 819D LLC to Arbitration. Defendant has appealed that decision, and the appeal is pending. Judge Puig-Lugo granted 819D LLC's Motion to Stay Proceedings on March 26, 2021 pending Garcia's

interlocutory appeal. The D.C. Court of Appeals entered an Order on September 29, 2021 that the appeal shall be scheduled for consideration before a merits division as soon as the calendar permits.

In October 2020, Defendant Garcia filed an action in Fairfax County Circuit Court ("Fairfax Action") against 819D LLC, several other holding companies, and Plaintiffs Tygier and Rubin. There, the Complaint alleges improper conveyances to defraud Garcia who claims creditor status in 819D LLC. Plaintiffs Tygier and Rubin were included under the theory that they are grantees of the fraudulent conveyances made by 819D LLC, should Garcia obtain a judgment against 819D LLC. The Fairfax County Circuit Court has set this action for trial in September 2022.

On May 28, 2021, Defendant Garcia filed a Notice of *Lis Pendens* and a Lien in the Land Records Division of the D.C. Superior Court. Doc # 2021073460. The *Lis Pendens* affects Plaintiffs' Tygier and Rubin's family home located at 3704 Military Road N.W., Washington, D.C. 20007. Plaintiffs acquired the property from Rubin's father in 1978, and Tygier was added to the deed of the home in 2014.

## II. Plaintiff's Motion to Cancel *Lis Pendens*

### a. Legal Standard

A Notice of *Lis Pendens* can only be filed where the underlying suit concerns an interest in real property. D.C. Code § 42-1207(b). Put another way, a party may not file a Notice of *Lis Pendens* merely because they have a dispute with the owner; the party seeking to file a notice of *Lis Pendens* must have a dispute over an interest in the property in question. Even where a suit properly addresses an interest in real property, the Court may cancel a Notice of *Lis Pendens* where (1) the moving party will suffer irreparable injury if the Notice is not cancelled; (2) the

moving party has demonstrated a substantial likelihood of success on the merits; (3) a balancing of the potential harms favors the moving party; and (4) the public interest favors cancelling the Notice of *Lis Pendens*. D.C. Code § 42-1207(h).

Under the Virginia *Lis Pendens* Statue, an action *for lis pendens* cannot be filed "unless the action on which the *lis pendens* is based seeks to establish an interest by the filing party in the real property described in the memorandum, or unless the action on which the *lis pendens* is based seeks to enforce a zoning ordinance." Va. Code Ann. §8.01-268.

**b.    Analysis**

Defendant Garcia's lawsuits do not affect an interest in the real property personally owned by Plaintiffs Tygier and Rubin. The Court may cancel a notice of *lis pendens* if "underlying action or proceeding" does not "**directly affect**[s] the title to or tenancy interest in, or assets a mortgage, lien, security interest, right of first offer, right of first refusal, or other ownership in real property situated in the District of Columbia." D.C. Code § 42-1207(b) (emphasis added). The underlying action is limited to Defendant Garcia's condominium purchase agreement for the property located at 819 D Street, N.W., Unit 34, Washington, D.C. 20002. The Plaintiffs private residence is located at 3704 Military Road, N.W., Washington, D.C. 20007 ("Military Road Property"). Significantly, Plaintiff Rubin was conveyed this home by his father in 1978; therefore, Plaintiff Rubin did not utilize corporate monies or funds to purchase the property. Plaintiff Tygier, Rubin's wife, was added to the home's deed in 2014 following several renovations. Defendant Garcia entered into the purchase agreement in 2017. Thus, the underlying proceeding involving the 819 D Street Condominium Sale of the first D.C. Action does not directly affect any title, tenancy interests, assets, or ownership in the Military Road Property.

Additionally, the Fairfax Action's underlying subject—allegations of improper and fraudulent conveyances—does not involve the Military Road Property or its title. The Defendant has yet to obtain a judgment in Virginia, as trial will begin in September 2022. "In Virginia, if the title to real property is involved in a pending action, Code §8-143, permits the filing of *a lis pendens* to give notice to anyone who might deal with the property…[T]he statute is not applicable, however, to an action to recover a personal judgment against the defendant." *Preston's Drive Inn Restaurant, Inc v. Convery*, 207 Va. 1013, 154 S.E.2d 160, 162 (1967) (citing *Steinman v. Clinchfield Coal Corp.*, 121 Va. 611, 641, 93 S.E. 684, 693 (1917)). Neither the title of the Military Road Property nor the condominium's title are the subject of the Fairfax Action. Therefore, the *lis pendens* is inappropriate under Virginia law.

### III.    Defendants Motion to Dismiss

#### a.    Legal Standard

The court may dismiss a complaint under Super Ct. Civ. R. 12(b)(6) or under Super Ct. Civ. R. 12(c) if it does not contain sufficient factual allegations, accepted as true, to state a plausible claim on which relief can be granted. *Potomac Dev. Corp. v. District of Columbia*, 28 A.3d 531, 544 (D.C. 2011). At the pleading stage, the Plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Plaintiff's burden is not onerous. *Grayson v. AT&T Corp.*, 15 A.3d 219, 245-46 (D.C. 2011) (en banc). The Court shall accept the factual allegations in the complaint as true and draw all inferences from those factual allegations in the Plaintiff's favor. *Id.* at 228.

#### b.    Analysis

Defendants filed their Motion to Dismiss on September 21, 2021. The Court has not

received the Opposition from the Plaintiffs nor a reply from the Plaintiffs. The Plaintiffs have fourteen (14) calendar days to file their Opposition, which falls on or before October 5, 2021, and the Defendants have seven (7) calendar days after service to file their reply, which falls on or before October 12, 2021. Therefore, the Court determines that the issue is not ripe for review and holds it in abeyance at this time.

### IV.     Plaintiffs' Motion for Rule 11 Sanctions

#### a.    Legal Standard

Plaintiffs Tygier and Rubin move pursuant to D.C. Super Ct. Civ. R. 11, which authorizes the Court to impose sanctions on a party who files a pleading for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Super Ct. Civ. R. 11(b)(1). "Where the common law permits cancellation of a *lis pendens* notice…and if the suit was not 'prosecuted in good faith, with all reasonable diligence and without unnecessary delay,'" sanctions may be appropriate. *Heck v. Adamson*, 941 A.2d 1028, 1030 (D.C. 2008) (citing *Corey v. Carback*, 201 Md. 389, 94 A.2d 629, 637 (Md. 1953)). The Court will impose sanctions "in appropriate circumstances for intentional abuse of the litigation process." *In Re Estate of Delaney*, 819 A.2d 968, 998 (D.C. 2003). "[B]efore a trial court can exercise its inherent authority to assess counsel fees, a prerequisite finding must be made; specifically, that a party against whom the fees are assessed has acted in 'bad faith, vexatiously, wantonly, or for oppressive reasons.'" *In Re Jumper*, 909 A.2d 173, 176 (D.C. 2006) (*quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). A finding of "bad faith litigation is proper only under extraordinary circumstances or when dominating reasons of fairness so demand." *In Re Estate of Delaney*, 819 A.2d at 998 (internal quotations omitted).

#### b.    Analysis

Plaintiffs urge the Court to impose Rule 11 Sanctions against Defendant Garcia. Plaintiffs allege that Defendant Garcia pursued the *lis pendens* improperly and in bad faith "to tie up unrelated real estate (which is a family home and usually the largest asset of most families) for years to gain settlement negotiation leverage." Mot. for Sanctions at 8. The Motion for Sanctions was served on Bethany Benes, Defendant's Counsel, on August 20, 2021.

The Defendant has not yet responded to Plaintiffs' Motion for Sanctions. The Defendant has fourteen (14) calendar days to file their Opposition, which falls on or before October 4, 2021, and the Plaintiffs have seven (7) calendar days after service to file their reply, which falls on or before October 11, 2021. At this time, the Court determines that the issue is not ripe for review and holds it in abeyance at this time.

### V.    Defendant's Motion for Extension of Time

#### a.    Legal Standard

"When an act may or must be done within a specified time, the court may, for good cause, extend the time: (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Super. Ct. Civ. R. 6(b)(1). When interpreting "excusable neglect," the Supreme Court has stated that a Court may "accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." P*ioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). To determine "excusable neglect" the Court will consider various factors such as "the danger of prejudice [to other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395.

### b. Analysis

Within fourteen (14) days of service the opposing party must file its opposition to a motion. Plaintiffs filed their Motion to Cancel Notice of *Lis Pendens* on June 17, 2021, and Defendant Garcia accepted service of the motion on August 30, 2021. Therefore, Defendant's Opposition to Cancel Notice of *Lis Pendens* was due on or before September 13, 2021. Thus, the Instant Motion to Extend was made after the expiration of Defendant's time to file its Opposition

Defendant has stated that the Court did not specify the deadline by which Defendant's Opposition Motion should be filed. Mot. For Extension at 2. However, Defendant's Counsel should be aware of the Superior Court Rule of Civil Procedure 12-I(e) that states that a party must "within 14 days after service…file and serve a statement of opposing points and authorities" and if not, then the Court may "treat the motion as conceded." D.C. Sup. Ct. R. 12-I(e). Defendant largely requests the motion to save potential costs associated with filing an opposition in the event that the Court grants Defendant's Motion to Dismiss. Mot. For Extension at 2. This reason is not particularly compelling, as all litigants must expend costs to file motions in accordance with the Rules. Moreover, Defendant does not provide any other compelling circumstances to justify the extension. Therefore, in the interest of judicial expediency, the Court believes that an extension is inappropriate.

Accordingly, it is this 30th day of September 2021, it is

**ORDERED** that Plaintiffs' Motion Requesting Cancellation of Notice of *Lis Pendens* is **GRANTED**; it is,

**FURTHER ORDERED** that Defendant's Motion to Dismiss is **HELD IN ABEYANCE;** it is,

**FURTHER ORDERED** that Plaintiffs' Motion for Sanctions is **HELD IN ABEYANCE;** it is,

**FURTHER ORDERED** that Defendant's Motion to Extend Time to File its Opposition to Cancel Notice of *Lis Pendens* **DENIED;** and it is,

**FURTHER ORDERED** that the parties Status Hearing currently scheduled for October 1, 2021 is **VACATED and RESCHEDULED** to **January 7, 2022 at 10:30 a.m**. in Courtroom 516**.**

_____
**Heidi M. Pasichow**
**Associate Judge**

**Copies e-served to:**

Laurin Mills
*Counsel for Plaintiffs*

Yelena Trepetin
*Counsel for Plaintiffs*

Bethany Benes
*Counsel for Defendant*