**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

| | |
|---|---|
| GARCIA, KARL, <br><br>　　　　　　　　　Plaintiffs, <br><br> v. <br><br> 819D, LLC et al, <br><br>　　　　　　　　　Defendant. | Civil Action No. 2020 CA 002540 B <br><br> Civil II - Calendar 11 <br><br> Judge Hiram E. Puig-Lugo |

**ORDER**

This matter is before the Court on Defendant Michelle Tygier's Motion to Dismiss, filed on June 29, 2020 and Defendant Andrew Rubin's Motion to Dismiss, filed on June 30, 2020. On June 13, 2020, Plaintiff filed an opposition to Defendant Rubin's motion and on July 14, 2020, Plaintiff filed an opposition to Defendant Tygier's motion. On July 21, 2020, Defendant Tygier filed her reply.

**Background**

On May 18, 2020, Plaintiff filed his Complaint against 819D, LLC, Andrew Rubin, Michelle Tygier, Regua, Urban Pace, Potomac Construction Group, and the Sanctuary Condominium Unit Owners Association. Plaintiff's Complaint asserts that Andrew Rubin was a board member of the homeowner's association governing the Property at issue and also the President of 819D, LLC. Plaintiff's Complaint asserts that Michelle Tygier was also a board member of the homeowner's association governing the Property at issue and an officer or director of 819D, LLC. Plaintiff alleges, in relevant part, that he identified defects on the Property and Defendants Tygier and Rubin represented that the defects would be fixed prior to Plaintiff's move-in on the Property. Plaintiff asserts, in relevant part, that Defendants Rubin and

Tygier had a duty to repair and/or replace any defects in the Unit and failed to do so. Based on the allegations in Plaintiff's Complaint, Plaintiff asserts, in relevant part, that Defendants Rubin and Tygier engaged in a breach of warranty, violation of the Consumer Protection Procedures Act ("CPPA"), and fraud.

## DISCUSSION

To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Potomac Dev. Corp. v. District of Columbia*, 28 A.3d 531, 543-44 (D.C. 2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Dismissal of a Complaint for failure to state a claim upon which relief can be granted should only be awarded if "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Super. Ct. Civ. R. 12(b)(6); *Fingerhut v. Children's Nat'l Med. Ctr.*, 738 A.2d 799, 803 (D.C. 1999).

When considering a Motion to Dismiss, a Court must "construe the facts on the face of the Complaint in the light most favorable to the non-moving party, and accept as true the allegations in the Complaint." *Fred Ezra Co. v. Pedas*, 682 A.2d 173, 174 (D.C. 1996). A Court should not dismiss a Complaint merely because it "doubts that a Plaintiff will prevail on a claim." *See Duncan v. Children's Nat'l Med. Ctr.*, 702 A.2d 207, 210 (D.C. 1997). However, the Court need not accept inferences if such inferences are unsupported by the facts set out in the Complaint. *See Kowal v. MCI Comm. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor must the Court accept legal conclusions cast in the form of factual allegations. *Id.*

A pleading must contain a "short and plain statement of the claim showing that the pleading is entitled to relief." *See* Super. Ct. Civ. R. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-

78 (2009). To survive a Motion to Dismiss under Super. Ct. Civ. R. 12(b)(6), a Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.*

### I. Plaintiff's Breach of Warranty Claim against Defendants Tygier and Rubin

Under D.C. Code § 42.1903.16, "[a] declarant shall warrant against structural defects in each of the units for 2 years from the date each unit is first conveyed to a bona fide purchaser, and all of the common elements for 2 years." The term "declarant" shall mean any person or group of persons acting in concert who: (A) Offers to dispose of the person's or group's interest in a condominium unit not previously disposed of; (B) Reserves or succeeds to any special declarant right; or (C) Applies for registration of the condominium." D.C. Code § 42-1901.02(11).

It is well established that one seeking to pierce the corporate veil on an alter ego theory must prove by affirmative evidence the existence of a "unity of ownership and interest" and the "use of the corporate form to perpetuate fraud or wrong." *Meshel v. Ohev Sholom Talmud Torah*, 869 A.2d 343, 355 (D.C. 2005) (citation omitted). In determining if these elements are met, Courts "consider a range of factors, including whether corporate formalities have been observed; whether there has been any commingling of corporate and shareholder funds, staff, and property; whether a single shareholder dominates the corporation; whether the corporation is adequately capitalized; and, especially, whether the corporate form has been used to effectuate a fraud." *Id.* Piercing the corporate veil is a doctrine of equity and the "factor which predominates will vary in each case…." *Vuitch v. Furr*, 482 A.2d 811, 815 (D.C. 1984). Moreover, determining whether to

pierce the corporate veil is a practical test, "based largely on a reading of particular factual circumstances." *Id.* at 816 (quoting *Valley Finance, Inc. v. United States*, 629 F.2d 162, 172 ( D.C. Cir. 1980)). While a plaintiff need not plead "[that which] he needs to show to prevail at trial, the plaintiff must still allege sufficient facts regarding an alter ego relationship to 'satisfy Rule 8(a) and [*Ashcfroft v. Iqbal* (citation omitted)].'" *Kelleher v. Dream Catcher, LLC*, 221 F. Supp. 3d 157, 158-59 (D.D.C. 2016).

Defendant Tygier asserts that Plaintiff's claim must fail because Plaintiff failed to allege or show that Tygier is a "declarant" and therefore, Tygier owed no duty to provide a warranty nor is she alleged to have provided a personal warranty. Defendant Tygier asserts that instead, Plaintiff entered into a Purchase Agreement with 819D, LLC, the developer and owner of the Unit and the Purchase Agreement included 819D, LLC's warranty against structural defects, as well as defects in workmanship and improper materials. Similarly, Defendant Rubin asserts that he is also not a declarant and did not owe a duty to Plaintiff to provide a warranty on the property. Defendant Rubin asserts that Rubin did not hold title to the Property, did not hold any interest in the Property, nor did he offer to dispose of any interest in the Property. Defendant Rubin asserts that he had no obligation to provide any warranty and in fact, did not provide a warranty.

In opposition, Plaintiff asserts that while Rubin and Tygier are not parties to the Purchase Agreement, and while 819D, LLC is the seller, 819D, LLC was established to serve the purpose of the alter ego of Rubin and Tygier. Plaintiff asserts that the Complaint sets forth facts that allege and allow the Court to infer that Rubin and Tygier may be liable as the alter ego of 819D, LLC and cannot shield themselves from personal liability.

Here, the Court finds that Plaintiff's Complaint does not include sufficient factual allegations satisfying Rule 8(a) to support an alter ego or veil piercing theory of liability. Plaintiff's Complaint contains one sentence that states "upon information and belief, 819D was established to serve the purpose of, and is, the alter ego or business conduit of Andrew Rubin and Michelle Tygier conducting business under its name." The aforementioned allegation is a legal conclusion and Plaintiff's Complaint is devoid of any sufficient factual allegations regarding an alter ego relationship between Rubin, Tygier and 819D, LLC. Therefore, even viewing the Complaint in a light most favorable to Plaintiff, Plaintiff's Complaint fails to state a claim for breach of warranty against Tygier and Rubin in their individual capacities, as they are not "declarants" under D.C. Code § 42-1901.02(11) and did not owe a duty to Plaintiff to warranty the Unit at issue. Accordingly, Count I breach of warranty claim against Rubin and Tygier is dismissed.

## II. Plaintiff's CPPA Claim against Defendants Tygier and Rubin

Under D.C. Code § 28-3904, it is a violation of the D.C. Consumer Protection Procedures Act ("CPPA") for any person to engage in an unfair or deceptive trade practice, whether or not any consumer is in fact misled, deceived, or damaged thereby. The CPPA only supplies consumers with cause of action against merchants selling them goods or services, and therefore there must be consumer-merchant relationship in consumer transaction involving sale of goods or services for act to apply. *Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1129 (D.C. 2015). A "merchant" under the Act "means a person, whether organized or operating for profit or for a nonprofit purpose, who in the ordinary course of business does or would sell, lease (to), or transfer, either directly or indirectly, consumer goods or services, or a person who in the ordinary

course of business does or would supply the goods or services which are or would be the subject matter of a trade practice." D.C. Code § 28-3901.

Defendant Tygier asserts that Plaintiff failed to make any allegations specific to Tygier to show that Tygier is a "merchant" and does not explain, for example, the legal basis for Plaintiff's assertion that Tygier had a duty to disclose any information to Plaintiff. Tygier also asserts that Plaintiff failed to explain how Tygier can be held personally liable for the acts of 819D, LLC or the homeowner's association. Similarly, Defendant Rubin asserts that the CPPA does not apply because Rubin is not a "merchant" for purposes of the CPPA. Rubin asserts that he did not sell the property, the deed identifies 819D, LLC as the seller, and Rubin has not acted in the capacity of a merchant selling any item to Plaintiff.

In opposition, Plaintiff again reiterates that Rubin was the President of 819D, LLC and therefore, can be held personally liable under the CPPA as a "merchant" because he was "involved" in the sale and 819D, LLC was an alter ego for Rubin. Plaintiff asserts that Rubin made representations in the course of marketing the sale of the Unit to Plaintiff which violates the CPPA. Similarly, Plaintiff asserts that Tygier, as an officer of 819D, LLC, can be held personally liable under the CPPA as a "merchant" because she made representations in the course of marketing the sale of the Unit to Plaintiff which violates the CPPA.

In reply, Tygier asserts that Plaintiff's citations to a line of cases are not analogous to the instant case. Further, Tygier asserts that Plaintiff waived his claims against Tygier. To support this assertion, Defendant Tygier includes the Purchase Agreement, referenced in Plaintiff's Complaint and the document upon which Plaintiff forms much of his Complaint. The Purchase Agreement, between Plaintiff and 819D, LLC, contains a provision which waives Plaintiff's right to assert any and all claims arising out of or relating in any way to any oral or other

representations not contained in the Purchase Agreement. Specifically, the Purchase Agreement states, in relevant part:

This is the complete agreement between the parties…there are no other oral or other written agreements, representations, conditions, promises, or understandings directly or indirectly connected with this Agreement. Purchaser hereby waives and releases seller, its partners, affiliates, agents, employees, contractors and each of their respective successors and assigns, including, without limitation, any condominium association or other governing body formed in connection with the condominium, from any and all claims, losses, damages, expenses, costs, cause of action or other liabilities whether known or unknown, matured or unmatured, absolute or contingent, arising out of or relating in any way whatsoever to any such oral or other written agreement, representations, conditions, promises, or understandings.

Here, the Court finds that Plaintiff failed to allege facts sufficient to show that Rubin and Tygier are "merchants" subject to the CPPA.  Plaintiff's Complaint is void of facts showing that Rubin, Tygier, and Plaintiff had a consumer-merchant relationship in a consumer transaction. Indeed, the seller of the Property was 819D, LLC and the purchaser was Plaintiff.  As explained above, Plaintiff failed to show facts sufficient to pierce the corporate veil and does not allege facts of any consumer-merchant relationship or consumer transaction between Rubin and Tygier with Plaintiff.  Plaintiff's CPPA claim merely states that Rubin and Tygier had an "obligation" to fully and accurately disclose to the public the characteristics and condition of the Property being offered for sale and they violated their duty by misrepresenting material facts about the Property which misled Plaintiff to purchase the Property. However, as stated in the Purchase Agreement signed by Plaintiff, the Purchase Agreement constituted the entire agreement and any pre-signing representations are not connected to the Purchase Agreement and/or binding.  Indeed, the Purchase Agreement states: "there are no other oral or other written agreements, representations, conditions, promises, or understandings directly or indirectly connected with this Agreement" and the Purchase Agreement does not include any obligations on the part of Rubin and Tygier who are not parties to the contract.   Therefore, Plaintiff's CPPA claims against Rubin and

Tygier shall be dismissed, as Rubin and Tygier are not "merchants" subject to the CPPA and Plaintiff waived his claims against them when he signed the Purchase Agreement to which Rubin and Tygier are not parties.

### III.   Plaintiff's Fraud Claim against Defendants Tygier and Rubin

In order to make out a claim for Fraud the Plaintiff must show: (1) a false representation in reference to material fact, (2) made with knowledge of its falsity, (3) with the intent to deceive, and (4) action taken in reliance upon the representation. *See Saucier v. Countrywide Home Loans*, 64 A.3d 428, 438 (D.C. 2013). It is well-established that allegations of fraud must be pled with particularity.  *See* Super. Ct. Civ. R. 9(b) (all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994) (pleader must state the time, place and content of the false misrepresentations, the fact misrepresented, and what was retained or given up as a consequence of the fraud). Moreover, where a complaint is filed against multiple defendants, the heightened pleading standard requires that the identity and role of individual defendants alleged to have made false representations be specified in the complaint.  *Phone Recovery Servs., LLC v. Verizon Wash., DC, Inc.*, 191 A.3d 309, 322 (D.C. 2018).

"A corporate officer's tortious conduct, though committed in behalf of the corporation, also creates personal and individual liability on his part." *Bethesda Salvage Co. v. Fireman's Fund Ins. Co.*, 111 A.2d 472 (D.C. 1955).  However, the D.C. Condominium Act specifically relieves condominium developers' agents of tort liability with respect to condominium developments. *Barimany v. Urban Pace LLC*, 73 A.3d 964 (D.C. 2013).  Indeed, under D.C. Code § 42-1903.09, "[a]n action for tort alleging a wrong done: (1) by any agent or employee of the declarant or of the unit owners' association; or (2) in connection with the condition of any

portion of the condominium which the declarant or the association has the responsibility to maintain, **shall be brought against the declarant** or the association, as the case may be."

Defendant Tygier asserts that under D.C. Code § 42-1903, she is shielded from any potential personal liability arising out of statements she allegedly made as an agent or officer of 819D, LLC.  Tygier asserts that Plaintiff's Complaint makes clear that the one alleged statement she made to Plaintiff was in the course of her duties as an agent for 819D, LLC.  Accordingly, Tygier asserts that to the extend her statements give rise to a tort claim, the proper Defendant is 819D, LLC.  Similarly, Defendant Rubin asserts that Plaintiff failed to allege facts to pierce the corporate veil and he cannot be held liable for his statements made as the agent for 819D, LLC.  Defendant Rubin asserts that Plaintiff's Complaint makes clear that Plaintiff was aware that his dealings were with the principal 819D, LLC and not Rubin as an individual or agent.  Further, Defendant Rubin asserts that even assuming he could be held personally liable, Plaintiff's fraud claim was not pled with the requisite particularity.

In opposition, Plaintiff asserts that Tygier and Rubin are "declarants" under the D.C. Condominium Act and therefore, can be held liable despite the D.C. Condominium Act relieving condominium developers' agents of tort liability with respect to condominium developments.  Further, Plaintiff asserts that he alleged with particularity that Rubin and Tygier made several false representations and references paragraphs 11, 14, and 15 in his Complaint to support his assertion.

The Court finds that, as stated and found above, Tygier and Rubin are not "declarants" under D.C. Code § 42-1901.02(11) and therefore, are relieved of tort liability with respect to the Unit development at issue in this case.  Further, the Court finds that Plaintiff's fraud claim was not pled with the requisite particularity.  Indeed, Paragraph 11 of Plaintiff's Complaint names

five defendants and does not specify the role of the individual defendants alleged to have made the false representations. Instead, Plaintiff's Complaint states the Unit was advertised with false representations and attributes liability to five defendants for the contents of the advertisement with no particularity or specificity. Plaintiff's fraud allegations fail to state the time, place and content of the false misrepresentations, and the fact(s) misrepresented as it pertains to each respective Defendant against whom Plaintiff is asserting a claim of fraud. Therefore, Plaintiff has failed to state a claim of fraud against Rubin and Tygier because as agents of 819D, LLC, they are relieved from liability under the D.C. Condominium Act and Plaintiff failed to plead his fraud claim with the requisite particularity.

## CONCLUSION

Based on the above findings, the relevant law, and the entire record herein, it is this 29th day of July 2020, hereby:

**ORDERED** that Defendant Tygier's Motion to Dismiss is **GRANTED**; it is further

**ORDERED** that Defendant Rubin's Motion to Dismiss is **GRANTED**; it is further

**ORDERED** that Plaintiff's claims against Defendant Tygier and Defendant Rubin are **DISMISSED**.

**IT IS SO ORDERED**.

Judge Hiram Puig-Lugo
*Signed in Chambers*

Copies via CaseFileXpress to all counsel of record.