IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 22-101-ELG |
| | ) | |
| 819D LLC | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION TO APPROVE COMPROMISE**

Comes now Wendell W. Webster (the "Trustee"), in his capacity as trustee of the Chapter 7 bankruptcy estate of 819D LLC ("819D" or the "Debtor"), pursuant to Federal Rule of Bankruptcy procedure 9019, and moves to approve an as-yet-unsigned settlement agreement (the "Agreement"), and states as follows:

**I.     Introduction**

The Court is familiar with the history of this case, as are all major creditors, so the Trustee will not rehash this case's lengthy history here.  Briefly, following extensive negotiations with various defendants in the case of *Garcia v. 819 Capital, et al.*, Case No. 22-10009-ELG (the "Adversary Case"), the Debtor's insurer and related insurers, and the Debtor's two major creditors, and the Debtor's Chapter 11 counsel (who holds a Chapter 11 administrative claim) and the Trustee have reached a global settlement. The Agreement will provide $732,500 for the estate and creditors through several means and resolve (at least as to the estate and the Trustee) four adversary proceedings.  The Debtor's two major creditors support the settlement, as does the Debtor's former counsel.

---
Justin P. Fasano, Esq.
Bar No. MD21201
McNamee Hosea, P.A.
6404 Ivy Lane, Ste 820
Greenbelt, MD 22070
Phone: (301) 441-2420
Facsimile: (301) 982-9450
jfasano@mhlawyers.com
*Counsel for Wendell W. Webster*

The details of the Agreement are discussed in more detail below, and are set forth fully in the Agreement. The Trustee believes this is as good an outcome as can be achieved, in the face of extremely contentious and expensive litigation. And the Trustee has elected to enter into this Agreement (subject to court approval) only after working extensively, with his counsel, to assess the Adversary Case, to hear the positions of all the parties to the Adversary Case, to review numerous documents, and to assess various legal issues.

**II.      Agreement Terms**

The full Agreement will be submitted when fully executed and all parties in interest are advised to review the document itself. Because the process of formalizing the Agreement has proved cumbersome, the Trustee files this Motion today to preserve the October 18, 2023 date agreed to by the parties.  By way of brief summary, the Agreement will generally provide as follows:

1. The various defendants to the Adversary Case, the Debtor's insurers, and the Trustee will cause to be paid $627,500 to Karl Garcia, $20,000 to the Sanctuary Condominium Association; and $85,000.00 to the estate.

2. All of the defendants to the Adversary Case, except for Christos Economakis and Liliana Economakis, who do not assert claims, will waive any claims against the Debtor's estate.

3. All of the defendants to the Adversary Case, and various related parties, on the one hand, will give to, and receive from the estate, Karl Garcia, and Sanctuary Condominium Assocation, global releases and waivers, including releases of any fraudulent conveyance claims.

4. The adversary proceeding, seeking a declaratory judgment, previously brought against the Trustee, will be dismissed with prejudice.

5. The lawsuits commenced by Karl Garcia and Sanctuary Condominium Association will be dismissed with prejudice as to the parties to the global settlement in accordance with the Agreement.

6. The Trustee will return attorney-client privileged information to the Debtor's counsel.

### III.    Standard

The Federal Rules of Bankruptcy Procedure specifically provide for the approval of compromises and settlements upon a motion and hearing:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

The United States District Court for the District of Columbia has previously set forth the criteria by which a motion under Federal Rule of Bankruptcy Procedure 9019 is to be evaluated:

> …a bankruptcy judge "need not hold a mini-trial or write an extensive opinion every time he approves or disapproves a settlement." While neither the Bankruptcy Code nor Bankruptcy Rule 9019 offers guidance as to the criteria a bankruptcy court applies in evaluating a proposed settlement, the parties generally agree that, following the principles of *TMT Trailer Ferry*, the bankruptcy court should consider: (1) probability of success in the litigation; (2) difficulties, if any, with collection; (3) the complexity of the litigation, including the expense, inconvenience and delay attendant to the litigation; and (4) the interest of creditors.

*Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521, 554 (D. D.C. 2008), *aff'd sub nom. Greater Se. Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1 (D.C. Cir. 2009) (quoting *In re Fishell*, 47 F.3d 1168 (6th Cir.1995); *citing Southern Med. Arts Companies, Inc.*, 343 B.R. 250, 256 (10th Cir. BAP 2006); *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007); *Protective*

*Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968)).

    IV.    **Argument: The Agreement Should be Approved**

The Agreement is a reasonable exercise of the Trustee's business judgment, and provides for a resolution of the Adversary Case above the lowest range of an outcome that could be reasonably anticipated along with the settlement of the two largest claims against the estate. The Agreement will also bring money into the estate, spare the estate from expensive litigation, and bring the Adversary Case to a close. The Agreement should be approved.

In considering probability of success in litigation, the Trustee believes he might succeed if the Adversary Case were to proceed, but is also worried about certain potential obstacles. Some of the defendants have raised issues concerning the application of Virginia law to this case, and it appears the sale of a Washington, DC condominium – from a Washington, DC company, to a Florida resident – may not be the sort of transaction likely to be considered under Virginia law. The defendants have also argued the Debtor was effectively solvent at all times, between cash, a bond, and insurance. And it is possible that any recovery on a warranty claim would be for less than the monies available under that insurance policy, coupled with the bond and cash on hand. The settlement reached in the Agreement mitigates those concerns.

Difficulties with collection are mostly uncertain. It appears various defendants have assets that could be seized in connection with collection proceedings, but the Trustee has not seriously evaluated any collection issues. This factor was not a significant part of the Trustee's consideration in reaching the Agreement.

The complexity of the litigation, on the other hand, was a significant factor in reaching a settlement. This is a case that has been pending for years. The case has only been growing more

4

and more complicated in this court. This is a case that would have required assessment of the Debtor's solvency (likely requiring an expert witness), the tracing of money (also potentially requiring an expert witness), and examination of warranty claims (no doubt requiring at least one expert witness). An enormous amount of time and money would have gone into prosecuting this case, and the Trustee would have needed to succeed at every turn of the case. The Agreement also resolves three other adversary proceedings, two of which liquidate the two largest claims filed against the estate.

The Agreement does not violate the absolute priority rule. The insurance proceeds and bond being paid to Karl Garcia and the Sanctuary Condominium Unit Owners Association are not property of the estate.

> With respect to insurance policies, courts have generally held that the policies themselves and the debtor's rights under the policies are property of the debtor's estate. *MacArthur Co. v. Johns–Manville Corp.,* 837 F.2d at 92 ("Numerous courts have determined that a debtor's insurance policies are property of the estate, subject to the bankruptcy court's jurisdiction."). Whether the insurance proceeds are property of the estate, however, is a more complex question that depends upon the nature or type of insurance, the timing of the casualty loss, and the terms of the policy.

*In re Holtslander*, 507 B.R. 779, 784 (Bankr. N.D.N.Y. 2014). "Proceeds under an insurance policy are property of the estate when the policy provides the debtor with direct coverage. *In re Culp*, 588 B.R. 389, 393 (Bankr. D. Del. 2018). In this case, both the Debtor's bonds and insurance are for the benefit of specified creditors, not the Debtor. Further, the Agreement resolves direct claims of Karl Garcia against the settling defendants. Finally, the only beneficiary of more funds coming into the estate would be Hirschler Fleischer, PC, who has requested an administrative claim of $156,429.50 and $1,501.58 in expenses (while holding a retainer of $18,963.00). Hirschler Fleischer, PC consents to the settlement.

Finally, a settlement is in the best interests of creditors as a whole because it brings money into the estate, lessens the size of the claims register, reserves money for warranty claims, and allows the litigation to end. The Debtor's two major creditors support the settlement. The settlement was hard-fought, and should be approved.

**Conclusion**

WHEREFORE, the Trustee asks the Agreement be approved and for such other and further relief as may be just and proper.

Dated: September 29, 2023                    Respectfully submitted,

/s/ Justin P. Fasano
Janet M. Nesse, Esq.
Justin P. Fasano, Esq.
6404 Ivy Lane, Suite 820
Greenbelt, Maryland 20770
(301) 441-2420: Telephone
(301) 982-9450: Facsimile
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Attorneys for the Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2023, a true and correct copy of the foregoing was served by CM/ECF upon all parties receiving notice thereby.

/s/ Justin P. Fasano
Justin P. Fasano