DRAFT – For Discussion
10/31/2023  3:31 pm

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is made as of the date of the entry of a final and non-appealable order approving the Agreement by the United States Bankruptcy Court for the District of Columbia (the "Effective Date"), by and between (a) Wendell Webster in his capacity as the trustee of the bankruptcy estate of 819D LLC (the "Trustee," with the underlying estate being referred to herein as the "Estate" and the debtor in bankruptcy being referred to herein  as "819D" or the "Debtor"), (b) The Rubin Group LLC ("Rubin Group"), 819 Capital LLC ("819 Capital"), K Street Holdings LLC ("K Street"), TR Holdings LLC ("TR Holdings"), 2233-40th Partners LLC ("2233"), South Glebe LLC ("South Glebe"), Woodmore Partners LLC ("Woodmore"), TRG Development LLC ("TRG"), 638 Newton Partners LLC ("638 Newton"), Andrew Rubin ("A. Rubin"), Michelle A. Tygier ("Ms. Tygier"), Robert Rubin ("R. Rubin"), Canal View Holdings LLC ("Canal View"), Gregory Auger, II ("Auger II"), Gregory Auger, III ("Auger III"), Regua, LLC ("Regua"), Thomas D. Madison ("Mr. Madison"), Jeffrey Houle ("Mr. Houle") (Rubin Group, 819 Capital, K Street, TR Holdings, 2233, South Glebe, Woodmore, TRG, 638 Newton, A. Rubin, Ms. Tygier, R. Rubin, Canal View, Auger II, and Auger III (collectively referred to as the "Rubin/Auger Parties"), (c) Mr. Madison and Mr. Houle , (d) Karl Garcia ("Mr. Garcia"), (e) the Sanctuary Condominium Unit Owners' Association (the "SCUOA"), and (f) Potomac Construction Group LLC ("PCGL") . The Debtor, the Rubin/Auger Parties, Mr. Madison, Mr. Houle, PCGL, and SCUOA hereinafter may be collectively referred to as the "Settling Defendants," and each sometimes referred to as a "Settling Defendant." The Trustee, the Settling Defendants, PCGL, SCUOA and Mr. Garcia hereinafter may be collectively referred to as the "Parties" and each sometimes known as a "Party."

WHEREAS, on June 19, 2022 (the "Petition Date"), 819D filed a petition for relief, pursuant to Section 301 of Title 11 of the United States Code, and thereby commenced bankruptcy

DRAFT – For Discussion
10/31/2023  3:31 pm

case number 22-101-ELG in the United States Bankruptcy Court for the District of Columbia (the

"Bankruptcy Proceeding," with the court being referred to as the "Bankruptcy Court") as a debtor-

in-possession under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

and

WHEREAS, on July 29, 2022, the matter of *Garcia v. Rubin Group LLC, et al.*, originally

filed as case number CL-2020-17040 in the Circuit Court for Fairfax County, Virginia and

thereafter removed to the United States District Court for the Eastern District of Virginia, before

being transferred to the United States District Court for the District of Columbia, was referred to

the Bankruptcy Court, thereby initiating adversary proceeding case number 22-10009-ELG (the

"First Adversary Proceeding"); and

WHEREAS, on August 9, 2022, the matter of *Garcia v. 819D LLC, et al.*, originally filed

as case number 2020 CA 002540 B in the Superior Court for the District of Columbia, , and

appealed to the District of Columbia Court of Appeals and assigned Case No. 21-CV-104, was

removed to the United States District Court for the District of Columbia and, by standing order,

referred to the Bankruptcy Court, thereby initiating adversary proceeding case number 22-10010-

ELG (the "Second Adversary Proceeding"); and

WHEREAS, on September 16, 2022, the matter of *Sanctuary Condominium Unit Owners'*

*Association v. 819D LLC*, inclusive of a third party claim by 819D LLC against Potomac

Construction Group, LLC set forth therein, originally filed as case number 2021 CA 004683 B in

the Superior Court for the District of Columbia, was removed to the United States District Court

for the District of Columbia and, by standing order, referred to the Bankruptcy Court, thereby

initiating adversary proceeding case number 22-10012-ELG (the "Third Adversary Proceeding");

and

DRAFT – For Discussion
10/31/2023  3:31 pm

WHEREAS, on October 12, 2022, the Bankruptcy Court entered an order converting the Bankruptcy Proceeding to a case under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on October 12, 2022, Brian Ross was appointed to serve as the interim Chapter 7 Trustee of the Debtor's Estate, with such appointment thereafter being made permanent by operation of law; and

WHEREAS, on June 15, 2023, the Bankruptcy Court entered its Order Compelling Turnover of Client Files [Docket No. 160] pursuant to which the Law Offices of Mark Crawford, PLLC, has turned over two thumb drives containing attorney-client privileged information to counsel for the Trustee (the "Privileged Documents"); and

WHEREAS, on June 23, 2023, Brian Ross resigned as permanent trustee of the Debtor's Estate; and

WHEREAS, on June 23, 2023, the United States Trustee appointed the Trustee to serve as permanent trustee of the Debtor's Estate, with the Trustee having served in said capacity at all times since and continuing to serve in said capacity; and

WHEREAS, the First Adversary Proceeding alleges, *inter alia*, that certain of the Settling Defendants orchestrated, facilitated, engaged in, benefited from, and/or were otherwise parties to one or more avoidable conveyances of money, in connection with the operation of the Debtor's business and the flow of monies to various Parties, including the equity interests of the Debtor and derivative equity interests thereof; and

WHEREAS, the Second Adversary Proceeding alleges, *inter alia*, that the Debtor and certain Settling Defendants breached a duty of warranty and caused or were responsible for certain construction defects related to a condominium unit purchased by Mr. Garcia (the "Condo Unit") in The Sanctuary, a condominium project developed by the Debtor in Washington, D.C.; and

DRAFT – For Discussion
10/31/2023  3:31 pm

WHEREAS, the Third Adversary Proceeding alleges, *inter alia*, that the Debtor and certain Settling Defendants breached a duty of warranty and caused or were responsible for certain construction defects to the SCUOA with respect to The Sanctuary condominium project; and

WHEREAS, the Trustee, upon appointment, assumed the rights and powers of creditors of the Debtor insofar as such rights and powers relate to the pursuit of civil actions for the avoidance of conveyances of money such as those asserted in the First Adversary Proceeding; and

WHEREAS, on March 3, 2023, A. Rubin and Canal View filed an adversary proceeding, against the Trustee, seeking declaratory relief concerning the existence, *vel non*, of any fraudulent conveyances of the Debtor benefiting A. Rubin and/or Canal View, and thereby commenced adversary proceeding number 23-10009-ELG in the Bankruptcy Court (the "DJ Adversary Proceeding"), in which proceeding Ms. Tygier, R. Rubin, TR Holdings and Rubin Group intervened as third-party plaintiffs; and

WHEREAS, in connection with the development of The Sanctuary condominium project, the Debtor posted a bond (the "Bond"), with the District of Columbia, against which Mr. Garcia has made a claim in connection with one or more of the claims set forth in the Second Adversary Proceeding and against which, upon reasonable investigation, no other party has made a claim, and against which, upon reasonable legal inquiry, no other party in existence may heretofore make a timely claim; and

WHEREAS, the Bond is secured by that certain bond which is secured by a standby letter of credit secured by cash in a deposit account at EagleBank, in the approximate original amount of Three Hundred and Fifty Six Thousand Sixteen Dollars ($356,016.00) (the "Bond Account Amount"), and any and all interest that has accrued on such amount, which account is maintained at EagleBank (the "Bond Account"); and

DRAFT – For Discussion
10/31/2023  3:31 pm

WHEREAS, prior to the Petition Date, the Debtor established an escrow account, in the amount of Seven Thousand Five Hundred Dollars ($7,500.00) (the "Escrow Account Amount") for a glass partition to be installed in Mr. Garcia's Unit, and any and all interest that has accrued on such amount, which account is maintained at District Title, Inc. (the "Escrow Account"); and

WHEREAS, certain policies of liability insurance (the "Insurance Policies") may provide coverage for claims against (i) the Debtor; (ii) PCGL, a contractor; and (iii) SCUOA, a unit-owners association of which Mr. Garcia is a member; and

WHEREAS, there exists a desire between and amongst the Parties to amicably resolve all claims, causes, and actions – alleged or which could have been alleged in the First Adversary Proceeding, the Second Adversary Proceeding, the Third Adversary Proceeding, the DJ Adversary Proceeding, and otherwise – that now exist, whether known or unknown, between each and any of the Settling Defendants, Mr. Garcia, Sanctuary Condominium Unit Owners' Association, Potomac Construction Group LLC, the Trustee, the Debtor, and/or the Debtor's Estate.

IT IS NOW, THEREFORE, agreed by and between the Parties, and for their respective heirs, personal representatives, agents, officers, directors, members, equity holders, successors, abandonees, and assigns, in consideration of the mutual covenants, promises, and agreements contained herein, the sufficiency and receipt of which is acknowledged by all Parties hereto, that:

1.      **Bond**. In exchange for, and in express reliance upon, the releases and other promises set forth herein, the Trustee, the Rubin/Auger Parties and SCUOA shall not contest Mr. Garcia's claim against the Bond ands  shall instead take all actions requisite and necessary to ensure that the Bond and/or the Bond Account Amount is disbursed, *en toto*, in favor of Mr. Garcia within thirty (30) days of the Effective Date. To facilitate release of the Bond and/or the Bond Account Amount to Mr. Garcia as contemplated herein, immediately following the Effective Date,

DRAFT – For Discussion
10/31/2023  3:31 pm

the Trustee will file with the Bankruptcy Court a motion for turnover of the funds in the Bond

Account by EagleBank with notice to the District of Columbia.  The Settling Defendants represent

that the funds in the Bond Account are immediately available for withdrawal and not held in any

certificates of deposit or any other financial instrument that may prevent immediate turnover of

the funds to the Trustee.  None of the Parties will oppose the Trustee's motion for turnover, and,

to the extent necessary, will endorse the order granting the requested relief.  To the extent further

necessary to effectuate the release of the Bond Account Amount to Mr. Garcia, the Trustee and

any necessary Rubin/Auger Parties shall execute such forms, notices, and other paperwork as may

be required to ensure the turnover and full disbursement of the Bond and/or Bond Account Amount

to  Mr. Garcia, including but not limited to (i) a withdrawal of the Opposition filed by 819D on or

about October 7, 2019 and/or; and (ii) an agreed order directing the Bond Account Amount be

released to Mr. Garcia.

2.    **Escrow Account**.  In exchange for, and in express reliance upon, the releases and

other promises set forth herein, the Trustee and any necessary Rubin/Auger Parties shall take all

actions reasonably requisite and necessary to ensure that the Escrow Account Amount is disbursed,

*en toto*, in favor of Mr. Garcia within five (5) days of the release of the Bond Account Amount to

Mr. Garcia.

3.    **Insurance**. In exchange for, and in express reliance upon, the releases and other

promises set forth herein, the following payments shall be made on account of the Insurance

Policies by Harford Mutual Insurance Company, Erie Insurance Exchange, and CNA Financial

Corporation (the "Insurance Companies"): (i) The Harford Mutual Insurance Company, having an

alleged obligation to insure the Debtor, shall cause to be paid to Mr. Garcia the sum of One

Hundred and Twenty Thousand Dollars ($120,000.00); (ii) Erie Insurance Exchange, having an

DRAFT – For Discussion
10/31/2023  3:31 pm

alleged obligation to insure the Debtor and Potomac Construction Group LLC, shall cause to be

paid to Mr. Garcia the sum of Twenty Thousand Dollars ($20,000.00); and (iii) CNA Financial

Corporation, having an alleged obligation to insure SCUOA, shall cause to be paid to Mr. Garcia

the sum of Forty Thousand Dollars ($40,000.00) (the $180,000.00 total of such amounts being

referred to as the "Insurance Amount"). Each payment called for in this Section 3 shall be made

in the lawful currency of the United States, via commercial check or wire, on or before thirty (30)

days after the release of the Bond Account Amount to Mr. Garcia.. These payment obligations

shall be several and not joint, and no entity shall be liable for payment of any amount in excess of

its designated payment amount.

4.    **Payment to Garcia**. In exchange for, and in express reliance upon, the releases and

other promises set forth herein, the Rubin/Auger Parties shall cause to be paid to Mr. Garcia the

lesser of (a) the difference between the Garcia Settlement Sum (as defined in Section 5 below) and

the total of the Bond Account Amount plus the Escrow Account Amount plus the Insurance

Amount, and (b)  Sitxy -Five Thousand Dollars ($65,000) (the "Rubin/Auger Payment").  The

Rubin/Auger Payment will be paid within five (5) days of the last to be paid of the Bond Account

Amount, the Escrow Account Amount and the Insurance Amount. The Rubin/Auger Parties may

apportion or prorate the Rubin/Auger Payment, between and amongst themselves, as they see fit,

without disclosure of such apportionment or proration.

5.    **Garcia Settlement Sum.** All parties agree that Mr. Garcia is entitled to Six

Hundred Twenty-Seven Thousand Five Hundred Dollars ($627,500) (the "Garcia Settlement

Sum"), and    that in no event shall the Rubin/Auger Parties be required to fund more than

$150,000.00, in payments to Mr. Garcia, the Estate or any other Party herein. If Mr. Garcia does

not receive the Bond Account Amount within ninety (90) days, Mr. Garcia shall have the option,

in his sole discretion, to either (a) declare this Agreement and all terms stated herein null and void, in which case all Parties shall be relieved of any and all obligations hereunder and the releases provided for in Sections _____ below shall be of no effect, or (b) accept the payment of the Insurance Amount,  Escrow Account Amount and Rubin/Auger Payment, while retaining his rights in and to the Bond  and Bond Account, in which event the releases provided in Sections _____ below shall be effective.   Notwithstanding the foregoing, the Trustee may move to extend such ninety (90) day period for cause, in prior to the expiration of such period, in which case such period will be deemed extended without further order until the Bankruptcy Court rules on the Trustee's motion.  The Trustee will schedule any motion filed to extend such period on the first available court date available to Mr. Garcia and the Trustee.

6. **Payment to SCUOA**.  In exchange for, and in express reliance upon, the releases and other promises set forth herein, Erie Insurance Exchange, having an alleged obligation to insure the Debtor, shall cause to be paid to SCUOA the sum of Twenty Thousand Dollars ($20,000.00) (the "SCUOA Settlement Sum"), within five (5) days of the payment of the Bond Account Amount to Mr. Garcia or Mr. Garcia's exercise of his option provided in Section 5(b) above.  The payment called for in this Section 6 shall be made in the lawful currency of the United States, via commercial check or wire.

7. **Payment to Estate**. In exchange for, and in express reliance upon, the releases and other promises set forth herein, the Rubin/Auger Parties shall cause to be paid to the Estate, in the care of the Trustee, the sum of Eighty-Five Thousand Dollars ($85,000.00) (the "Estate Settlement Sum"), in the lawful currency of the United States, within five (5) days of the payment of the Bond Account Amount to Mr. Garcia or Mr. Garcia's exercise of his option provided in Section 5(b) above. The Rubin/Auger Parties may apportion or prorate payment of the Estate Settlement Sum,

DRAFT – For Discussion
10/31/2023  3:31 pm

between and amongst themselves, as they see fit, without disclosure of such apportionment or proration.

8.      **Nature of Monies Recovered from the Bond.** Should it be necessary for the Trustee to collect the Bond Account Amount for the benefit of Mr. Garcia, these monies shall not become an asset of the Debtor's Estate, shall not accrue to the benefit of the Trustee, shall not be paid for the benefit of the Trustee, shall not be paid to the Debtor's Estate, shall not be available for distribution by the Bankruptcy Court or Trustee (except for distribution to Mr. Garcia), and shall be solely regarded as a sum paid by the Debtor's Estate as partial satisfaction of Mr. Garcia's claims and in consideration of the release by Mr. Garcia of any claims he may so hold directly against the Settling Defendants. Should it be necessary for the SCUOA to collect the bond amount for the benefit of Mr. Garcia, these monies shall not become an asset of the SCUOA, nor should it be considered satisfaction of the SCUOA's claims against the Debtor's estate. Instead, should it be necessary for either the Trustee or the SCUOA to collect the bond amount for the benefit of Mr. Garcia, the parties agree the Trustee and/or the SCUOA function as simple intermediaries and distribute the funds to Mr. Garcia within five (5) days of receiving the monies from the Bond Account.

9.      **Nature of Garcia Settlement Sum**. For the avoidance of doubt, any amounts apportioned in the Agreement to Mr. Garcia, including the Garcia Settlement Sum shall not become an asset of the Debtor's Estate, shall not accrue to the benefit of the Trustee, shall not be paid to the Trustee, shall not be paid to the Debtor's Estate, shall not be available for distribution by the Bankruptcy Court or the Trustee, and shall be solely regarded as a sum paid by the Rubin/Auger Parties in consideration of the release by Mr. Garcia of any claims he may so hold

DRAFT – For Discussion
10/31/2023  3:31 pm

directly against the Settling Defendants, including any claims stemming from orders concerning
discovery sanctions.

10.    **Nature of Insurance Policy Payments**. For the avoidance of doubt, each of the
Insurance Companies with an alleged obligation pursuant to the Insurance Policies is making
payments to Mr. Garcia and/or SCUOA, consistent with this Agreement, so as to avoid any duty
to defend any claim litigation, any duty to indemnify relating to any claim or litigation, and any
duty to suffer the perils thereof and to settle any and all actual or alleged claims of Mr. Garcia and
SCUOA against the Debtor, with said payments being made directly by the insurers to Mr. Garcia
and/or SCUOA and with said sums not accruing to the benefit of the Trustee, not being paid to the
Trustee, not being paid to the Debtor's Estate, not being available for distribution by the
Bankruptcy Court or the Trustee, and being solely regarded as a sum paid by those third-party
Insurance Companies in consideration of the releases of liability contained in this Agreement and
the cessation of all litigation accomplished through the provisions of this Agreement.


11.    **Manner of Payment**. The Rubin/Auger Parties shall make the payment called for
in Sections  4 and 7 hereof either by (i) check, drawn from the trust account(s) of any lawyer(s)
who represents one or more of the Rubin/Auger Parties; or (ii) wire transfer, from the trust
account(s) of any lawyer(s) who represents one or more of the Rubin/Auger Parties.

12.    **Claims for Non-Payment**. All parties shall bear their own attorneys' fees and costs
incurred in the drafting of this Agreement.  Any claims brought under this Agreement for non-
payment shall also include claims for any legal fees associated with the recovery of those funds.
In the event any Party files a claim to enforce any term of this Agreement, the prevailing party

DRAFT – For Discussion
10/31/2023  3:31 pm

shall be entitled to all attorneys' fees, costs, and interest at the rate of Ten Percent (10%) from the

date such payment was due until satisfied.

13. **Mutual Release Amongst Construction Defect Defendants.** The Debtor, the

Debtor's Estate, Potomac Construction Group LLC, and SCUOA, on behalf of their respective

selves, directors, shareholders, members, officers, attorneys, agents, successors, subsidiaries,

parents, affiliates, insurers, heirs and assigns, do hereby settle, release, waive, remise and discharge

each other and the Insurance Companies from all causes of action, claims, rights, or demands,

whatsoever, whether sounding in law or equity, whether known or unknown, whether direct or

derivative, which any of them have or ever had against each other or the Insurance Companies,

since the beginning of time through the Effective Date. For the avoidance of doubt, this release

shall be construed in the broadest terms permitted by controlling law, and shall be inclusive of all

claims, causes, and actions brought in any or all of the litigation mentioned in this Agreement, as

well as any claims, causes and actions – known or unknown – that could have been brought,

including but not limited to cross-claims, third-party claims, claims for defense and/or

indemnification, and/or claims for additional insured coverage. Notwithstanding the foregoing,

nothing herein shall waive or release rights and obligations of Debtor, Potomac Construction

Group LLC, SCUOA, and/or the Insurance Companies under this Agreement.


14. **Release of Settling Defendants and Related Parties**. Mr. Garcia, SCUOA,  the

Debtor, the Trustee and the Debtor's Estate,  their respective selves, directors, shareholders,

members, officers, attorneys, agents, successors, abandonees, subsidiaries, parents, affiliates,

creditors, heirs and assigns, do hereby settle, release, waive, remise and discharge each and every

of the Defendant and Insurer Released Parties (hereinafter defined as the Settling Defendants

DRAFT – For Discussion
10/31/2023  3:31 pm

collectively with the Insurance Companies, Christos Economakis, Andrew Economakis, and

Liliana Economakis and Long & Foster Real Estate, Inc. d/b/a Urban Pace), from any and all

causes of action, claims, rights, or demands, whatsoever, whether sounding in law or equity,

whether known or unknown, whether direct or derivative, which any of Mr. Garcia, SCUOA, the

Debtor, the Debtor's Estate and/or Trustee have or ever had against any or all of the Defendant

and Insurer Released Parties, since the beginning of time through the Effective Date. For the

avoidance of doubt, this release shall be construed in the broadest terms permitted by controlling

law, and shall be inclusive of all claims, causes, and actions brought in the First Adversary

Proceeding, the Second Adversary Proceeding, the Third Adversary Proceeding, the DJ Adversary

Proceeding, and the Bankruptcy Proceeding, as well as any claims, causes and actions – known or

unknown – that could be brought by Mr. Garcia, SCUOA, the Debtor, the Debtor's Estate and/or

the Trustee against any one or more of the Defendant and Insurer Released Parties. This release

includes all claims, causes and actions that could be brought derivatively through any third-party,

whether natural or legal, under any law, doctrine, ordinance, or other theory. This release shall

equally apply to any claims, causes or actions acquired by Mr. Garcia, the Debtor's Estate and/or

the Trustee – or any agent of Mr. Garcia, the Debtor's Estate and/or the Trustee – from any third-

party, whether acquired before or after the Effective Date, and any such acquisition shall have the

legal effect of extinguishing such claim(s), cause(s), and/or action(s).    Notwithstanding the

foregoing, nothing herein shall waive or release rights and obligations of the Settling Defendants

under this Agreement.

15.    **Release of Mr. Garcia and SCUOA**.  Mr. Garcia and SCUOA, on behalf of their

respective selves, directors, shareholders, members, officers, attorneys, agents, successors,

abandonees, subsidiaries, parents, affiliates, creditors, heirs and assigns, do hereby settle, release,

DRAFT – For Discussion
10/31/2023  3:31 pm

waive, remise and discharge each other (the "Property Owner Released Parties"), from all causes

of action, claims, rights, or demands, whatsoever, whether sounding in law or equity, whether

known or unknown, whether direct or derivative, which either of Mr. Garcia and/or SCUOA have

or ever had against the other, since the beginning of time through the Effective Date. For the

avoidance of doubt, this release shall be construed in the broadest terms permitted by controlling

law, and shall be inclusive of all claims, causes, and actions brought in the First Adversary

Proceeding, the Second Adversary Proceeding, the Third Adversary Proceeding, any pending state

or municipal court proceeding, and the Bankruptcy Proceeding, as well as any claims, causes and

actions – known or unknown – that could be brought by Mr. Garcia and/or the SCUOA against the

other. Notwithstanding the foregoing, nothing herein shall waive or release rights and obligations

of Mr. Garcia and SCUOA, together with SCUOA's insurer(s), under this Agreement or any other

pre-existing Agreement(s) Mr. Garcia and SCUOA may have amongst and / or between

themselves relating to the claims at issue.

16.     **<u>Release of Settling Defendants and Mr. Garcia</u>**. Each and every one of the

Settling Defendants, on behalf of their respective selves, directors, shareholders, members,

officers, attorneys, agents, successors, abandonees, subsidiaries, parents, affiliates, creditors, heirs

and assigns, do hereby settle, release, waive, remise and discharge Mr. Garcia and SCUOA from

all causes of action, claims, rights, or demands, whatsoever, whether sounding in law or equity,

whether known or unknown, whether direct or derivative, which any of the Settling Defendants

have or ever had against any or both of Mr. Garcia and SCUOA, since the beginning of time

through the Effective Date. For the avoidance of doubt, this release shall be construed in the

broadest terms permitted by controlling law, and shall be inclusive of all claims, causes, and

actions brought in the First Adversary Proceeding, the Second Adversary Proceeding, the Third

DRAFT – For Discussion
10/31/2023  3:31 pm

Adversary Proceeding, the DJ Adversary Proceeding, and the Bankruptcy Proceeding, as well as

any claims, causes and actions – known or unknown – that could be brought by any of the Settling

Defendants against Mr. Garcia and/or SCUOA. This release includes all claims, causes and actions

that could be brought derivatively through any third-party, whether natural or legal, under any law,

doctrine, ordinance, or other theory. This release shall equally apply to any claims, causes or

actions acquired from any third-party, whether acquired before or after the Effective Date, and any

such acquisition shall have the legal effect of extinguishing such claim(s), cause(s), and/or

action(s).    Notwithstanding the foregoing, nothing herein shall waive or release rights and

obligations of Mr. Garcia and/or SCUOA under this Agreement.

**17.    Release of Trustee, the Debtor, the Debtor's Estate, and the Insurance
Companies.** The Rubin/Auger Parties, on behalf of their respective selves, directors, shareholders,

members, officers, attorneys, agents, successors, subsidiaries, parents, affiliates, heirs and assigns,

do hereby settle, release, waive, remise and discharge the Trustee and the Debtor and the Debtor's

Estate and the Insurance Companies from all causes of action, claims, rights, or demands,

whatsoever, whether sounding in law or equity, whether known or unknown, whether direct or

derivative, which any the of the Rubin/Auger Parties have or ever had against the Trustee or the

Debtor or Debtor's Estate or the Insurance Companies, since the beginning of time through the

Effective Date. For the avoidance of doubt, this release shall be construed in the broadest terms

permitted by controlling law, and shall be inclusive of all claims, causes, and actions brought in

the DJ Adversary Proceeding, and the Bankruptcy Proceeding, as well as any claims, causes and

actions – known or unknown – that could be brought by the Rubin/Auger Parties against the

Trustee and/or Debtor's Estate. This release shall include a release of any proofs of claim or

requests for any administrative expense filed by the Rubin/Auger Parties or any of them in the

DRAFT – For Discussion
10/31/2023  3:31 pm

Bankruptcy Proceeding. Notwithstanding the foregoing, nothing herein shall waive or release rights and obligations of the Trustee and Debtor's Estate under this Agreement and shall not constitute a waiver or release of the Rubin/Auger Parties' or any of their respective direct or indirect equity interests in the Debtor.

18.    **Dismissal of First, Second, Third and DJ Adversary Proceedings & Related Proceedings**.  Within five (5) days of the last of the payment of the Bond Account Amount, Escrow Account Amount, Insurance Amount, and Rubin/Auger Payment to Mr. Garcia or Mr. Garcia's exercise of his option provided in Section 5(b) above, the Rubin/Auger Parties, Mr. Garcia, and the Trustee shall undertake best efforts to file, in the First Adversary Proceeding, the Second Adversary Proceeding, the Third Adversary Proceeding and the DJ Adversary Proceeding, motions to have each such proceeding dismissed, with prejudice, against all Parties.   To the extent that any document needs to be filed with the Superior Court for the District of Columbia, the District of Columbia Court of Appeals, and/or the Circuit Court of Fairfax County to dismiss with prejudice any actions currently stayed there in whole or in part, Mr. Garcia shall undertake best efforts to have such proceedings dismissed with prejudice against all Parties.

19.    **Retention of Jurisdiction.** The Parties agree, except as otherwise set forth above, that the Bankruptcy Court shall retain jurisdiction to adjudicate any disputes concerning this Agreement or concerning any subject matter arising from or otherwise related to this Agreement. Said jurisdiction shall be retained even after closure of the Bankruptcy Proceeding, and without regard to the ultimate disposition of the Bankruptcy Proceeding. If any dispute arising under, related to, or impacting the subject matter of this Agreement is brought or continued in any other tribunal, the Parties agree the same shall be properly removed to the Bankruptcy Court, pursuant to the allowances of Section 1452 of Title 28 of the United States Code. If any dispute arising

DRAFT – For Discussion
10/31/2023  3:31 pm

under, related to, or impacting the subject matter of this Agreement is brought or continued in any

tribunal outside the District of Columbia, the Parties agree such dispute shall be removed to the

United States District Court for the judicial district where such civil action is pending and the

Parties shall thereafter stipulate to the transfer of said dispute to the United States Bankruptcy

Court for the District of Columbia. To the greatest extent permitted by controlling law, the Parties

agree to not contest such removal. The Parties do each irrevocably consent to the personal

jurisdiction of the Bankruptcy Court with respect to the enforcement of or any disputes regarding

this Agreement, and consent to final orders and judgments by the Bankruptcy Court.

20.    **Further Assurances.** The Parties shall execute such further and additional

documents as may be necessary to effectuate the terms of this Agreement.

21.    **No Admission of Liability.** Neither the Settling Defendants nor the Trustee enter

into this Agreement for purposes of admitting any liability and, to the contrary, this Agreement is

entered into solely out of a desire to resolve the First Adversary Proceeding, the Second Adversary

Proceeding, the Third Adversary Proceeding, the DJ Adversary Proceeding, and related matters

without incurring further efforts and expenses associated with said litigation.

22.    **Terminology.** When the masculine gender is used herein, it shall also mean the

feminine gender, where appropriate, and the plural shall mean the singular, and vice-versa, where

appropriate. The words "and" and "or" shall be construed as meaning "and/or" except where

contextually inappropriate.

23.    **Entire Understanding.** This Agreement contains the entire understanding between

the Parties.  No modification or waiver of any of the terms of this Agreement shall be valid unless

made in writing and signed by the Parties in a manner no less formal than that with which this

Agreement is executed.

DRAFT – For Discussion
10/31/2023  3:31 pm

24.     **Savings Clause.** If any provision of this Agreement is held to be invalid or unenforceable, all other provisions shall nevertheless continue in full force and effect.

25.     **No Waiver**. Any waiver or breach or default of this Agreement shall not be deemed a waiver of any subsequent breach or default.  If any Party fails in due performance of any of his or her obligations hereunder, the aggrieved Party shall have the right to sue for damages for the breach thereof, or to seek other legal remedies as may be available to him or her.

26.     **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed to be an original instrument but all of which together shall constitute one agreement.  Signature pages transmitted via facsimile or by email in Portable Document Format (PDF) shall be deemed original signatures for all purposes. This Agreement may be executed in duplicate and the duplicate shall have the same force and effect as if it were the original copy. This Agreement may be executed by electronic means if done through a reputable third party purveyor of electronic signatures, with DocuSign and Adobe expressly being such reputable third party purveyors.

27.     **Governing Law.** This Agreement shall be governed by and interpreted in accordance with the laws of the District of Columbia, except as otherwise set forth above.

28.     **Headings.** The headings used in this Agreement are for ease of reference only and shall not be deemed a substantive portion of this Agreement.

29.     **Construction.** This Agreement shall be construed without regard to any presumption or other rule of law requiring construction against the party who caused it to be drafted.

30.     **Judicial Approval.** This Agreement shall not become effective unless and until approved by the Bankruptcy Court, pursuant to a final, non-appealable order; should such approval

DRAFT – For Discussion
10/31/2023  3:31 pm

be denied with prejudice, this Agreement shall be regarded as void ab initio.  In the event that the

Agreement is not so approved, the deadline for the Trustee to commence any cause of action

against the Settling Defendants shall be tolled for the period beginning the date this Agreement is

executed through and including the day such approval was denied (the "Tolling Period").  Any

statute of limitations or repose shall be deemed extended to the extent of the Tolling Period.  The

provisions of this paragraph regarding tolling shall be effective immediately and without court

approval.

      31.    **Recitals.** The above recitals form an integral and substantive part of this Agreement

and are incorporated herein by reference.

      **32.**    **Privileged Documents.**  Upon, but not until, the approval of the Trustee's Final

Report, the Trustee shall return all copies, whether electronic or tangible, of the Privileged

Documents to the Law Offices of Mark Crawford, PLLC.

      **33.**    **No Statements.** The Settling Defendants shall not make any written or oral

statements whatsoever, whether directly or indirectly, about Mr. Garcia, SCUOA, and/or the

Property located at 819 D Street NE, Washington, DC (or any individual units) to any third-party

except: (a) where mutually agreed to in writing by the Parties; (b) where disclosure is made while

testifying under oath during a court proceeding or is compelled pursuant to a subpoena, Notice of

Deposition, or order of a court of competent jurisdiction; (c) in a legal proceeding to enforce the

terms of this Agreement; (d) to medical providers and/ or mental health professionals for treatment

purposes or (e) any information required during the leasing, transferring, or selling of Unit 34

located at 819D Street NE, Washington, DC.  Mr. Garcia shall not make any written or oral

statements whatsoever, whether directly or indirectly, about any or each of the Settling Defendants

and/or SCUOA to any third-party except: (a) where mutually agreed to in writing by the Parties;

DRAFT – For Discussion
10/31/2023  3:31 pm

(b) where disclosure is made while testifying under oath during a court proceeding or is compelled

pursuant to a subpoena, Notice of Deposition, or order of a court of competent jurisdiction; (c) in

a legal proceeding to enforce the terms of this Agreement; or (d) to medical providers and/ or

mental health professionals for treatment purposes. SCUOA shall not make any written or oral

statements whatsoever, whether directly or indirectly, about any or each of the Settling Defendants

and/or Mr. Garcia to any third-party except: (a) where mutually agreed to in writing by the Parties;

(b) where disclosure is made while testifying under oath during a court proceeding or is compelled

pursuant to a subpoena, Notice of Deposition, or order of a court of competent jurisdiction; (c) in

a legal proceeding to enforce the terms of this Agreement; or (d) to medical providers and/ or

mental health professionals for treatment purposes.

     **34.**    **Time is of the Essence.**  Time is of the essence in each Party's performance of all

obligations under this Agreement.

     **35.**    **Transfer or Sale of Unit 34.** Nothing in this Agreement shall prevent Mr. Garcia

from leasing, transferring, or selling Unit 34 of the property located at 819 D Street NE,

Washington, DC. Nor will the leasing, transferring, or selling of Unit 34 prevent the collection of

the funds detailed in this Agreement by Mr. Garcia, nor dispense the duties of the Settling

Defendants and Trustee.

     36.    **Declarations.** The undersigned declare that the undersigned are at least 18 years of

age, that the undersigned have carefully read this Agreement and understand the content and

meaning thereof, that the undersigned have authority to execute this Agreement, that the

undersigned signs the same as the undersigned's own free act, and that none of the parties to this

Agreement have sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand,

obligation or cause of action referred to in this Agreement. The undersigned do hereby declare that

DRAFT – For Discussion
10/31/2023  3:31 pm

they were not induced by representations, if any, regarding the nature and extent of legal liability

or financial responsibility of any Party.

37.     **Successors and Assigns.** This Agreement shall bind the Parties and their

successors and assigns, and the benefits hereof shall inure to the benefit of the Parties and their

successors and assigns.

38.     **Negotiated Agreement.** This Agreement has been negotiated. None of the Parties

shall be considered to have been the drafter or have the Agreement construed against them as the

drafter to resolve any ambiguity claimed to exist in the Agreement.


**[CONTINUED ON FOLLOWING PAGE]**

DRAFT – For Discussion
10/31/2023  3:31 pm

IN WITNESS WHEREOF, and being fully advised by their attorneys in the premises, the Parties hereto have hereunder subscribed their names and seals to this Agreement.

THE RUBIN GROUP LLC

_____          _____
Date                                             By:
                                                    Its: Authorized Agent


819 CAPITAL LLC

_____          _____
Date                                             By:
                                                    Its: Authorized Agent


K STREET HOLDINGS LLC

_____          _____
Date                                             By:
                                                    Its: Authorized Agent


TR HOLDINGS LLC

_____          _____
Date                                             By:
                                                    Its: Authorized Agent


2233-40TH PARTNERS LLC

_____          _____
Date                                             By:
                                                    Its: Authorized Agent

DRAFT – For Discussion
10/31/2023  3:31 pm

SOUTH GLEBE LLC

_____            _____
Date                                                By:
                                                         Its: Authorized Agent


WOODMORE PARTNERS LLC

_____            _____
Date                                                By:
                                                         Its: Authorized Agent


TRG DEVELOPMENT LLC

_____            _____
Date                                                By:
                                                         Its: Authorized Agent


638 NEWTON PARTNERS LLC

_____            _____
Date                                                By:
                                                         Its: Authorized Agent


CANAL VIEW HOLDINGS LLC

_____            _____
Date                                                By:
                                                         Its: Authorized Agent


_____            _____
Date                                                Andrew Rubin


_____            _____
Date                                                Michelle A. Tygier

DRAFT – For Discussion
10/31/2023  3:31 pm

_____          _____
Date                             Robert Rubin


_____          _____
Date                             Gregory Auger, II


_____          _____
Date                             Gregory Auger, III


                                 REGUA, LLC


_____          _____
Date                             By: Gregory U. Auger, III
                                 Its: Authorized Agent


_____          _____
Date                             Thomas D. Madison


_____          _____
Date                             Jeffrey Houle


                                 SANCTUARY CONDOMINIUM OWNERS ASSOCIATION


_____          _____
Date                             By:
                                 Its: Authorized Agent


_____          _____
Date                             Karl Garcia


_____          _____
Date                             Wendell Webster
                                 *In His Capacity as Trustee of the Chapter*

DRAFT – For Discussion
10/31/2023  3:31 pm

*7 Estate of 819D LLC*

_____          _____
Date                             By:
                                 Its: Authorized Agent


POTOMAC CONSTRUCTION GROUP, LLC

DRAFT – For Discussion
10/31/2023  3:31 pm

# Exhibit A
# (Joint Stipulation of Dismissal with Prejudice in DJ Adversary)

DRAFT – For Discussion
10/31/2023  3:31 pm

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the Plaintiffs*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 22-101-ELG |
| | ) | |
| 819D LLC | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| | ) | |
| Andrew Rubin, et a. | ) | |
| | ) | Adversary Case No. 23-10009-ELG |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Wendell Webster, in his official capacity | ) | |
| as chapter 7 trustee of the chapter 7 | ) | |
| estate of 819D LLC | ) | |
| | ) | |
| Defendant, | ) | |

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE**

Come now Wendell Webster, in his Official Capacity as Trustee of the Estate of 819D LLC

(the "Trustee"), Canal View Holdings LLC ("Canal View"), Andrew Rubin ("A. Rubin"),

Michelle Tygier ("Ms. Tygier"), TR Holdings LLC ("TR Holdings"), The Rubin Group LLC

("Rubin Group"), and Robert Rubin ("R. Rubin"), by and through respective undersigned counsel,

pursuant to Federal Rule of Bankruptcy Procedure 7041 and Federal Rule of Civil Procedure

41(a)(1)(A)(ii), and hereby stipulate to dismissal of the above-captioned proceeding, *with*

DRAFT – For Discussion
10/31/2023  3:31 pm

*prejudice*, each side to bear its own fees and costs.

Respectfully submitted,

Dated:                               By: _____
                                         Maurice B. VerStandig, Esq.
                                         Bar No. MD18071
                                         The VerStandig Law Firm, LLC
                                         1452 W. Horizon Ridge Pkwy, #665
                                         Henderson, Nevada 89012
                                         Phone: (301) 444-4600
                                         Facsimile: (301) 444-4600
                                         mac@mbvesq.com
                                         *Counsel for the Plaintiffs*

                                     By: _____
                                         Justin P. Fasano, Esq.
                                         Bar No. MD21201
                                         McNamee Hosea, P.A.
                                         6404 Ivy Lane, Ste 820
                                         Greenbelt, MD 22070
                                         Phone: (301) 441-2420
                                         Facsimile: (301) 982-9450
                                         jfasano@mhlawyers.com
                                         *Counsel for the Defendant*

                                     By: _____
                                         Christopher Rogan, Esq.
                                         Bar No. 431849
                                         Rogan Miller Zimmerman, PLLC
                                         50 Catoctin Circle, NE
                                         Suite 300
                                         Leesburg, VA 20176
                                         Telephone: (703) 777-8850
                                         crogan@rmzlawfirm.com
                                         *Counsel for the Intervenors*

DRAFT – For Discussion
10/31/2023  3:31 pm

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this _____ day of _____, 2023, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein.

_____
Maurice B. VerStandig

#5771864v2 084602/000002