**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **819D, LLC,** | )    **22-00101-ELG** |
| | )    **CHAPTER 7** |
| DEBTOR. | ) |

## MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE

COMES NOW Wendell W. Webster, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of 819D, LLC ("Debtor"), by and through counsel, McNamee Hosea, P.A., and pursuant to 11 U.S.C. § 542(a), submits this *Motion for Turnover of Property of the Estate* ("Motion").  In support of the Motion, the Trustee respectfully represents the following:

1.      This case commenced on June 19, 2022, when the Debtor filed a voluntary chapter 11 petition.  The Debtor converted to Chapter 7 on October 12, 2022.

2.      Bryan S. Ross was the duly appointed chapter 7 trustee.  Mr. Ross resigned as trustee on June 23, 2023, and the Trustee was appointed as successor chapter 7 trustee that same day.

3.      The Debtor has an account at EagleBank ending in 4854 (the "Account") holding $376,122.47 as of September 30, 2023 (all such funds, and any interest that hereinafter accrues thereon prior to turnover are hereinafter referred to as the "Funds").

_____
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

4.     The Funds serve as collateral for a bond (the "Bond") established to pay potential claims of purchasers of condominium units sold by the Debtor.  Such purchasers must assert claims against the Bond within two years of the purchase of their condominium unit.  The Debtor sold its last condominium unit in 2017.

5.     The only timely claimant against the Bond was Karl Garcia.

6.     The Trustee, on behalf of the bankruptcy estate of the Debtor, has reached a settlement in principle with Mr. Garcia, which requires the Trustee to pay the Funds securing the Bond to Mr. Garcia.

7.     The Funds are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541 and are not of inconsequential value.

8.     Pursuant to 11 U.S.C. §542 (a), an entity in possession, custody or control of property that the trustee may use, sell, or lease, shall deliver to the Trustee and account for such property or the value of such property.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

a.   Granting the Motion in its entirety;

b.   Requiring EagleBank to turn the Funds over to the Trustee; and

c.   Granting such other and further relief as is just and proper.

Dated:  January 3, 2024                                    Respectfully submitted,

                                                          /s/      Justin P. Fasano
                                                          Janet M. Nesse (D.C. Bar 358514)
                                                          Justin P. Fasano (DC Bar MD21201)
                                                          McNamee Hosea, P.A.
                                                          6404 Ivy Lane, Suite 820
                                                          Greenbelt, MD  20770
                                                          (301) 441-2420
                                                          jfasano@mhlawyers.com
                                                          *Counsel for the Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 3, 2024, a copy of the foregoing Motion for Turnover of Property of the Estate was served via first class mail, postage prepaid (and, where indicated, certified mail), upon the following.

Office of the U.S. Trustee
1725 Duke Street
Alexandria, VA 22314

EagleBank
Attn: Susan Riel,Chairman, President and CEO
7830 Old Georgetown Road, 3rd Floor
Bethesda, MD 20814.
(served via first class mail, postage prepaid and certified mail)

/s/ Justin P. Fasano
Justin P. Fasano